UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANTHONY TELLIS and BRUCE | * | CIVIL ACTION NO.: |
| CHARLES, on behalf of themselves | * | 3:18-CV-00161-SDD-RLB |
| and all other similarly situated prisoners | * | |
| at David Wade Correctional Center, | * | |
| | * | |
| PLAINTIFFS, | * | |
| | * | SECTION _____ |
| VS. | * | |
| | * | |
| JAMES M. LEBLANC, SECRETARY OF | * | JUDGE SHELLY D. DICK |
| THE LOUISIANA DEPARTMENT OF | * | |
| PUBLIC SAFETY AND CORRECTIONS; | * | |
| JERRY GOODWIN, WARDEN OF | * | USMJ RICHARD BOURGEOIS, |
| DAVID WADE CORRECTIONAL | * | JR. |
| CENTER; COL. LONNIE NAIL; | * | |
| DOCTOR GREGORY SEAL; ASSISTANT | * | |
| WARDEN DEBORAH DAUZAT; | * | |
| STEVE HAYDEN; AERIAL ROBINSON; | * | |
| JOHNIE ADKINS; and THE LOUISIANA | * | CLASS ACTION |
| DEPARTMENT OF PUBLIC SAFETY | * | |
| AND CORRECTIONS, | * | |
| | * | |
| DEFENDANTS. | * | |

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' OPPOSITION TO
THE MOTION FOR A TEMPORARY RESTRAINING ORDER**

INTRODOCUTION

Plaintiffs file this response to address two issues that were not raised during

the Status Conference or in Plaintiffs' brief: body cameras and the injunction bond.

Plaintiffs continue to suffer prejudice from the Defendants' failure to

preserve video evidence from the wall-mounted cameras on the tier hallways,

regardless of Defendants' use of body cameras during planned uses of force.

Plaintiffs should not be required to post a bond to cover the minimal costs of compliance.  Plaintiffs only seek emergency relief requiring Defendants' to begin storing video again.  If the injunction is granted, Plaintiffs' proposal for a reasonable data storage plan avoids any significant burden on Defendants.

**I.      Actual Prejudice Continues to Accrue from Defendants' Spoliation of Evidence.**

On March 2, 2018, Plaintiffs learned that Tyler Blanchard, a witness who provided important facts and appears in the complaint by name, was sprayed with chemical restraints in his cell for "yelling."  As a result of the decision to unplug the hard drives, Defendants failed to preserve important footage of the incident from wall-mounted cameras on the tier hallway.  The incident is also an example of why body cameras are not a replacement for the wall-mounted cameras.

At approximately 10:45PM on February 21, 2018, the day after the complaint in this lawsuit was filed, two guards initiated a verbal altercation with Tyler Blanchard. He did not immediately comply with orders to quiet down and received a write-up for disobedience.  Exhibit A at p. 3.

On February 22, 2018, at approximately 6:16PM, Major Bruce Young sprayed Mr. Blanchard with chemical restraints.  Maj. Young's narrative in the Rule Violation Report states:

> On the above date and approximate time, I, Major Bruce Young, gave offender Tyler Blanchard, #586151, several direct verbal orders to cease his actions of yelling and causing a disturbance on the tier.  Blanchard failed to comply.  Offender Blanchard only complied when chemical agents were used.

Exhibit A at p. 4.  The report indicates that the incident occurred in Mr. Blanchard's cell. The report makes no mention of any physical aggression toward staff or prison

property.  The use of pepper spray on a prisoner for non-violent, non-threatening conduct is consistent with Plaintiffs' allegation of Eighth Amendment violations at DWCC.

The video Plaintiffs' seek to preserve would have shown the officers using the spray as well as critical context for the officer's conduct in spraying chemical restraints into a closed cell from the hallway.  Unlike a body camera, the hallway cameras would show the presence of other officers throughout the two days after the suit was filed, their behavior during the first write-up and any other verbal altercations with Mr. Blanchard.  Departmental policy only requires staff to activate cameras during the use of force itself or if the prisoner is intoxicated. Exhibit C. All other use of cameras is prohibited.  Exhibit C.

Counsel intends to return to DWCC to collect affidavits from Mr. Blanchard and other witnesses who can provide first-hand accounts of the above-described actions and other interactions in the time shortly after the suit was filed that support the inference that these events were retaliatory.  Body cameras would not have captured these interactions.

The video created by wall-mounted cameras would authoritatively answer the question of whether the officers selectively activated and deactivated their body cameras while on the tier.  That footage would also show the body language and conduct of officers behind the body cameras.  This evidence would be critical for proving or disproving the narrative of this event provided by Mr. Blanchard and other witnesses on the tier.

## II.     Plaintiffs Should Not be Required to Post a Bond

Plaintiffs' motion for a temporary restraining order only asks that the Defendants return to the status quo and reactivate the data storage on their already existing video systems.  Once the data preservation practices return to the status quo, each party will have to take reasonable efforts to preserve data under Fed. R. Civ. P. 37(e).  Should this Court grant the emergency relief, doing so would not trigger any significant burdens on the Defendants.

Plaintiffs submit to this Court a proposed plan in order to show that reasonable steps to preserve data are not onerous.  Exhibit B.  Under this plan, Defendants have minimal obligations to plug in hard drives, press a single button to set them to record, and switch the drives approximately monthly. This plan was crafted to minimize burdens on Defendants' current staff and allow Defendants to continue to use their video system's current hardware, software, and non-networked configuration. Plaintiffs assume most of the burden of preserving the data under this proposal.

Warden Goodwin's declaration points to extravagant expenses involved in creating a second repository where they will preserve all video for the entire pendency of this litigation.  Such steps are not requested by the Plaintiffs and overstate the requirements of Fed. R. Civ. P. 37(e).  Plaintiffs have demonstrated willingness to work with Defendants to establish reasonable data retention periods, responsible procedures flagging incidents for preservation, and efficient protocols for transferring data.

CONCLUSION

Plaintiffs continue to suffer prejudice from Defendants' failure to preserve video evidence of the tiers.

The emergency relief requested by Plaintiffs only seeks to restore the data storage practices at DWCC to the status quo.  Neither that relief nor the reasonable steps to preserve data would place any significant financial burden on Defendants

Respectfully submitted this 6th day of March 2018,

> */s/ Jonathan C. Trunnell*
> Jonathan C. Trunnell, La. Bar No. 36956, T.A.
> Sarah H. Voigt, La. Bar No. 18483
> Melanie Bray, La. Bar No. 37049
> Ronald K. Lospennato, La. Bar No. 32191
> Advocacy Center
> 8325 Oak Street
> New Orleans, LA 70118
> 504-708-1460
> 504-507-1956 (fax)
> jtrunnell@advocacyla.org
>
> */s/ Katie M. Schwartzmann*
> Katie M. Schwartzmann, La. Bar No. 30295
> Roderick & Solange MacArthur Justice Center
> 4400 S. Carrollton Avenue
> New Orleans, La 70119
> p. (504) 620-2259
> katie.schwartzmann@macarthurjustice.org

CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of March, 2018, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send a notice of filing to all counsel of record.

> */s/ Jonathan C. Trunnell*
> Jonathan C. Trunnell, La. Bar No. 36956, T.A.

5