UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANTHONY TELLIS and BRUCE CHARLES, on behalf of themselves and all other similarly situated prisoners at David Wade Correctional Center, | * * * * | |
| | * | CIVIL ACTION NO. 3:18-cv-00161 |
| VS. | * * | |
| JAMES M. LEBLANC, SECRETARY OF THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; JERRY GOODWIN, WARDEN OF DAVID WADE CORRECTIONAL CENTER, COL. LONNIE NAIL; DOCTOR GREGORY SEAL; ASSISTANT WARDEN DEBORAH DAUZAT; STEVE HAYDEN; AERIAL ROBINSON; JOHNIE ADKINS; and THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS | * * * * * * * * * * * | JUDGE SHELLY D. DICK<br><br>MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |

*************************************************************

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, come the Louisiana Department of Public Safety and Corrections; James M. Leblanc, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections; Jerry Goodwin, in his official capacity as Warden of David Wade Correctional Center; Deborah Dauzat, in her official capacity as Assistant Warden of David Wade Correctional Center; and Lonnie Nail, Dr. Gregory Seal, Steve Hayden, Aerial Robinson and Johnie Adkins (all in their official capacities as employees of the David Wade Correctional Center), who have been named as defendants in the above captioned civil action (collectively "State Defendants"), appearing herein for the purpose of answering the Complaint (the "Complaint") filed by Anthony Tellis and Bruce Charles ("Plaintiffs"), and for Answer to said Complaint, the State Defendants deny each and every allegation contained therein, except those, if any, which are specifically admitted hereinbelow.

1

1.

For answer to Paragraph 1 of the Complaint, State Defendants admit that there is no television or radio in the extended lockdown areas of David Wade Correctional Center ("DWCC"). State Defendants further admit that prisoners on extended lockdown are allowed to place one phone call per month. State Defendants deny all remaining allegations of Paragraph 1 of the Complaint.

2.

For answer to Paragraph 2 of the Complaint, State Defendants admit that some prisoners at DWCC have occasionally engaged in self harm but submit that the allegations of Paragraph 2 are vague in that they do not identify any specific prisoners. State Defendants deny all remaining allegations of Paragraph 2 of the Complaint.

3.

State Defendants deny the allegations of Paragraph 3 of the Complaint.

4.

State Defendants deny the allegations of Paragraph 4 of the Complaint.

5.

State Defendants deny the allegations of Paragraph 5 of the Complaint.

6.

State Defendants deny the allegations of Paragraph 6 of the Complaint.

7.

For answer to Paragraph 7 of the Complaint, State Defendants show that this paragraph contains legal conclusions to which no answer is required. If an answer is required, State Defendants deny the allegations of Paragraph 7 of the Complaint.

8.

For answer to Paragraph 8 of the Complaint, State Defendants show that this paragraph contains legal conclusions to which no answer is required.  If an answer is required, State Defendants deny the allegations of Paragraph 8 of the Complaint.

9.

For answer to Paragraph 9 of the Complaint, State Defendants admit that James Leblanc is the Secretary of the Louisiana Department of Public Safety and Corrections ("DOC") and that he has many duties and responsibilities in that capacity.  State Defendants deny all remaining allegations of Paragraph 9 of the Complaint.

10.

For answer to Paragraph 10 of the Complaint, State Defendants admit that Jerry Goodwin is the Warden of DWCC and that he has many duties and responsibilities in that capacity.  State Defendants deny all remaining allegations of Paragraph 10 of the Complaint.

11.

For answer to Paragraph 11 of the Complaint, State Defendants admit that Lonnie Nail is a Colonel employed at DWCC and that he has many duties and responsibilities in that capacity. State Defendants deny all remaining allegations of Paragraph 11 of the Complaint.

12.

For answer to Paragraph 12 of the Complaint, State Defendants admit that Dr. Gregory Seal is a psychiatrist at DWCC.  State Defendants deny all remaining allegations of Paragraph 12 of the Complaint.

13.

For answer to Paragraph 13 of the Complaint, State Defendants admit that Deborah Dauzat is the Assistant Warden of DWCC and that she has many duties and responsibilities in that capacity.  State Defendants deny all remaining allegations of Paragraph 13 of the Complaint.

14.

For answer to Paragraph 14 of the Complaint, State Defendants admit that Steve Hayden is a Correction Program Manager 2 at DWCC and that he has a Master's Degree in Psychology. State Defendants deny all remaining allegations of Paragraph 14 of the Complaint.

15.

For answer to Paragraph 15 of the Complaint, State Defendants admit that Aerial Robinson is a Social Services Counselor 1 at DWCC.  State Defendants deny all remaining allegations of Paragraph 15 of the Complaint.

16.

For answer to Paragraph 16 of the Complaint, State Defendants deny that Johnie Atkins is a Social Services Counselor 1 at DWCC, and deny all remaining allegations of Paragraph 16 of the Complaint.

17.

For answer to Paragraph 17 of the Complaint, State Defendants admit that DOC is an agency of the State of Louisiana and is responsible for administering correctional facilities, including DWCC.  State Defendants deny all remaining allegations of Paragraph 17 of the Complaint.

18.

For answer to Paragraph 18 of the Complaint, State Defendants admit that Anthony Tellis is a prisoner at DWCC, that he came into DWCC custody in 2008, and that he has been in extended lockdown since February 2016 when he killed another prisoner while in general population. State Defendants deny the remaining allegations of Paragraph 18 of the Complaint.

19.

For answer to Paragraph 19 of the Complaint, State Defendants admit that Bruce Charles is a prisoner at DWCC, that he came into DWCC custody in 2016, and that he has been in extended lockdown since 2016 when he arrived as a disciplinary transfer from another institution. State Defendants deny the remaining allegations of Paragraph 19 of the Complaint.

20.

State Defendants deny the allegations of Paragraph 20 of the Complaint.

21.

State Defendants deny the allegations of Paragraph 21 of the Complaint.

22.

For answer to Paragraph 22 of the Complaint, State Defendants deny that building N5 is part of the South Compound, but admit the remaining allegations of Paragraph 22 of the Complaint.

23.

For answer to Paragraph 23 of the Complaint, State Defendants admit that buildings N1 – N4 are located in the South Compound and are extended lockdown tiers, but deny the remaining allegations of Paragraph 23 of the Complaint.

24.

State Defendants deny the allegations of Paragraph 24 of the Complaint as written and show that the allegations are nothing more than purported definitions of "extended lockdown" and "solitary confinement" that were created by Plaintiffs' counsel for purposes of the Complaint.

25.

State Defendants admit the allegations of Paragraph 25 of the Complaint, except to deny the accuracy of Plaintiffs' purported defined term "solitary confinement."

26.

State Defendants admit the allegations of Paragraph 26 of the Complaint.

27.

For answer to Paragraph 27 of the Complaint, State Defendants admit that the buildings do not have air conditioning, but deny the remaining allegations of Paragraph 27 of the Complaint.

28.

For answer to Paragraph 28 of the Complaint, State Defendants deny that all prisoners who are transferred are housed in lockdown for a period of time, but admit the remaining allegations of Paragraph 28 of the Complaint.

29.

State Defendants admit the allegations of Paragraph 29 of the Complaint with the exception of the vague allegation that "many people are on yard restriction for months or years on end" which is denied for lack of information sufficient to justify a belief therein.

30.

For answer to Paragraph 30 of the Complaint, State Defendants admit that prisoners on extended lockdown get one 10-minute phone call per month and that there is not a regularly scheduled time, but deny the remaining allegations of Paragraph 30 of the Complaint.

31.

State Defendants deny the allegations of Paragraph 31 of the Complaint.

32.

For answer to Paragraph 32 of the Complaint, State Defendants admit that prisoners on extended lockdown are allowed three books (in addition to religious books) and that there is no radio or television, but deny the remaining allegations of Paragraph 32 of the Complaint.

33.

For answer to Paragraph 33 of the Complaint, State Defendants admit that there are concrete walls dividing extended lockdown cells, but deny the remaining allegations of Paragraph 33 of the Complaint.

34.

State Defendants deny the allegations of Paragraph 34 of the Complaint.

35.

State Defendants deny the allegations of Paragraph 35 of the Complaint.

36.

State Defendants deny the allegations of Paragraph 36 of the Complaint.

37.

State Defendants deny the allegations of Paragraph 37 of the Complaint.

38.

State Defendants deny the allegations of Paragraph 38 of the Complaint and show that Policy 34 is a written document and the document itself serves as the best evidence of its contents.

39.

State Defendants deny the allegations of Paragraph 39 of the Complaint and show that Policy 34 is a written document and the document itself serves as the best evidence of its contents.

40.

For answer to Paragraph 40, State Defendants admit that prisoners subject to Policy 34 are not allowed a mattress outside of the hours of 9pm to 5am, but deny all remaining allegations of Paragraph 40 of the Complaint.

41.

State Defendants deny the allegations of Paragraph 41 of the Complaint.

42.

State Defendants admit the allegations of Paragraph 42 of the Complaint.

43.

State Defendants deny the allegations of Paragraph 43 of the Complaint and show that the prisoners' clothing and property may vary depending on the individual prisoner and the circumstances under which suicide watch is being used.

44.

For answer to Paragraph 44, State Defendants admit that restraints are used on prisoners on extreme suicide watch and admit that the three listed forms of restraints may be used

depending on the circumstances of each individual case.   State Defendants deny the remaining allegations of Paragraph 44 of the Complaint.

45.

State Defendants deny the allegations of Paragraph 45 of the Complaint.

46.

State Defendants deny the allegations of Paragraph 46 of the Complaint.

47.

State Defendants deny the allegations of Paragraph 47 of the Complaint.

48.

State Defendants deny the allegations of Paragraph 48 of the Complaint.

49.

State Defendants deny the allegations of Paragraph 49 of the Complaint.

50.

State Defendants deny the allegations of Paragraph 50 of the Complaint.

51.

State Defendants deny the allegations of Paragraph 51 of the Complaint.

52.

State Defendants deny the allegations of Paragraph 52 of the Complaint.

53.

State Defendants deny the allegations of Paragraph 53 of the Complaint.

54.

State Defendants deny the allegations of Paragraph 54 of the Complaint.

55.

State Defendants admit the allegations of Paragraph 55 of the Complaint.

56.

State Defendants admit the allegations of Paragraph 56 of the Complaint.

57.

For answer to Paragraph 57, State Defendants admit that DWCC staff perform mental health screenings, but deny all remaining allegations of Paragraph 57 of the Complaint.

58.

For answer to Paragraph 58, State Defendants admit that Steve Hayden performs mental health screenings, but deny the remaining allegations of Paragraph 58 of the Complaint as written.

59.

For answer to Paragraph 59, State Defendants deny that prisoners with serious mental illnesses are "routinely" placed on extended lockdown at DWCC.

60.

State Defendants deny the allegations of Paragraph 60 of the Complaint.

61.

State Defendants deny the allegations of Paragraph 61 of the Complaint.

62.

State Defendants deny the allegations of Paragraph 62 of the Complaint.

63.

State Defendants admit the allegations of Paragraph 63 of the Complaint.

64.

State Defendants deny the allegations of Paragraph 64 of the Complaint.

65.

State Defendants deny the allegations of Paragraph 65 of the Complaint.

66.

State Defendants deny the allegations of Paragraph 66 of the Complaint.

67.

State Defendants deny the allegations of Paragraph 67 of the Complaint.

68.

For answer to Paragraph 68 of the Complaint, State Defendants admit that policy requires one follow-up visit to be conducted one week after a prisoner is taken off of suicide watch, but deny the remaining allegations as written.

69.

State Defendants deny the allegations of Paragraph 69 of the Complaint.

70.

State Defendants deny the allegations of Paragraph 70 of the Complaint.

71.

For answer to Paragraph 71 of the Complaint, State Defendants admit that prisoners on extended lockdown are not given group therapy or group support, but deny the remaining allegations of this paragraph.

72.

For answer to Paragraph 72 of the Complaint, State Defendants admit that a security officer is sometimes present during visits with Dr. Seal, but deny the remaining allegations of this paragraph.

73.

State Defendants deny the allegations of Paragraph 73 of the Complaint.

74.

State Defendants deny the allegations of Paragraph 74 of the Complaint.

75.

The allegations of Paragraph 75 of the Complaint are vague and general and are denied as written.

76.

The allegations of Paragraph 76 of the Complaint are vague and general and are denied as written.

77.

State Defendants deny the allegations of Paragraph 77 of the Complaint.

78.

For answer to Paragraph 78 of the Complaint, State Defendants admit that the numbered items are long term treatment goals for prisoners in extended lockdown.

79.

For answer to Paragraph 79 of the Complaint, State Defendants admit that the matters identified are short term treatment goals for prisoners in extended lockdown.

80.

The allegations of Paragraph 80 of the Complaint refer to written documents and the documents themselves serve as the best evidence of their contents.

81.

For answer to Paragraph 81 of the Complaint, State Defendants show that treatment plan templets are written documents and are the best evidence of their contents.  State Defendants deny all remaining allegations of this paragraph.

82.

For answer to Paragraph 82 of the Complaint, State Defendants show that treatment plan templets are written documents and are the best evidence of their contents.  State Defendants deny all remaining allegations of this paragraph.

83.

For answer to Paragraph 83 of the Complaint, State Defendants show that treatment plan templets are written documents and are the best evidence of their contents.  State Defendants admit that Steve Hayden is not licensed by the State of Louisiana, but further show that he has the educational training and experience to qualify for the civil service job position that he currently holds.  State Defendants deny all remaining allegations of this paragraph.

84.

State Defendants deny the allegations of Paragraph 84 of the Complaint.

85.

State Defendants admit that Tellis received mental health treatment plans but deny the remaining allegations as written.

86.

State Defendants admit that Charles received a mental health treatment plan but deny the remaining allegations as written.

87.

State Defendants deny the allegations of Paragraph 87 of the Complaint.

88.

State Defendants deny the allegations of Paragraph 88 of the Complaint.

89.

State Defendants deny the allegations of Paragraph 89 of the Complaint.

90.

State Defendants deny the allegations of Paragraph 90 of the Complaint.

91.

State Defendants deny the allegations of Paragraph 91 of the Complaint.

92.

State Defendants deny the allegations of Paragraph 92 of the Complaint.

93.

State Defendants deny the allegations of Paragraph 93 of the Complaint.

94.

State Defendants deny the allegations of Paragraph 94 of the Complaint.

95.

State Defendants deny the allegations of Paragraph 95 of the Complaint.

96.

State Defendants admit the allegations of Paragraph 96 of the Complaint.

97.

State Defendants deny the allegations of Paragraph 97 of the Complaint.

98.

State Defendants deny the allegations of Paragraph 98 of the Complaint.

99.

State Defendants deny the allegations of Paragraph 99 of the Complaint.

100.

State Defendants deny the allegations of Paragraph 100 of the Complaint.

101.

State Defendants deny the allegations of Paragraph 101 of the Complaint.

102.

State Defendants deny the allegations of Paragraph 102 of the Complaint.

103.

State Defendants deny the allegations of Paragraph 103 of the Complaint.

104.

State Defendants deny the allegations of Paragraph 104 of the Complaint.

105.

State Defendants deny the allegations of Paragraph 105 of the Complaint.

106.

State Defendants deny the allegations of Paragraph 106 of the Complaint.

107.

State Defendants deny the allegations of Paragraph 107 of the Complaint.

108.

State Defendants deny the allegations of Paragraph 108 of the Complaint.

109.

State Defendants deny the allegations of Paragraph 109 of the Complaint.

110.

State Defendants deny the allegations of Paragraph 110 of the Complaint.

111.

State Defendants deny the allegations of Paragraph 111 of the Complaint.

112.

For answer to Paragraph 112 of the Complaint, State Defendants admit that Tellis was processed into DOC on October 1, 2008 and that he was administered a Personality Assessment Inventory.  The remaining allegations refer to and purportedly quote a written document and the document itself serves as the best evidence of its contents

113.

For answer to Paragraph 113 of the Complaint, State Defendants admit that Tellis was transferred to DWCC, but deny the remaining allegations of Paragraph 113 of the Complaint.

114.

For answer to Paragraph 114 of the Complaint, State Defendants admit that Tellis received an intake screening at DWCC.  The remaining allegations refer to a written document and the document itself serves as the best evidence of its contents.

115.

The allegations of Paragraph 115 of the Complaint refer to and purportedly quote a written document and the document itself serves as the best evidence of its contents.

16

116.

The allegations of Paragraph 116 of the Complaint refer to and purportedly quote a written document and the document itself serves as the best evidence of its contents.

117.

State Defendants deny the allegations of Paragraph 117 of the Complaint.

118.

For answer to Paragraph 118 of the Complaint, State Defendants admit that Tellis received a visit from Steve Hayden on or near the date indicated.  The remaining allegations refer to a written document and the document itself serves as the best evidence of its contents.

119.

For answer to Paragraph 119 of the Complaint, State Defendants admit that Tellis received a segregation interview on or near the date indicated and that he was not being disciplined at this time, but deny the remaining allegations as written.

120.

State Defendants deny the allegations of Paragraph 120 of the Complaint.

121.

For answer to Paragraph 121 of the Complaint, State Defendants admit that Tellis assaulted another prisoner and that the prisoner subsequently died from his injuries, which resulted in Tellis being charged with Second Degree Murder, but deny the remaining allegations.

122.

For answer to Paragraph 122 of the Complaint, State Defendants admit that Tellis met with Dr. Seal on or near the date indicated, but deny the remaining allegations for lack of information sufficient to justify a belief therein.

123.

For answer to Paragraph 123 of the Complaint, State Defendants admit that Tellis did receive a diagnosis on or near the date indicated. The remaining allegations refer to a written document and the document itself serves as the best evidence of its contents.

124.

For answer to Paragraph 124 of the Complaint, State Defendants admit that Tellis was placed on suicide watch on or near the date indicated, but deny the remaining allegations.

125.

State Defendants admit the allegations of Paragraph 125 of the Complaint.

126.

For answer to Paragraph 126 of the Complaint, State Defendants deny the allegations for lack of information sufficient to justify a belief therein.

127.

State Defendants deny the allegations of Paragraph 127 of the Complaint.

128.

State Defendants deny the allegations of Paragraph 128 of the Complaint and show that DWCC records indicate that Charles was processed on August 6, 2013.

129.

State Defendants admit the allegations of Paragraph 129 of the Complaint, with the exception that DWCC records show that Charles arrived at DWCC as a disciplinary transfer from Allen Correctional Center on or about June 6, 2016.

130.

For answer to Paragraph 130 of the Complaint, State Defendants admit that Charles received an intake review screening on or near the date indicated, but deny the remaining allegations.

131.

For answer to Paragraph 131 of the Complaint, State Defendants admit that Hayden performed a Mental Health Intake Screening on or near the date indicated.  The remaining allegations refer to a written document and the document itself serves as the best evidence of its contents.

132.

The allegations of Paragraph 132 of the Complaint refer to written a document and the document itself serves as the best evidence of its contents.

133.

For answer to Paragraph 133 of the Complaint, State Defendants admit that Hayden performed a Level of Care Review on or near the date indicated.  The remaining allegations refer to a written document and the document itself serves as the best evidence of its contents.

134.

For answer to Paragraph 134 of the Complaint, State Defendants admit that Charles was seen by Dr. Seal on or near the date indicated.  The remaining allegations refer to a written document and the document itself serves as the best evidence of its contents.

135.

The allegations of Paragraph 135 of the Complaint refer to written a document and the document itself serves as the best evidence of its contents.

136.

For answer to Paragraph 136 of the Complaint, State Defendants admit that a Level of Care Review was done on or near the date indicated and that Charles was assigned LOC 3, but deny the remaining allegations.

137.

State Defendants admit the allegations of Paragraph 137 of the Complaint.

138.

For answer to Paragraph 138 of the Complaint, State Defendants admit that Dauzat did a progress note on or near the date indicated.  The remaining allegations refer to a written document and the document itself serves as the best evidence of its contents.

139.

For answer to Paragraph 139 of the Complaint, State Defendants admit that Hayden did a progress note on or near the date indicated.  The remaining allegations refer to a written document and the document itself serves as the best evidence of its contents.

140.

For answer to Paragraph 140 of the Complaint, State Defendants admit that Atkins did a progress note on or near the date indicated.  The remaining allegations refer to a written document and the document itself serves as the best evidence of its contents.

141.

For answer to Paragraph 141 of the Complaint, State Defendants admit that Dauzat wrote a note on or near the date indicated.  The remaining allegations refer to a written document and the document itself serves as the best evidence of its contents.

142.

For answer to Paragraph 142 of the Complaint, State Defendants admit that Hayden prepared notes on or near the dates indicated.   The remaining allegations refer to a written document and the document itself serves as the best evidence of its contents.

143.

For answer to Paragraph 143 of the Complaint, State Defendants deny the allegations for lack of information sufficient to justify a belief therein.

144.

For answer to Paragraph 144 of the Complaint, State Defendants admit that Hayden prepared a note on or near the date indicated.   The remaining allegations refer to a written document and the document itself serves as the best evidence of its contents.

145.

For answer to Paragraph 145 of the Complaint, State Defendants admit that Charles was placed on suicide watch and remained on suicide watch during the during the dates indicated, but deny the remaining allegations.

146.

State Defendants deny the allegations of Paragraph 146 of the Complaint.

147.

For answer to Paragraph 147 of the Complaint, State Defendants admit that Charles has been on suicide watch five times and those incidents include being placed on extreme suicide watch twice, but deny the remaining allegations as written.

148.

State Defendants admit the allegations of Paragraph 148 of the Complaint.

149.

The allegations of Paragraph 149 of the Complaint refer to written a document and the document itself serves as the best evidence of its contents.

150.

State Defendants deny the allegations of Paragraph 150 of the Complaint.

151.

State Defendants deny the allegations of Paragraph 151 of the Complaint.

152.

For answer to Paragraph 152 of the Complaint, State Defendants admit that Charles was prescribed Depakote and that Seal prepared a note on or near the dates indicated.  The remaining allegations refer to a written document and the document itself serves as the best evidence of its contents.

153.

State Defendants deny the allegations of Paragraph 153 of the Complaint.

154.

For answer to Paragraph 154 of the Complaint, State Defendants admit that Charles was placed on suicide watch and was given only a paper gown on or near the date indicated, but deny the remaining allegations.

155.

For answer to Paragraph 155 of the Complaint, State Defendants admit that Charles went on a hunger strike on or near the date indicated and that he was placed on suicide watch on July 14, 2017, but deny the remaining allegations.

156.

State Defendants deny the allegations of Paragraph 156 of the Complaint.

157.

State Defendants deny the allegations of Paragraph 157 of the Complaint.

158.

State Defendants deny the allegations of Paragraph 158 of the Complaint.

159.

State Defendants deny the allegations of Paragraph 159 of the Complaint.

160.

For answer to Paragraph 160 of the Complaint, State Defendants admit that Carroll was transferred to DWCC from EHCC on or near the date indicated, but deny the remaining allegations.

161.

For answer to Paragraph 161 of the Complaint, State Defendants admit that Carroll received a diagnosis of Depression NOS.  The remaining allegations refer to a written document and the document itself serves as the best evidence of its contents.

162.

For answer to Paragraph 162 of the Complaint, State Defendants admit that Carroll was placed on extended lockdown and has remained there, but deny the remaining allegations.

163.

State Defendants deny the allegations of Paragraph 163 of the Complaint.

164.

For answer to Paragraph 164 of the Complaint, State Defendants admit that Carroll was moved to EHCC for a short period of time and later returned to DWCC, but deny the remaining allegations for lack of information.

165.

For answer to Paragraph 165, State Defendants admit that Carroll claimed that he took pills, but there was no evidence indicating that he actually did so. State Defendants also admit that Carroll was placed on suicide watch for approximately 24 hours, but deny the remaining allegations.

166.

For answer to Paragraph 166, State Defendants admit that Carroll is categorized as LOC 4 and that his diagnosis is Depression NOS, but deny the remaining allegations.

167.

State Defendants deny the allegations of Paragraph 167 of the Complaint for lack of information sufficient to justify a belief therein.

168.

State Defendants deny the allegations of Paragraph 168 of the Complaint for lack of information sufficient to justify a belief therein.

169.

State Defendants deny the allegations of Paragraph 169 of the Complaint for lack of information sufficient to justify a belief therein.

170.

State Defendants deny the allegations of Paragraph 170 of the Complaint for lack of information sufficient to justify a belief therein.

171.

State Defendants deny the allegations of Paragraph 171 of the Complaint for lack of information sufficient to justify a belief therein.

172.

State Defendants deny the allegations of Paragraph 172 of the Complaint for lack of information sufficient to justify a belief therein.

173.

State Defendants deny the allegations of Paragraph 173 of the Complaint for lack of information sufficient to justify a belief therein.

174.

State Defendants deny the allegations of Paragraph 174 of the Complaint for lack of information sufficient to justify a belief therein.

175.

State Defendants deny the allegations of Paragraph 175 of the Complaint for lack of information sufficient to justify a belief therein.

176.

State Defendants deny the allegations of Paragraph 176 of the Complaint for lack of information sufficient to justify a belief therein.

177.

State Defendants deny the allegations of Paragraph 177 of the Complaint for lack of information sufficient to justify a belief therein.

178.

State Defendants deny the allegations of Paragraph 178 of the Complaint for lack of information sufficient to justify a belief therein.

179.

State Defendants deny the allegations of Paragraph 179 of the Complaint for lack of information sufficient to justify a belief therein.

180.

State Defendants deny the allegations of Paragraph 180 of the Complaint for lack of information sufficient to justify a belief therein.

181.

State Defendants deny the allegations of Paragraph 181 of the Complaint for lack of information sufficient to justify a belief therein.

182.

State Defendants deny the allegations of Paragraph 182 of the Complaint for lack of information sufficient to justify a belief therein.

183.

State Defendants deny the allegations of Paragraph 183 of the Complaint for lack of information sufficient to justify a belief therein.

184.

State Defendants deny the allegations of Paragraph 184 of the Complaint for lack of information sufficient to justify a belief therein.

185.

State Defendants deny the allegations of Paragraph 185 of the Complaint for lack of information sufficient to justify a belief therein.

186.

For answer to Paragraph 186 of the Complaint, State Defendants admit that Turner has a diagnosis of Bipolar Disorder; Dr. Seal diagnosed Major Depression; Turner was prescribed an antipsychotic and an antidepressant; Turner cut his own scrotum; Turner was seen by Dauzat thereafter and was placed on suicide watch, but deny the remaining allegations as written.

187.

The allegations of Paragraph 187 of the Complaint refer to and purportedly quote a written document and the document itself serves as the best evidence of its contents.

188.

State Defendants generally admit the allegations of Paragraph 188 of the Complaint, but to the extent that the allegations refer to written documents, those documents are the best evidence their contents.

189.

The allegations of Paragraph 189 of the Complaint refer to and purportedly quote a written document and the document itself serves as the best evidence of its contents.

190.

The allegations of Paragraph 190 of the Complaint refer to and purportedly quote a written document and the document itself serves as the best evidence of its contents.

191.

The allegations of Paragraph 191 of the Complaint refer to and purportedly quote a written document and the document itself serves as the best evidence of its contents.

192.

The allegations of Paragraph 192 of the Complaint refer to and purportedly quote a written document and the document itself serves as the best evidence of its contents.

193.

State Defendants deny the allegations of Paragraph 193 of the Complaint.

194.

For answer to Paragraph 194 of the Complaint, State Defendants admit that Turner jumped off a fence and that he received a disciplinary write-up, but deny the remaining allegations as written.

195.

State Defendants deny the allegations of Paragraph 195 of the Complaint for lack of information sufficient to justify a belief therein.

196.

For answer to Paragraph 194 of the Complaint, State Defendants admit that Turner is in extended lockdown but denies that remaining allegations for lack of information sufficient to justify a belief therein.

197.

State Defendants admit that Terrence Goudeau hanged himself in June 2016, but deny the remaining allegations of Paragraph 197 of the Complaint.

198.

For answer to Paragraph 198 of the Complaint, State Defendants admit that Dr. Seal diagnosed Blanchard with Depression and that Blanchard cut himself on or near the date indicated, but deny the remaining allegations for lack of information sufficient to justify a belief therein.

199.

For answer to Paragraph 199 of the Complaint, State Defendants admit that Dauzat was contacted and that Blanchard was placed on Extreme Suicide Watch with the concurrence of Dr. Fuller, but deny the remaining allegations as written.

200.

For answer to Paragraph 200 of the Complaint, State Defendants admit that Dauzat was again contacted and that Blanchard was placed in restraints, but deny the remaining allegations as written.

201.

For answer to Paragraph 201 of the Complaint, State Defendants admit Blanchard was placed in a helmet at the authorization of Dauzat, but deny the remaining allegations as written.

202.

For answer to Paragraph 202 of the Complaint, State Defendants admit Blanchard was seen by Atkins and that Blanchard was downgraded to Standard Suicide Watch..  To the extent

that the allegations refer to written documents, State Defendants show that said documents are the best evidence of their contents.

203.

State Defendants deny the allegations of Paragraph 203 of the Complaint.

204.

For answer to Paragraph 204 of the Complaint, State Defendants admit that Blanchard received Wellbutrin, but deny the remaining allegations.

205.

State Defendants deny the allegations of Paragraph 205 of the Complaint for lack of information sufficient to justify a belief therein.

206.

State Defendants deny the allegations of Paragraph 206 of the Complaint for lack of information sufficient to justify a belief therein.

207.

For answer to Paragraph 207 of the Complaint, State Defendants admit that Blanchard is on extended lockdown, but denies the remaining allegations.

208.

State Defendants deny the allegations of Paragraph 208 of the Complaint.

209.

State Defendants deny the allegations of Paragraph 209 of the Complaint.

210.

State Defendants deny the allegations of Paragraph 210 of the Complaint.

211.

State Defendants deny the allegations of Paragraph 211 of the Complaint.

212.

State Defendants deny the allegations of Paragraph 212 of the Complaint.

213.

State Defendants deny the allegations of Paragraph 213 of the Complaint.

214.

State Defendants deny the allegations of Paragraph 214 of the Complaint.

215.

State Defendants deny the allegations of Paragraph 215 of the Complaint.

216.

State Defendants deny the allegations of Paragraph 216 of the Complaint.

217.

State Defendants deny the allegations of Paragraph 217 of the Complaint.

218.

State Defendants deny the allegations of Paragraph 218 of the Complaint.

219.

State Defendants deny the allegations of Paragraph 219 of the Complaint.

220.

State Defendants deny the allegations of Paragraph 220 of the Complaint.

221.

Four answer to Paragraph 221, State Defendants deny that building N-5 is part of the South Compound.  State Defendants admit that Buildings N-1 through N-4 house extended

lockdown, that there are 16 cells on each tier and 64 cells in each building, but deny the remaining allegations as written.

222.

The allegations of Paragraph 222 of the Complaint refer to and purportedly quote a written document and the document itself serves as the best evidence of its contents.

223.

State Defendants deny the allegations of Paragraph 223 of the Complaint.

224.

State Defendants deny the allegations of Paragraph 224 of the Complaint.

225.

State Defendants deny the allegations of Paragraph 225 of the Complaint.

226.

State Defendants deny the allegations of Paragraph 226 of the Complaint.

227.

State Defendants deny the allegations of Paragraph 227 of the Complaint.

228.

State Defendants deny the allegations of Paragraph 228 of the Complaint.

229.

State Defendants deny the allegations of Paragraph 229 of the Complaint.

230.

State Defendants deny the allegations of Paragraph 230 of the Complaint.

231.

State Defendants deny the allegations of Paragraph 231 of the Complaint.

232.

State Defendants deny the allegations of Paragraph 232 of the Complaint.

233.

State Defendants deny the allegations of Paragraph 233 of the Complaint.

234.

State Defendants deny the allegations of Paragraph 234 of the Complaint.

235.

State Defendants deny the allegations of Paragraph 235 of the Complaint.

236.

State Defendants deny the allegations of Paragraph 236 of the Complaint.

237.

State Defendants deny the allegations of Paragraph 237 of the Complaint.

238.

State Defendants deny the allegations of Paragraph 238 of the Complaint.

239.

State Defendants deny the allegations of Paragraph 239 of the Complaint.

240.

State Defendants deny the allegations of Paragraph 240 of the Complaint.

241.

State Defendants deny the allegations of Paragraph 241 of the Complaint.

242.

State Defendants deny the allegations of Paragraph 242 of the Complaint.

243.

State Defendants deny the allegations of Paragraph 243 of the Complaint for lack of information sufficient to justify a belief therein.

244.

State Defendants deny the allegations of Paragraph 244 of the Complaint for lack of information sufficient to justify a belief therein.

245.

State Defendants deny the allegations of Paragraph 245 of the Complaint for lack of information sufficient to justify a belief therein.

246.

State Defendants deny the allegations of Paragraph 246 of the Complaint.

247.

State Defendants deny the allegations of Paragraph 247 of the Complaint.

248.

State Defendants deny the allegations of Paragraph 248 of the Complaint.

249.

State Defendants deny the allegations of Paragraph 249 of the Complaint.

250.

State Defendants deny the allegations of Paragraph 250 of the Complaint.

251.

State Defendants deny the allegations of Paragraph 251 of the Complaint.

252.

State Defendants deny the allegations of Paragraph 252 of the Complaint.

253.

State Defendants deny the allegations of Paragraph 253 of the Complaint.

254.

State Defendants deny the allegations of Paragraph 254 of the Complaint.

255.

State Defendants deny the allegations of Paragraph 255 of the Complaint.

256.

State Defendants deny the allegations of Paragraph 256 of the Complaint.

257.

State Defendants deny the allegations of Paragraph 257 of the Complaint.

258.

State Defendants deny the allegations of Paragraph 258 of the Complaint.

259.

State Defendants deny the allegations of Paragraph 259 of the Complaint.

260.

State Defendants deny the allegations of Paragraph 260 of the Complaint.

261.

State Defendants deny the allegations of Paragraph 261 of the Complaint.

262.

State Defendants deny the allegations of Paragraph 262 of the Complaint.

263.

State Defendants deny the allegations of Paragraph 263 of the Complaint.

264.

State Defendants deny the allegations of Paragraph 264 of the Complaint.

265.

State Defendants deny the allegations of Paragraph 265 of the Complaint.

266.

State Defendants deny the allegations of Paragraph 266 of the Complaint.

267.

State Defendants deny the allegations of Paragraph 267 of the Complaint.

268.

State Defendants deny the allegations of Paragraph 268 of the Complaint.

269.

State Defendants deny the allegations of Paragraph 269 of the Complaint.

270.

State Defendants deny the allegations of Paragraph 270 of the Complaint.

271.

State Defendants deny the allegations of Paragraph 271 of the Complaint.

272.

State Defendants show that Paragraph 272 of the Complaint contains a prayer for relief rather than factual allegations and therefore no answer is required.  If, however; an answer is in fact required, State Defendants deny the allegations.

**AND NOW**, further answering the allegations of the Complaint and as affirmative defenses thereto, State Defendants show:

273.

Plaintiffs' Complaint fails to state a claim upon which relief can be granted because there are insufficient factual allegations showing that defendants violated any of Plaintiffs' civil rights under the United States Constitution, or applicable federal law.

274.

Plaintiffs' Complaint contains several allegations of acts for which one or more Plaintiffs have failed to exhaust their administrative remedies available under the Prison Litigation Reform Act. Pursuant to 42 U.S.C. § 1997e, Plaintiffs are barred from recovery under 42 U.S.C. §1983 until such administrative remedies have been exhausted.

275.

If State Defendants are found by the Court to have violated plaintiffs' civil rights, then each such Defendant is immune from a judgment for damages because each Defendant acted at all times reasonably and in good faith and in accordance with federal and state law and department rules and regulations. State Defendants' conduct did not violate any clearly established constitutional or statutory rights of plaintiffs of which a reasonable person would have known. State Defendants further show that their belief in the lawfulness of their actions was a reasonable belief and for that reason they are entitled to absolute and/or qualified immunity from liability under the provisions of Title 42 U.S.C. § 1983.

276.

Some or all of Plaintiffs' claims are barred by the Eleventh Amendment to the United States Constitution and/or the doctrine of sovereign immunity.

277.

The Plaintiffs may have failed to mitigate their damages.

278.

Some or all of Plaintiffs' claims may be barred by applicable statutes of limitations.

279.

Plaintiffs have either not suffered any damages and/or any damages suffered were not caused by State Defendants' conduct.

280.

Plaintiffs are not entitled to injunctive, declaratory, or monetary relief.  Plaintiff is not entitled to attorney's fees under 42 U.S.C. § 1988.

281.

State Defendants request a trial by jury in this matter.

**WHEREFORE,** State Defendants pray that this Answer be deemed good and sufficient and that after all legal delays and proceedings are had, there be judgment in favor of State Defendants dismissing Plaintiffs' claims in their entirety, with prejudice, at Plaintiffs' costs, and for all other general and equitable relief, including reasonable attorney's fees and costs, that may be available in the premises.

Respectfully Submitted:

**JEFF LANDRY,**
**ATTORNEY GENERAL**

KANTROW, SPAHT, WEAVER & BLITZER
(A PROFESSIONAL LAW CORPORATION)
445 North Boulevard, Suite 300 (70802)
P. O. Box 2997
Baton Rouge, Louisiana 70821-2997
Telephone: (225) 383-4703
Facsimile: (225) 343-0630

By: /s/ Randal J. Robert
       Randal J. Robert (#13800)

38

Connell L. Archey (#29992)
Keith J. Fernandez (#33124)
George P. Holmes (#36501)
*Special Assistant Attorney General*
Email: randy@kswb.com
      connell@kswb.com
      keith@kswb.com
      george@kswb.com

Margaret A. Collier (#33790)
Assistant Attorney General
Louisiana Department of Justice
Civil Division
P.O. Box 94005
Baton Rouge, LA 70804-9005
Telephone: (225) 326-6000
Fax: (225) 326-6098
Email: collierma@ag.louisiana.gov

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of April, 2018, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

_____/s/ Randal J. Robert_____
Randal J. Robert

#363203

39