# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ANTHONY TELLIS, ET AL.                                                   CIVIL ACTION

VERSUS                                                                       18-161-SDD-RLB

JAMES M. LEBLANC, ET AL.

## RULING

This matter is before the Court on the *Motion to Transfer Venue*[1] filed by Defendants, James M. LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections ("Secretary LeBlanc"), Jerry Goodwin ("Warden Goodwin"), Warden of David Wade Correction Center, Col. Lonnie Nail, Doctor Gregory Seal, Deborah Dauzat ("Asst. Warden Dauzat"), Assistant Warden of David Wade Correction Center, Aerial Robinson, Johnie Adkins, and Louisiana Department of Public Safety and Corrections ("DOC") (collectively "Defendants"). Plaintiffs, Anthony Tellis ("Tellis"), Bruce Charles ("Charles") (collectively "Plaintiffs"), on behalf of themselves and all similarly situated prisoners at David Wade Correctional Center ("the putative class"), have filed an *Opposition* to Defendants' *Motion*.[2] For the following reasons, the Court finds that the motion should be granted, and this action shall be transferred to the Shreveport Division of the United States District Court for the Western District of Louisiana ("the Western District").

---

[1] Rec. Doc. 18.
[2] Rec. Doc. 29.
45027

## I. FACTUAL BACKGROUND[3]

The named Plaintiffs and the putative class are all inmates who have been or are currently incarcerated at David Wade Correctional Center ("WADE"). WADE is located in Homer, Louisiana, which is situated in the Western District of Louisiana. Plaintiffs filed this action in the Middle District of Louisiana alleging that WADE's policies and practices applicable to inmates result in violations of the Eighth Amendment, First Amendment, Title II of the Americans with Disabilities Act,[4] and Section 504 of the Rehabilitation Act.[5] In particular, Plaintiffs seek declaratory and injunctive relief for the alleged extreme conditions and practices at WADE which create and/or exacerbate mental illness of inmates incarcerated at WADE.

The extreme conditions complained of include policies on extended lockdown, lack of mental health care, use of "Policy 34",[6] conditions of confinement, policies on suicide watch, and other allegedly egregious acts or omissions. Defendants bring the current *Motion* to transfer the case to the Western District of Louisiana arguing it is clearly the more convenient venue. In support, Defendants aver that (1) the majority, if not all of the parties are located in the Western District, (2) the Western District is the situs of all the material facts set forth in the complaint, (3) the Western District is the location of all the material evidence and witnesses, and (4) enforcement of the relief sought by Plaintiffs would occur exclusively in the Wester District.

---

[3] The facts are derived from the *Petition for Damages* (Rec. Doc. 1) and the Parties' Memoranda.
[4] 42 U.S.C. § 12131-12134.
[5] 29 U.S.C. § 794, *et seq*.
[6] Plaintiffs allege that Policy 34 is deployed at staff discretion and permits staff to strip a prisoner of all belongings, including his mattress, in response to a perceived rule violation with no due process protections or hearings. Rec. Doc. 1, p. 11.

45027

## II. LAW AND ANALYSIS

### A. Standard for Venue Transfer

A district court has the authority to transfer a case in the interest of justice to another district in which the action might have been brought, regardless of whether venue exists in the original forum.[7] If venue is proper in the original forum, the transfer may be made pursuant to Section 1404(a), which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

It is undisputed that the Middle and Western Districts of Louisiana are districts in which this action initially could have been brought.[8] Therefore, the Court will consider whether this action should be transferred to another judicial district under 28 U.S.C. § 1404(a).

The underlying premise of Section 1404(a) is that courts should prevent plaintiffs from abusing their privilege under Section 1391 by subjecting defendants to venues that are inconvenient under the terms of Section 1404(a).[9] "[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."[10] In determining whether to grant a transfer, the moving party bears the burden of showing "good cause," which the Fifth Circuit explained is satisfied when "the movant demonstrates that the transferee venue is clearly more convenient."[11]

---

[7] *See* 28 U.S.C. §§ 1404(a) and § 1406(a).
[8] *See* 28 U.S.C. § 1391(b).
[9] *In re Volkswagen of America, Inc.*, 545 F.3d 304, 313 (5th Cir. 2008).
[10] *Id.*
[11] *Id.*
45027

The Fifth Circuit has adopted private and public interest factors for the determination of whether a Section 1404(a) venue transfer is for the convenience of the parties and witnesses and is in the interest of justice.[12] The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."[13] The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."[14]

"[I]t is clear under Fifth Circuit precedent that the plaintiff's choice of forum is clearly a factor to be considered but in and of itself it is neither conclusive nor determinative. Generally, a plaintiff's choice of forum is given great deference; however, a plaintiff's choice of forum is given less deference when the plaintiff is not a resident of his choice of forum and when the operative facts of a case occurred in a different forum."[15]

### B. Analysis of Private Interest Factors

Having reviewed the record and the arguments of the parties, the Court finds that transfer of this action to the Western District of Louisiana furthers the convenience of the

---

[12] *Id.*
[13] *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)(citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)).
[14] *Id.*
[15] *Parker v. PNK (Lake Charles) LLC,* No. CV 17-357-JJB-RLB, 2017 WL 5077704, at *2 (M.D. La. Oct. 12, 2017), *report and recommendation adopted,* No. CV 17-357-JJB-RLB, 2017 WL 5077894 (M.D. La. Nov. 3, 2017) (internal quotations omitted).
45027

parties and the interests of justice. First, it is clear that the overwhelming majority of witnesses and evidence are located in the Western District. Both of the named Plaintiffs and the putative class members are incarcerated or were incarcerated at WADE. All but two of the Defendants, Secretary LeBlanc and the DOC, are located in or around the city of Homer, Louisiana. The *Complaint* alleges that Defendants Dr. Gregory Seal, Steve Hayden, Aerial Robinson, and Johnie Adkins, were all directly involved with the mental health care provided to the Plaintiffs and putative class members. All of these Defendants reside in or near Homer. These Defendants will be essential to this matter in determining whether adequate mental health care was provided to Plaintiffs and the putative class members. Additionally, all of the policies and procedures at issue were promulgated at WADE and carried out by WADE staff. The *Complaint* specifically alleges that Defendants, Warden Goodwin, Assistant Warden Dauzat, and Colonel Nail personally implement and carry out the policies at WADE which allegedly violate Plaintiffs' rights. All of these Defendants reside in or near Homer. In short, WADE is the situs of all material facts and evidence necessary to determine whether those policies and conditions violate the rights of the named Plaintiffs and putative class members.

In opposing the transfer, Plaintiffs argue that Defendants fail to recognize the significance of the alleged inaction by Secretary Leblanc and the DOC. However, there is no dispute that Plaintiffs do not challenge any policy of the DOC itself, and the only allegation against the Secretary and the DOC is that they are ultimately responsible for the actions of WADE and its staff. Indeed, Plaintiffs concede that WADE even fails to follow DOC policies regarding intake procedures and suicide watch.[16] Finally, Plaintiffs'

---

[16] Rec. Doc. 29-1, pp. 10-11.
45027

argument that there will be witnesses and evidence from Elayn Hunt Medical Center and Louisiana State Penitentiary, which are both located in the Middle District of Louisiana, does not outweigh the substantial amount of evidence and witnesses present in the Western District. Therefore, the first and fourth private interest factors weight heavily in favor of transfer to the Western District of Louisiana.

The second and third private interest factors also weigh in favor of transfer to the Western District considering the majority of witnesses and evidence located therein. Under Federal Rule of Civil Procedure 45(c), the subpoena power of the court only extends to non-parties "within 100 miles of where the person resides, is employed, or regularly transacts business in person…" WADE is approximately 245 miles from the Middle District of Louisiana. In contrast, WADE is approximately 62.1 miles from the Shreveport Division of the Western District of Louisiana. Because the majority of witnesses are located in and near WADE, the Court finds that the availability of the compulsory process of the Western District and the cost of attendance for willing witnesses weighs in favor of transfer to the Western District.

### C. Analysis of the Public Interest Factors

Plaintiffs argue that the first public interest factor, the administrative difficulties flowing from court congestion, weighs in favor of keeping the litigation in the Middle District because there are presently four judicial vacancies in the Western District. However, Defendants have provided the Court with statistics available on the U.S. courts website that the Western District has a shorter median time from filing to trial than the Middle District.[17] Defendants also cite statistics that show that both districts had similar

---

[17] Rec. Doc. 18-1, p. 7. (citing U.S. District Courts – Combined Civil and Criminal Federal Court management

45027

amounts of filings in 2017.[18] As such, the Court finds that the administrative realities attendant to court congestion are the same for both the Middle and Western District courts.

The Court finds that the second public interest factor, the local interest in having localized interests decided at home, weighs heavily in favor of transfer. As stated above, Homer, Louisiana is the location where the alleged acts giving rise to the claims occurred. Any relief requested by Plaintiffs will be carried out at WADE. Plaintiffs argue that venue in the Middle District is preferred because the failures of Secretary Leblanc and the DOC are actionable omissions currently taking place in the Middle District. However, the *Complaint* does not allege any violation of rights arising out of the DOC policies. Moreover, the *Complaint* only alleges violations occurring at WADE and no other facility under the operation of the DOC. Therefore, the Court finds that the only policies and practices that will be affected by adjudication of these issues will be WADE policies and procedures. As such, the Western District has far greater interest in deciding whether WADE's policies and practices result in alleged violations of prisoner's constitutional rights than that of the Middle District.

The third and fourth public interest factors, the familiarity of the forum with the law that will govern the case and the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law, are neutral in the determination of whether to transfer venue. Both the Middle and Western Districts are equally skilled and equipped to adjudicate the constitutional violations complained of and there are no conflicts of law or

---

Statistics).
[18] *Id.*
45027

application of foreign law present in this litigation.

## III. CONCLUSION

It is evident that the Western District of Louisiana is a more convenient forum for the adjudication of Plaintiffs' claims. The Middle District has little connection to the facts of this case but for Secretary Leblanc and the DOC having ultimate responsibility for the violations alleged in the *Complaint*. Rather, the Western District of Louisiana is the situs of all material acts and events giving rise to this litigation. Further, the foregoing private and public interest factors as applied to this case show that the Western District of Louisiana is clearly a more appropriate forum than the Middle District. Accordingly, the Court finds that it is in the interest of justice that this civil action be transferred to the Western District of Louisiana, Shreveport Division for further consideration. Accordingly, the Defendants' *Motion to Transfer Venue*[19] is GRANTED, and this case shall be transferred to the Western District of Louisiana, Shreveport division.

In light of the foregoing, Plaintiffs' *Motion for Temporary Restraining Order*[20] is DISMISSED without prejudice subject to refiling in the Western District of Louisiana.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on April 19, 2018.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[19] Rec. Doc. No. 18.
[20] Rec. Doc. 3.
45027