UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANTHONY TELLIS and BRUCE CHARLES | * | JUDGE ELIZABETH E. FOOTE |
| on behalf of themselves and all others similarly | * | USMJ MARK L. HORNSBY |
| situated | * | |
| | * | |
| VERSUS | * | |
| | * | |
| JAMES M. LEBLANC, Secretary | * | |
| of the Louisiana Department of Public Safety | * | |
| and Corrections, JERRY GOODWIN, | * | |
| Warden of David Wade Correction Center | * | CIVIL ACTION |
| COL. LONNIE NAIL; DOCTOR GREGORY | * | NO.: 5:18-CV-00541-EEF-MLH |
| SEAL; ASSISTANT WARDEN DEBORAH | * | |
| DAUZAT; STEVE HAYDEN; AERIAL | * | |
| ROBINSON; JOHNIE ADKINS; and | * | |
| THE LOUISIANADEPARTMENT OF | * | |
| PUBLIC SAFETYAND CORRECTIONS | * | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## MOTION FOR PROTECTIVE ORDER PURSUANT TO RULE 26(C)

Defendants respectfully submit the following memorandum in support of its Motion for Protective Order Under 26(c). For the reasons more fully set forth herein, Plaintiffs are not entitled to the broad access to DWCC facilities and inmates during the pendency of this litigation. As such, the Defendants respectfully request that this Honorable Court grant the Defendants' motion and issue a protective order.

### I.        FACTUAL BACKGROUND

On July 20, 2017, The Advocacy Center, Plaintiffs' counsel in the current matter, filed suit in the Middle District of Louisiana (the P&A Acts Suit") against Secretary James LeBlanc, Warden Jerry Goodwin, and Lonnie Nail (the "P&A Acts Defendants") regarding alleged barriers to The Advocacy Center's ability to investigate allegations at David Wade Correctional Center ("DWCC") under the Protection and Advocacy for Individuals with Mental Illness Act

("PAIMI Act"), 42 U.S.C. §§ 10801 et seq.; the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("PADD Act"), 42 U.S.C. §§ 15001 et seq.; and the Protection and Advocacy of Individual Rights Program ("PAIR Act"), 29 U.S.C. § 794e (collectively, the "P&A Acts").[1]  Specifically, The Advocacy Center requested a declaratory judgment stating:

- The P&A Acts Defendants' failure to grant the Advocacy Center sufficient access to fully investigate the conditions of DWCC violates Plaintiff's rights under the P&A Acts;
- The P&A Acts Defendants' failure to grant the Advocacy Center the right to speak with employees violates its rights under the P&A Acts;
- The P&A Acts Defendants' failure to allow the Advocacy Center the right to speak to prisoners on the tiers violates its rights under the P&A Acts;
- The P&A Acts Defendants' act in prohibiting prisoners from bringing information to investigators or receiving information from investigators violated the Advocacy Center's rights under the P&A Acts; and
- The P&A Acts Defendants have an affirmative obligation to assure that the access rights granted to the Advocacy Center by the P&A Acts are fully and uniformly implemented at all of the P&A Acts Defendants ' facilities.[2]

In addition, the Advocacy Center sought preliminary and permanent injunctions (1) to require the P&A Acts Defendants to allow access to prisoners on tiers, conversations with prisoners, provision of information to prisoners in written form, and to allow prisoners to bring documents with them to meetings with the Advocacy Center; (2) to enjoin the P&A Acts Defendants from violating the Advocacy Center's rights under the P&A Acts.[3]

On August 10, 2017, the Advocacy Center and the Louisiana Department of Corrections entered into a settlement agreement in connection with the P&A Acts Suit (the "Settlement Agreement"), attached hereto as Exhibit 2. The Settlement Agreement states, in pertinent part:

> In order to foster a constructive working relationship between them, the parties have agreed, to the entry of this Settlement Agreement to settle all claims set forth in the Complaint. The parties enter into this agreement for the purpose of avoiding the risk and burden of litigation. Nothing in this agreement constitutes an admission by Defendants that they violated the rights of AC or any inmates, nor is it an admission that any prior or present

---

[1] Complaint in Advocacy Center v. LeBlanc et al., 3:17-cv-00468 (M.D. La. 2017), attached hereto as Exhibit 1, p.1.
[2] Id. at p. 13–14.
[3] Id. at p. 14.

policy, procedure, practice, event, circumstance, act or failure to act by Defendants, its officials, contractors, agents or employees violated any rights of AC, any constitutional rights of any inmates at DWCC, failed to meet applicable federal or constitutional standards, or otherwise fell short of any standard of care imposed by law. This Settlement Agreement does not resolve any claims against Defendants that individual prisoners may have for relief under state or federal law.[4]

(emphasis added.)

On February 20, 2018, two inmates at DWCC—**not the Advocacy Center**—filed the current suit which relates to alleged constitutional violations in connection with mental health care provided at DWCC (the "Mental Health Suit"). [R. Doc. 1] As this Court is aware, Plaintiffs' counsel in the Mental Health Suit conducted tier walkthroughs and cell-front interviews with prisoners held on extended lockdown on August 27, 2018. [*See* R. Docs. 86, 88, 89 and 91]. At no point in time did Plaintiffs assert that the Settlement Agreement entered in the P&A Acts Suit was applicable in connection with the Mental Health Suit. On August 31, Plaintiffs' counsel asked to conduct additional cell-front interviews and another walkthrough of the DWCC facility in the Mental Health Suit.[5] Given that, days earlier, Plaintiffs' counsel had conducted cell-front interviews and tier walkthroughs, Defendants were not willing to allow Plaintiffs' counsel additional cell front interviews and continue its disruption of DWCC operations.[6] Plaintiffs' counsel responded by arguing, for the first time, that the Settlement Agreement applied to their site visits in the Mental Health Suit.[7] Defendants then communicated to Plaintiffs their position that the Settlement Agreement ceased to apply once the Mental Health Suit was filed.[8]

---

[4] Exhibit 2, p. 2.
[5] *See* E-mail from Jonathan Trunnell to Defendants' Counsel, attached as Exhibit 3.
[6] *See* E-mail from Connell Archey to Jonathan Trunnell dated September 5, 2018, attached as Exhibit 4.
[7] *See* Invocation of Dispute Resolution dated September 10, 2018, attached as Exhibit 5.
[8] *See* E-mail from Connell Archey to Jonathan Trunnell dated September 21, 2018, attached as Exhibit 6.

Defendants file this motion seeking a protective order declaring that: (1) the Settlement Agreement is inapplicable to discovery in the Mental Health Suit; and (2) the Plaintiffs are not entitled to additional cell-front interviews at DWCC.

## II.    LAW AND ARGUMENT

Under Rule 26(c), a court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  "The trial court has wide discretion in setting the parameters of a protective order."  *Morris v. United States*, 2017 WL 6997275 at *2 (W.D. La. 12/6/17).  This is because the trial court "is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery." *Cazaubon v. MR Precious Metals, LLC*, 2015WL 4937888 at *2 (E.D. La., Aug, 17, 2015).

### A.    The Settlement Agreement Is Not Applicable

 Plaintiffs apparently argue that the Settlement Agreement can be used as a discovery device in unrelated litigation.  The Settlement Agreement is clear that it was not intended to apply during substantive litigation and applied only to those issues raised in the P&A Acts Suit; it states, in pertinent part, that it was intended "to settle all claims set forth in the Complaint" and that it was "for the purpose of avoiding the risk and burden of litigation."[9]  Thus, it was intended to avoid a dispute between the Advocacy Center and DWCC regarding the Advocacy Center's statutory access, not to give the Advocacy Center carte blanche once it filed suit on behalf of offenders against DWCC on any substantive claims.  This is supported by the fact that the Plaintiffs in the current suit were not parties to the Settlement Agreement, and the Advocacy Center is not a party in the current suit.

A contrary interpretation would permit unprecedented access to the facilities of an opponent in litigation.  The Settlement Agreement gives the Advocacy Center extremely broad

---

[9] Exhibit 2, p. 2.

> access to DWCC, prisoners, prisoner records, DWCC records, and DWCC staff to
> investigate alleged incidents of abuse or neglect of prisoners . . . if such incidents
> are reported to them, or if [the Advocacy Center] has probable cause to believe
> that an incident of abuse or neglect has occurred, or if [the Advocacy Center]
> determines that there is or may be imminent danger of abuse or neglect of an
> individual with a disability.[10]

Moreover, the Advocacy Center is only required to give minimal notice of such visits.[11]  Under the Advocacy Center's assertion, it, in theory, has unlimited access, upon little notice, to DWCC facilities and putative class members (whether or not they eventually join the class)[12] throughout the pendency of this litigation.  That cannot be the case.  If that were so, every P&A group across the country would follow the Advocacy Group's blueprint: file an initial suit regarding access to prisoners, settle, then immediately file a substantive lawsuit and use the settlement as a means to circumvent well-established discovery procedures.  Such a result would turn established Federal discovery rules on their head

### B.     Plaintiffs' Requests Are Unduly Burdensome

As set forth above, the Settlement Agreement in the P&A Acts Suit is wholly inapplicable to discovery in the Mental Health Suit.  Moreover, this Court should grant this protective order on the grounds that Plaintiffs' counsel have repeatedly asked for, and have always been granted, access to DWCC to have one-on-one meetings with their clients.  They have also been granted multiple opportunities to meet with other inmates in a one-one-one confidential setting.  However, repeated requests by Plaintiffs' counsel to walk around a maximum custody cell block to go on a "fishing expedition" is wholly unreasonable and unduly burdensome.

---

[10] *Id.* at p. 7.
[11] *Id.*
[12] Most of the cell-front interviews are conducted with putative class members; as this Court has recognized, they are not current clients of the Advocacy Center.

Devoting time and effort to Plaintiffs' repeated requests for access creates a safety hazard and is extremely disruptive to Defendants' efforts to run and maintain a maximum custody prison.  During tier walkthroughs and cell-front interviews, DWCC has to allocate a resources to ensure: (1) the safety of the Plaintiffs' counsel and representatives; and (2) that Plaintiffs' counsel and representatives act within the parameters of this litigation and the scope of discovery.  Fundamental fairness demands that limitations be placed on the Plaintiffs' counsel's unfettered access during the pendency of this litigation.  Finally, and most importantly, Plaintiffs and the putative class are not prejudiced by this interpretation; Defendants have been more than judicious in their willingness to allow Plaintiffs' counsel conduct confidential interviews with Plaintiffs and putative class members when the requests were reasonable.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully ask the Court to grant this the Defendants' motion for a protective order prohibiting the Plaintiffs' counsel from conducting additional tier walkthroughs and cell-front interviews.

Respectfully Submitted:
**JEFF LANDRY,**
**ATTORNEY GENERAL**

KANTROW, SPAHT, WEAVER & BLITZER
(A PROFESSIONAL LAW CORPORATION)
445 North Boulevard, Suite 300 (70802)
P. O. Box 2997
Baton Rouge, Louisiana 70821-2997
Telephone: (225) 383-4703
Facsimile: (225) 343-0630

By: /s/ Randal J. Robert
      Randal J. Robert (#13800)
      Connell L. Archey (#29992)
      Keith J. Fernandez (#33124)
      George P. Holmes (#36501)
      *Special Assistant Attorneys General*

Email: randy@kswb.com
connell@kswb.com
keith@kswb.com
george@kswb.com

Margaret A. Collier (#33790)
Assistant Attorney General
Louisiana Department of Justice
Civil Division
P.O. Box 94005
Baton Rouge, LA 70804-9005
Telephone: (225) 326-6000
Fax: (225) 326-6098
Email: collierma@ag.louisiana.gov

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September, 2018, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

_____/s/ Randal J. Robert_____
Randal J. Robert

7