UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| ANTHONY TELLIS and BRUCE CHARLES, on behalf of themselves and all other similarly situated prisoners at David Wade Correctional Center, | * * * * * | CIVIL ACTION NO.: 5:18-CV-00541-EEF-MLH  JUDGE ELIZABETH E. FOOTE USMJ MARK L. HORNSBY |
| PLAINTIFFS, | * * | |
| VS. | * * | CLASS ACTION |
| JAMES M. LEBLANC, *et al.*, | * * | |
| DEFENDANTS. | * | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
LEAVE TO AMEND THE COMPLAINT**

INTRODUCTION

Plaintiffs seek leave under Federal Rule of Civil Procedure 15(a)(2) to amend the complaint to add the Advocacy Center as a party. Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As indicated by this Court, such an amendment may be made for good cause shown. In the Fifth Circuit "the four factors relevant to good cause are: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012).

First, Plaintiffs will address the importance of the amendment and why the addition of the Advocacy Center as a party has the potential to significantly reduce the burdens on the parties and the Court. Second, this brief will then address the reasons for amending the complaint at the

present time in context of the slow pace of progress in the discovery process. Finally, Plaintiffs will show that these changes impose no prejudice on Defendants and do not require any shift in the current scheduling order.

**I.      Plaintiffs' Addition of the Advocacy Center as a Party Will Streamline Litigation by Adding a Means of Quickly Reaching the Merits of this Litigation.**

The Advocacy Center's associational standing is a path to reaching the merits of this case and remedying the harms suffered by the prisoners on extended lockdown at DWCC. Protection and Advocacy ("P&A") organizations often are plaintiffs in prison and jail litigation where doing so protects the rights of their constituents and fulfills their statutory mandate. *Cooper v. Kliebert*, No. 15-751-SDD-RLB, 2016 WL 3892445, at *2 (M.D. La. July 18, 2016) (holding that the Advocacy Center had standing to sue on behalf of incompetent prisoners awaiting trial without treatment); *Dunn v. Dunn*, 219 F. Supp. 3d 1163, 1166 (M.D. Ala. 2016) (Alabama P&A as a party in prison class action on mental health claims "has associational standing to litigate claims that are, in essence, identical to those the individual plaintiffs endeavor to bring on behalf of the plaintiff classes"); *Cunningham v. Fed. Bureau of Prisons*, 222 F. Supp. 3d 959, 961 (D. Colo. 2015) (holding that the Colorado P&A had standing to bring Eighth Amendment claims against the federal ADX prison); *Oregon Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1113 (9th Cir. 2003) (holding that Oregon's P&A had standing to sue on behalf of incompetent prisoners awaiting transfer to state hospital).

Here, the Advocacy Center has a governing board of directors which is comprised of members who broadly represent and are knowledgeable about the needs of individuals with mental illness. That board has established priorities and objectives that include addressing "egregious conditions of neglect or abuse in prisons and jails." The work of the Advocacy Center is also

guided by a PAIMI[1] council through input of individuals with mental illness. 42 U.S.C. §10801 *et seq.* (2009). The case law is clear that the PAIMI council in each P&A organization confers associational standing allowing the organization to sue to protect the interests of individuals with mental illness.

Importantly, the addition of the Advocacy Center as a party is an independent basis for this Court to reach the merits of the Complaint as it relates to individuals with mental illness. Class certification discovery disputes and legal disputes have already derailed this litigation for months. This amendment would allow the Court and the parties to reach the substance of this litigation without requiring the time and expense of class certification. If this Court permits the amendment of the complaint to add the Advocacy Center as a party, the parties could streamline the litigation by stipulating to or dismissing elements of the complaint related to class certification.

## II. The Current Delays to Class Certification Caused by the Discovery Process and Defendants' Opposition

As explained above, Plaintiffs propose this amendment as a potential alternative to the need to resolve issues of class certification before reaching any of the merits of the litigation. Plaintiffs acknowledge that the Advocacy Center had associational standing to represent the interests of individuals on extended lockdown at DWCC with mental illness at the time the complaint was filed. The Advocacy Center now seeks to join the litigation in response to two developments in circumstances, explained below.

First, it has become increasingly clear that the Advocacy Center will have to remain substantively involved in this litigation using its federal statutory authority due to the continuing discovery of individuals in Defendants' custody who are unable to advocate for themselves.

---

[1] PAIMI stands for the Protection and Advocacy of Individuals with Mental Illness and is one of the federal grants that provide funding for the P&A to perform its work related to that particular population.

Federal law provides the Advocacy Center with broad access rights to prisoners in Defendants' facilities and to facility records for the purposes of investigating allegations of abuse and neglect, monitoring facility conditions and providing protection and advocacy services to specific prisoners. *See e.g.* 42 U.S.C. §§ 10805(a)(3) and 15043(a)(2)(H); 42 C.F.R. § 51.42(b) (PAIMI regulations). Given this broad authority, it is clear that Congress envisioned that the P&A could step in as needed to protect the rights of people with disabilities who are vulnerable and may be unable, or extremely limited, due their mental illness, in their ability to speak for themselves. Those individuals have continued to be identified in recent visits and associational standing is appropriate in light of the ongoing needs of this constituency.

Second, it is now readily apparent that the class certification process is going to be protracted and significantly delay relief on the merits of this litigation. For the last five months Plaintiffs have tried in good faith to conduct class discovery. As evidenced by the recent motion to compel, they have been unsuccessful. It is now clear to Plaintiffs that class certification will take possibly many months, and longer if there are appeals. Plaintiffs have an extreme sense of urgency about reaching the merits. The abuse, neglect, and rights violations inflicted on DWCC prisoners with mental illness has not abated since the filing the Complaint in the instant case. It is imperative that the merits of the case be reached as soon as possible. In light of the ongoing suffering of DWCC prisoners with mental illness, any steps that can expedite the process of reaching the merits are necessary and in the Advocacy Center's constituents' best interests. By allowing it to intervene, this Court will expedite this process to provide the swiftest possible relief to the men incarcerated at DWCC.

**III.     The Addition of the Advocacy Center as a Party Imposes No Prejudice on Defendants.**

This addition to the complaint has no downside; it changes none of the claims and defenses and imposes no burden on the current discovery timeline. The Court just rescheduled all of the class discovery deadlines. Rec. Doc. No. 127. The Court has asked the parties to suggest a class certification hearing date in late September or October. We are not currently on the eve of hearing; Defendants will suffer no prejudice whatsoever because all of the deadlines were just re-set. If the Court grants this intervention and the parties subsequently dispose of the class certification motion Defendants will suffer no prejudice.  To the contrary, all parties and the Court will benefit from eliminating the burden of a cumbersome, time consuming and expensive class certification process. All discovery conducted heretofore will still be useful for the trial on the merits and the parties can move forward with a merits scheduling order. This amendment would cause no prejudice to any party, but would have significant benefits for all involved.

## CONCLUSION

For the foregoing reasons, this Court should grant the Plaintiffs' motion for leave to amend the complaint to add the Advocacy Center as a party.

Respectfully submitted this 30th day of November, 2018,

*/s/ Jonathan C. Trunnell*

Jonathan C. Trunnell, La. Bar No. 36956, T.A.
Sarah H. Voigt, La. Bar No. 18483
Melanie Bray, La. Bar No. 37049
Ronald K. Lospennato, La. Bar No. 32191
Advocacy Center
8325 Oak Street
New Orleans, LA 70118
504-708-1460
504-507-1956 (fax)
jtrunnell@advocacyla.org

/s/ Katie M. Schwartzmann
Katie M. Schwartzmann, La. Bar No. 30295
Roderick & Solange MacArthur Justice Center
4400 S. Carrollton Avenue
New Orleans, La 70119
p. (504) 620-2259
katie.schwartzmann@macarthurjustice.org

CERTIFICATE OF CONSENT SOUGHT

Pursuant to the Local Rules governing ex parte filings, Plaintiffs sought opposing counsels' consent to amend the complaint. Opposing counsel did not respond.

/s/ Jonathan Trunnell

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2018, a copy of the foregoing Motion was electronically filed with the clerk of Court using the CM/ECF system.   Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

/s/ Jonathan Trunnell

6