UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| ANTHONY TELLIS and BRUCE CHARLES, on behalf of themselves and all other similarly situated prisoners at David Wade Correctional Center, | * * * * * | CIVIL ACTION NO.: 5:18-CV-00541-EEF-MLH JUDGE ELIZABETH E. FOOTE USMJ MARK L. HORNSBY |
| PLAINTIFFS, | * * | |
| VS. | * * | CLASS ACTION |
| JAMES M. LEBLANC, et al. | * * | |
| DEFENDANTS. | * | |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Plaintiffs submit this reply to Defendants' opposition to motion for leave to amend the complaint to respond to misstatements made by Defendants. Plaintiffs submit this reply to address the following issues: (1) Plaintiffs have good cause to amend the complaint; (2) Advocacy Center has associational standing and the purpose of the complaint is to address a systemic problem, not address individual injury.

**I.     ADVOCACY CENTER HAS GOOD CAUSE TO AMEND THE COMPLAINT**

Plaintiffs have good cause to amend the complaint to add the Advocacy Center. It is important to note that the only portion of the complaint that is amended is the addition of the Advocacy Center as a plaintiff. Because the Advocacy Center has associational standing, the amendment would not be futile as argued by Defendants.

In their opposition, Defendants seem to contend that Plaintiffs efforts to avoid the process of class certification and litigate the merits of this matter sooner is improper. This misses the point. Defendants have clearly demonstrated they are unwilling to try this case without contention at every step. Plaintiffs now offer a possible solution to move past this phase and allow the merits to be heard

1

sooner for the benefit of the parties and this Court. Associational standing permits an organization to obtain prospective relief without the need to certify a class.[1] Doing so is in accord with its mission to protect and advocate for the rights of "individuals with mental illness,"[2] which includes the right to pursue legal remedies on their behalf.[3] If AC can secure the same relief as that sought by the proposed class, there should be no reason for Defendants to insist upon the costly and time-consuming process that will be necessary to certify the proposed subclass.

It is of further note that Defendants have recently filed a preliminary opposition to class certification indicating they oppose all aspects of class certification.[4] This Court directed Defendants to consider what they intended to oppose and narrow it as much as possible to move these proceedings along and reduce the burden on parties to analyze every element for class certification. This opposition to every element to class certification implicates further delays in reaching the merits with lengthy proceedings to determine class certification. There is good cause to amend the Complaint.

## II.     ADVOCACY CENTER HAS ASSOCIATIONAL STANDING

Defendants allege Plaintiffs fail to meet the standard for associational standing claiming Plaintiffs cannot meet the third element of the test from *Hunt*[5] which states "neither the claim asserted nor the relief requested requires the participation in the lawsuit of each of the individual members."[6] In support of this assertion, Defendants point to the decision in *Prison Justice League v. Bailey*[7] that denied associational standing on the assertion that relief would require an individually fact-intensive

---

[1] *See Int'l Union, United Auto. Aerospace & Agric. Imlernela Workers of Am. v. Brock,* 477 U.S. 274, 288-90 (1986) (reaffirming associational standing as an alternative to class actions for securing injunctive relief); *Cooper v. Kliebert*, supra (approval of a settlement providing broad class action-like relief to persons with disabilities who were found incompetent to stand trial or not guilty by reason of insanity); *Mink,* 322 F.3d at 1123 (upholding injunction secured by P&A System on behalf of its constituents who presently are or may in the future be unfit to stand trial)
[2] 42 U.S.C. § 10801(b)(1), (b)(2)(A).
[3] *Id.*§ 10805(a)(1)(B)
[4] See Rec. Doc. 131.
[5] *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 333, 97 S. Ct. 2434, 2436, 53 L. Ed. 383 (U.S. 1977).
[6] Defendants do not contest that the Advocacy Center meets the first two elements from *Hunt*; Rec. Doc. 131, p.3.
[7] 697 F. App'x. 362 (5th Cir., 2017)

analysis that would necessarily rely heavily upon the participation of individual members of the lawsuit.[8]

Contrary to Defendants' assertion, AC easily satisfies the third prong of the *Hunt* test. "Congress can confer standing where the only obstacles are judicially fashioned and prudentially imposed."[9] Unlike the first two prongs of the *Hunt* test, the third one is prudential, and therefore Congress can confer standing for the purposes of that prong of the *Hunt* test.[10] Here, Congress plainly has conferred standing to P&A systems like AC. Through the PAIMI Act, Congress has vested AC with the authority to "pursue administrative, legal and other appropriate remedies to ensure the protection of individuals with mental illness ...."[11] In doing so, "Congress clearly intended [the PAIMI Act] to confer [prudential] standing on organizations (such as AC) to litigate on behalf of those suffering mental illness."[12] In short, Congress itself has satisfied the third prong of the *Hunt* test by the way it designed P&A systems.[13]

Even if Congress had not eliminated this prudential hurdle, which it clearly has, AC would still satisfy this prong. AC alleges systemic and systematic deficiencies in how DWCC provides mental health treatment, deficiencies that fall far below what the Constitution requires.[14] AC seeks declaratory and injunctive relief requiring Defendants to comply with the requirements of the ADA, Section 504, and the Eighth Amendment regarding the treatment of mentally ill prisoners.[15] Where, as here, AC seeks only prospective relief, and not monetary damages, individual participation is not required. As the Supreme Court has explained:

---

[8] Rec. Doc. 132, p.3
[9] *Oregon Advocacy Center v. Mink,* 322 F.3d 1101, 1113 (9th Cir. 2003); (quoting *United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.,* 517 U.S. 544, 558 (1996))
[10] *Mink,* 322 F.3d at 1113.
[11] 42 U.S.C. §10805(a)(1)(13).
[12] *Mink,* 322 F.3d at 1113.
[13] *Id..; see also Indiana Prot. & Advocacy Servs. Comm'n v. Commn'r, Indiana Dep't of Correction,* 642 F. Supp. 2d 872, 877 (S.D. Ind. 2009)(listing cases in accord).
[14] *See, e.g.,* Rec. Doc. 128-2, Proposed Amended Complaint
[15] *Id.*

> [W]hether an association has standing to invoke the court's remedial powers on behalf of its members depends in substantial measure on the nature of the relief sought. If in a proper case the association seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured. Indeed, in all cases in which we have expressly recognized standing in associations to represent their members, the relief sought has been of this kind.

*Warth v. Seldin,* 422 U.S. 490, 515 (1975). In this case Plaintiffs seek only prospective relief broadly remedying systems, not providing individualized relief. Broadly, Plaintiffs allege that entire systems of care at DWCC are broken or missing, not that care in individual instances has fallen beneath the constitutional floor. This is exactly the sort of claim and remedy for which associational standing is appropriate.

In their argument, Defendants confuse the necessity of individual participation for evidentiary purposes and the necessity of participation of the individual members for a "fact-intensive-individual inquiry".[16] *Doe v. Bailey*, citing *Ass'n of Am. Physicians and Surgeons* states:

> In the Fifth Circuit, the key inquiry regarding whether the claims require the participation of the individual members centers on whether the adjudication of the claim can be proven by evidence from representative injured members, or whether the claim requires a "fact-intensive- individual inquiry."

In this case, the circumstances of individual members are used as evidentiary exemplars of the inadequacy of the system currently in place. Unlike *Bailey*, this case addresses the systemic failure to provide mental health treatment and relies upon the records and circumstances of individuals in an evidentiary capacity to demonstrate this failure. Plaintiffs seek relief to address the system failure and not to relieve individual injuries.

With all three components of the *Hunt* test satisfied, AC has standing to assert its constituent-members' immediate or threatened injuries as a result of defendants' violations of their ADA, Section 504, and Eighth Amendment rights, and it has standing to seek declaratory and injunctive relief on

---

[16] *Doe v. Bailey*, 2015 WL 5737666 (S.D. TX, Sept. 30, 2015); citing *Ass'n of Am. Physicians and Surgeons v. Tex. Ned. Bd.*, 627 F.3d 547 (5th Cir. 2010).

their behalf. For these reasons, and the reasons set forth in Plaintiffs Memorandum in Support of Plaintiffs' Motion for Leave to Amend the Complaint, Plaintiffs request should be granted.

Respectfully submitted,

*/s/ Melanie Bray*
Jonathan C. Trunnell, La. Bar No. 36956, T.A.
Sarah H. Voigt, La. Bar No. 18483
Melanie Bray, La. Bar No. 37049
Ronald K. Lospennato, La. Bar No. 32191
Advocacy Center
8325 Oak Street
New Orleans, LA 70118
504-708-1460
504-507-1956 (fax)
jtrunnell@advocacyla.org

*/s/ Katie M. Schwartzmann*
Katie M. Schwartzmann, La. Bar No. 30295
American Civil Liberties Union
P.O. Box 56157
New Orleans, Louisiana 70156
(504) 522-0628, ext. 125
kschwartzmann@laaclu.org

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing as filed using the Court's CM/ECF system, which will automatically provide notice to all counsel of record.

*/s/ Melanie Bray*