UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY TELLIS and BRUCE CHARLES * <br> on behalf of themselves and all others similarly * <br> situated * <br> * <br> VERSUS * <br> * <br> JAMES M. LEBLANC, Secretary * <br> of the Louisiana Department of Public Safety * <br> and Corrections, JERRY GOODWIN, * <br> Warden of David Wade Correction Center * <br> COL. LONNIE NAIL; DOCTOR GREGORY * <br> SEAL; ASSISTANT WARDEN DEBORAH * <br> DAUZAT; STEVE HAYDEN; AERIAL * <br> ROBINSON; JOHNIE ADKINS; and * <br> THE LOUISIANADEPARTMENT OF * <br> PUBLIC SAFETYAND CORRECTIONS * | JUDGE ELIZABETH E. FOOTE <br> USMJ MARK L. HORNSBY <br> <br> <br> <br> <br> <br> CIVIL ACTION <br> NO.: 5:18-CV-00541-EEF-MLH |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
TO APPROVE PUTATIVE CLASS COMMUNICATION**

The Defendants offer the following Memorandum in Support of their Motion to Approve Putative Class Communication. For the reasons more fully set forth herein, the Defendants should be entitled to investigate this matter through informal discussions with those putative class members whom are not represented in this matter.

**I.     FACTUAL BACKGROUND**

This suit was filed by the Advocacy Center on behalf of Anthony Tellis and Bruce Charles (the "Plaintiffs") in the United States District Court for the Middle District of Louisiana (the "Middle District") on February 20, 2018. On April 19, 2018, this matter was transferred to this Honorable Court by the Middle District. [MDLA R. Doc. 40.]

On July 19, 2018, the Defendants propounded discovery to the Plaintiffs asking them to identify "all offenders at DWCC you claim have a current attorney–client relationship with your

attorneys." (Int. No. 19.) In response both named plaintiffs, through their counsel, objected to the interrogatory and implied that all offenders housed in N1–N4 had an attorney–client relationship with their counsel. On September 18, 2018, the Defendants sent a deficiency letter to Plaintiffs' counsel stating as follows:

> With regard to Interrogatory No. 19, your office has made allegations that you have attorney–client relationships with the putative class. We have asked a specific question about who you claim to have a relationship with. This information goes directly toward adequacy of the class representatives. The Plaintiffs as putative class representatives have an obligation to answer this question. To the extent they continue to refuse to answer this interrogatory, we will assume that we may interview all inmates you do not identify as clients in this. We would prefer to work with you on this very basic question, but if you persist in refusing to answer, we may have to take further action to get an answer to this question.

(Ex. A.)

> In response, on October 5, 2018, the Plaintiffs supplemented their response as follows:
>
> **Supplemental Response to Interrogatory No. 19**: As stated in our original response, every communication we have with every prisoner on the South Compound has been with the understanding that the communication is privileged. We represent all members of the putative class, which at a minimum includes all prisoners housed in extended lockdown (N1-N4) as it is defined in the Complaint.
>
> You explicitly do not have our permission to "assume that you may interview all inmates." We have clearly stated that we consider ourselves to have an attorney-client relationship with every person housed on the South Compound and we have advised every person we have spoken with of same. If you have a belief that we are not the representative of a particular person and intend to proceed with speaking with that individual please notify Plaintiffs in advance of any intended contact with a putative class member.

(Ex. B.) The Plaintiffs continue to assert an attorney–client relationship with all putative class members with no factual or legal basis to support this claim. This response is consistent with the

2

Plaintiffs' continuing pattern of behavior seeking to prevent the Defendants from having an equal opportunity to investigate the claims in this lawsuit.[1]

The Plaintiffs flatly refuse to identify who they have a current attorney–client relationship with in this matter as a means to prohibit the Defendants from investigating their claims. The Defendants simply want equal access to investigate and test the claims of the Plaintiffs. The Plaintiffs should not be allowed to assert a blanket representation of all putative class members to prevent any contact by the Defendants. As discussed below, Plaintiffs' counsel has no attorney–client relationship with putative class members. Consequently, the Defendants ask that this Honorable Court grant this motion and rule that the Defendants are entitled to communicate with all offenders who are not named plaintiffs in this matter unless and until such time as a class is certified.

## II. LAW AND ARGUMENT

The law is clear that a "client-lawyer relationship with a potential member of the class does not begin until the class has been certified[.]" *In re Katrina Canal Breaches Consolidated Litig.*, No. 05–4182, 2008 WL 4401970, at *3 (E.D.La. Sept. 22, 2008); see also Restatement (Third) of the Law Governing Lawyers § 99 (2000) ("[O]nce the proceeding has been certified as a class action, the members of the class are considered clients of the lawyer for the class; prior to certification, only those class members with whom the lawyer maintains a personal client-lawyer relationship are clients."). Thus, before class certification, the putative class members are not represented persons within the meaning of La. R. Prof'l. Conduct 4.2.[2] Therefore, the

---

[1] The Plaintiffs previously sought to exclude the Defendants from participating in tier-front interviews in this matter and have abused the discretion given by this Honorable Court by withholding discoverable information. This abuse is the subject of a pending motion to compel before this Honorable Court. *See* R. Doc. 112.

[2] "Unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order, a lawyer in representing a client shall not communicate about the subject of the representation with . . . a person the lawyer knows to be represented by another lawyer in the matter[.]"

Defendants have every right to communicate with any and all offenders housed in extended lockdown other than the two named plaintiffs, Tellis and Charles.

The Defendants are seeking this Court's order confirming the Defendants' right to interview offenders on extended lockdown regarding the allegations in the Plaintiffs' lawsuit. Before a class has been certified, "only the named plaintiffs are clients of the [plaintiffs' law] firm at this stage. Therefore, [the firm] cannot assert the attorney-client privilege with respect to . . . [un]named plaintiffs because only clients can claim this privilege." See *In re Katrina Canal Breaches Consol. Litig.*, No. CIV.A. 05-4182, 2008 WL 4401970, at *2 (E.D. La. Sept. 22, 2008); *see also* § 11:1. Status of communications with class members, 2 McLaughlin on Class Actions § 11:1 (15th ed.) ("The majority rule is that while named plaintiffs are clients of class counsel precertification, absent class members are not represented parties prior to class certification and the expiration of any opt-out period, and thus neither the ethical rules governing communications with represented parties nor the attorney-client privilege, are applicable precertification."); Restatement (Third) of the Law Governing Lawyers § 99 (2000) ("[O]nce the proceeding has been certified as a class action, the members of the class are considered clients of the lawyer for the class; prior to certification, only those class members with whom the lawyer maintains a personal client-lawyer relationship are clients.").

> The American Bar Association is in accord, stating in a formal opinion:
>
> Before the class has been certified by a court, the lawyer for plaintiff will represent one or more persons with whom a client-lawyer relationship clearly has been established. As to persons who are potential members of a class if it is certified, however, no client-lawyer relationship has been established. A client-lawyer relationship with a potential member of the class does not begin until the class has been certified and the time for opting out by a potential member of the class has expired. If the client has neither a consensual relationship with the lawyer nor a legal substitute for consent, there is no representation. Therefore, putative class members are not represented parties for purposes of the Model Rules prior to certification of the class and the expiration of the opt-out period.

American Bar Association Formal Opinion 07-445 (April 11, 2007). As the named plaintiffs are the only offenders represented in this matter, the Defendants are entitled as a matter of law to interview any putative class member (other than the named plaintiffs) regarding the allegations in the Plaintiffs' lawsuit.

The Plaintiffs' position is in direct contravention to the clear law on this point. Instead, the Plaintiffs seek to obstruct the Defendants from investigating this matter in the manner to which they are entitled as a matter of law (and consistent with the rules of discovery and the ethical rules governing lawyers). The Defendants are asking this Honorable Court to order what the law clearly provides; namely, that the Defendants be allowed to engage in informal discussions with offenders in extended lockdown that are not named plaintiffs to investigate the facts and circumstances alleged in this lawsuit. The Plaintiffs have availed themselves of similar opportunities to meet with putative class members. Fairness dictates that the facts be equally available to both parties at this stage in the litigation.

### III. CONCLUSION

The Plaintiffs continue to engage in tactics calculated to prevent the Defendants from adequately investigating their claims in this lawsuit. The Plaintiffs have excluded the Defendants from factual information relating to cell front interviews [R. Doc. 91] and now claim they represent all offenders in extended lockdown with no factual or legal basis to support their position. The Plaintiffs' counsel has withheld non-privileged information from cell front interviews gathered by their experts [R. Doc. 112]. The Plaintiffs' counsel has also attempted to block the Defendants from communicating with important fact witnesses by baselessly declaring that they represent every person past, present, and future that has been housed in extended lockdown. The Defendants respectfully ask this Honorable Court to grant this motion and

confirm what the law provides; namely, that the Defendants may engage in informal discussions with the unnamed putative class members who may be important fact witnesses in this case.

Respectfully Submitted:

**JEFF LANDRY,**
**ATTORNEY GENERAL**

KANTROW, SPAHT, WEAVER & BLITZER
(A PROFESSIONAL LAW CORPORATION)
445 North Boulevard, Suite 300 (70802)
P. O. Box 2997
Baton Rouge, Louisiana 70821-2997
Telephone: (225) 383-4703
Facsimile: (225) 343-0630

By: /s/ Randal J. Robert
    Randal J. Robert (#13800)
    Connell L. Archey (#29992)
    Keith J. Fernandez (#33124)
    George P. Holmes (#36501)
    *Special Assistant Attorneys General*
    Email: randy@kswb.com
           connell@kswb.com
           keith@kswb.com
           george@kswb.com

    Margaret A. Collier (#33790)
    Assistant Attorney General
    Louisiana Department of Justice
    Civil Division
    P.O. Box 94005
    Baton Rouge, LA 70804-9005
    Telephone: (225) 326-6000
    Fax: (225) 326-6098
    Email: collierma@ag.louisiana.gov

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of January, 2019, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                  /s/ Randal J. Robert
                                  Randal J. Robert