UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| ANTHONY TELLIS and BRUCE CHARLES, on behalf of themselves and all other similarly situated prisoners at David Wade Correctional Center, | * * * * * | CIVIL ACTION NO.: 5:18-CV-00541-EEF-MLH |
| and | * * | |
| THE ADVOCACY CENTER, | * * | JUDGE ELIZABETH E. FOOTE USMJ MARK L. HORNSBY |
| PLAINTIFFS, | * * | |
| Vs. | * * | CLASS ACTION |
| JAMES M. LEBLANC, *et al*. | * * | |
| DEFENDANTS. | * | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' SECOND MOTION TO COMPEL**

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 2
II.  INTERROGATORY RESPONSES ................................................................................ 3
III. REQUESTS FOR PRODUCTION ............................................................................... 14
IV. CONCLUSION ............................................................................................................. 15

**TABLE OF AUTHORITIES**

**Cases**

*F.T.C. v. Ivy Capital, Inc.*, No. 2:11-CV-00283-JCM, 2012 WL 1883507 (D. Nev. May 22, 2012) ............................................................................................................................. 6
*Grynberg v.. Total S.A.*, 2006 WL 1186836 (D. Colo. 2006) ....................................................... 6
*Hilt v. SFC, Inc.*, 170 F.R.D. 182 (D. Kan. 1997) ........................................................................ 6
*IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316 (D. Kan. 1998) .................................... 6
*In & Out Welders, Inc. v. H & E Equip. Servs., Inc.*, No. CV 16-86-JWD-RLB, 2018 WL 4224856 (M.D. La. Sept. 5, 2018) .......................................................................... 5, 6
*In re Katrina Canal Breaches*, No. 05-4182, 2007 WL 1852184 (E.D. La. June 27, 2007) .......... 5
*Johnson v. Coca-Cola Enterprises, Inc.*, No. CIV.A. 3:05-1479, 2006 WL 1581218 (W.D. La. June 6, 2006) .................................................................................................................. 2

I. **INTRODUCTION**

Plaintiffs respectfully submit the following memorandum in opposition to Defendants' Second Motion to Compel [R. Doc. 144]. Plaintiffs oppose this motion for three reasons: (1) Defendants have failed to meet and confer in good faith; (2) this motion incorrectly mischaracterizes responses that have been provided as nonresponsive; and (3) this motion is premature in seeking the production of material that will be produced to Defendants once it is available.

Plaintiffs received Defendants' most recent request to supplement these responses on September 18, 2018. Rec. Doc. 144-4. Plaintiffs responded by supplementing their answers on October 5, 2018. Rec. Doc. 144-5. Five months have passed since Defendants received those responses, during which time they have made no effort to meet and confer as to the adequacy of the supplemental responses. Defendants have been admonished that they must meet and confer in good faith before filing discovery motions in this case. Rec. Doc. 153 at p. 3. As this Court has held:

> [W]hen counsel makes no effort to attempt to confer in person or by telephone in an attempt to resolve the issues presented in the motion, there has been no compliance with Rule 37.1W, and the discovery motion is not properly before the court. If the court were to nonetheless address the merits of the discovery motion, noncompliance with the local rule would have no consequences, and the local rule would serve only as a suggestion that counsel would be free to ignore.

*Johnson v. Coca-Cola Enterprises, Inc.*, No. CIV.A. 3:05-1479, 2006 WL 1581218, at *2 (W.D. La. June 6, 2006) (Hornsby, M.J.). A telephone call from September of last year satisfies only the formal requirement that the parties meet and confer, but it does not reflect a reasonable effort to work in good faith to amicably resolve issues before filing the motion now before the Court. Defendants had four months to contact Plaintiffs and work to resolve any issues amicably but did

not inform Plaintiffs that they considered the supplemental responses unsatisfactory. If they had, at least some of these issues could have been resolved.[1]

Plaintiffs' case is premised on documents in the possession of the Defendants. Defendants have yet to respond to a number of Plaintiffs' discovery requests, which are currently the subject of a motion to compel. Rec. Doc. 133. Because they have not yet produced them in full to Plaintiffs, Plaintiffs are unable to fully respond to discovery requests seeking identification of documents that they do not yet have from Defendants. All documents that Defendants are seeking from Plaintiffs are already within their custody and control. Plaintiffs will respond fully to Defendants' requests as soon as possible but are unable to do so until Defendants first produce the documents to Plaintiffs. Plaintiffs already have produced all responsive documents known to be in their possession.

## II. INTERROGATORY RESPONSES

Defendants' **Interrogatory No. 3** requests identifying information for "every witness known to you or to your attorney who has or purports to have knowledge reading[sic] the facts and circumstances surrounding the incidents referred to in your complaint." Rec. Doc. 144-5 at 1. Plaintiffs complied with this in their initial disclosures. Pursuant to a phone conference on September 19, 2018, Defendants asked that Plaintiffs reproduce the initial disclosures list rather than simply referencing it in their response. Plaintiffs complied and reproduced the list of individuals identified in initial disclosures, as well as any updates, as Appendix A with their supplemental responses.[2] During the telephone conference on September 19, Defendants did not raise any other concerns or issues regarding Plaintiffs' response other than the request to reproduce

---

[1] For example, in response to this Court's order to meet and confer in good faith on outstanding motions, Rec. Doc. 153, Plaintiffs agreed to supplement responses to Interrogatory 19, and did so on February 15, 2019.
[2] See Rec. Doc. 144-5 – supplemental responses to Defendants' requests.

3

the initial disclosures list. For the first time, Defendants in their motion to compel have changed the scope of their request to include all individuals Plaintiffs "expect to call as witnesses." Rec. Doc. 144-1 at 3. The response that Defendants are now moving to compel is new and as such would require a separate interrogatory request, not a demand to supplement an existing request with new parameters for its response.

Defendants' **Interrogatory No. 4** seeks the identification of "every person that you or your attorneys have met with or have taken statements from (whether oral or written) regarding the facts of your complaint." Rec. Doc. 144-5 at 2. In their motion to compel, Defendants allege that Plaintiffs have failed to provide a response to this request, which is simply untrue. In the supplemental response, Rec. Doc. 144-5 at 2-3, Plaintiffs direct Defendants to Appendix A produced as a supplemental response to Interrogatory 3. That list identifies every person with whom Plaintiffs had written or oral contact. It is unclear what further information Defendants are moving to compel as this list of individuals is completely responsive to the request.

Defendants' **Interrogatory No. 5** seeks for Plaintiffs to "list and describe in detail each and every document, exhibit, or piece of demonstrative evidence you may use at the trial of this cause." Rec. Doc. 144-4 at 3. Plaintiffs and Defend were both instructed to "focus primarily on preparation for the hearing on class certification." Minutes from Status Conference, Rec. Doc. 56 at p 2.

> The court emphasizes that the discovery and expert related deadlines set forth above are focused on class certification issues. Once the motion for certification is decided, there will be an additional opportunity for the parties to conduct merit-based fact and expert discovery.

Minutes from Status Conference, Rec. Doc. 127 at p. 2. The parties are still in the class----- certification phase and are nowhere close to a "trial of this cause." Plaintiffs are simply not in a position to identify "every document, exhibit, or piece of demonstrative evidence" Plaintiffs intend

4

to use at trial at this time. Plaintiffs are unable to identify documents to be used at trial because work thus far has been focused on class certification. As plainly stated in the original and supplemental responses, Plaintiffs have not yet identified the requested information and will supplement the response once that information has been identified. Defendants are moving to compel the identification of evidentiary proof that Plaintiffs "intend to use at trial" [Rec. Doc. 144-1 at 4] prior to discovery on class certification even closing. Preparing exhibits for a trial that has not yet been scheduled is premature. This request is grossly premature and disproportionate to the needs of the case at this stage in the litigation. Plaintiffs are unable to answer more than they have.

Defendants' **Interrogatory No. 7** requests Plaintiffs to identify "all factual bases for your allegations contained in paragraphs 51-106 and identify all documents and evidence you contend support these allegations." Rec. Doc. 144-5 at 4. This single request seeks the factual bases for 55 paragraphs in the Complaint, to which Plaintiffs have objected as unduly broad, compound and overly burdensome. In an effort to provide a good-faith response, Plaintiffs Tellis and Charles provided their narratives with factual bases that encompass the information contained in the 55 identified paragraphs. Additionally, because Plaintiffs have not yet identified all documents and exhibits that will be used, Plaintiffs provided the categories and types of documents they intend to rely upon to prove the elements contained in the identified 55 paragraphs. Rec. Doc. 144-5 at 5-6. The request seeks Plaintiffs' "factual bases for their allegations" but proving allegations is the standard for success on the merits, not for class certification. This request is facially inconsistent with this Court's order to focus first on class-certification issues. Rec. Doc. 56; Rec. Doc. 127. "It is within the court's discretion to determine the appropriate time for responding to a contention interrogatory." *In & Out Welders, Inc. v. H & E Equip. Servs., Inc.*, No. CV 16-86-JWD-RLB,

2018 WL 4224856, at *3 (M.D. La. Sept. 5, 2018); *citing In re Katrina Canal Breaches*, No. 05-4182, 2007 WL 1852184, at * 3 (E.D. La. June 27, 2007).

The named Plaintiffs each attempted to answer this question in good faith by pointing to material facts within their personal knowledge. Under Fed. R. Civ. P. 26(g), a party who signs an interrogatory "certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: (A) with respect to a disclosure, it is complete and correct as of the time it is made." The named Plaintiffs have answered the interrogatories based on their personal knowledge after a reasonable inquiry. If Defendants have more specific inquiries about particular paragraphs, they must make them with particularity. The paragraphs identified by Defendants contain facts, are descriptive, and speak for themselves.

Contention interrogatories are specifically permitted by Rule 33, which provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). However, as with any type of permissible discovery, contention interrogatories may be overbroad and disproportionate to the needs of the case. Interrogatories asking for all facts are widely disfavored by the courts because they are overbroad and burdensome to answer.

> To require specifically "each and every" fact and application of law to fact, however, would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details. The burden to answer then outweighs the benefit to be gained. Other discovery procedures, such as depositions and production of documents, better address whatever need there be for that kind of secondary detail.

*IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998); *see also*, *In & Out Welders, Inc. v. H & E Equip. Servs., Inc.*, No. CV 16-86-JWD-RLB, 2018 WL 4224856, at *3 (M.D. La. Sept. 5, 2018). Courts have held that such "blockbuster" interrogatories are unduly burdensome on their face. *See e.g. Hilt v. SFC, Inc.,* 170 F.R.D. 182, 186–87 (D. Kan. 1997);

*Grynberg v.. Total S.A.,* 2006 WL 1186836, *6–7 (D. Colo. 2006); *F.T.C. v. Ivy Capital, Inc.*, No. 2:11-CV-00283-JCM, 2012 WL 1883507, at *9 (D. Nev. May 22, 2012) ("The [Plaintiffs are] not required, however, to describe each and every alleged misrepresentation or other violation committed against each and every consumer of Defendants' program."). [3]

Plaintiffs have responded to this interrogatory in good faith, with the information available at this point in discovery, and consistent with the Court's instruction to focus on class certification issues.

Defendants' **Interrogatory No. 11** requests identification of "each and every instance in which you contend Defendants ignored your complaints concerning your mental health needs". Rec. Doc. 144-5 at p.6. Plaintiffs Tellis and Charles provided their individual explanations in response to this request, in addition to the responses they provided to Interrogatory No. 7. Plaintiffs responded in generalities rather than enumerated instances, such as "every time I've been on suicide watch, I tell them how I feel but they never offer any kind of treatment," because they are indicating a complete and total lack of response to mental health needs. Defendants appear to be insisting upon specific instances, which go to the allegation when in fact, the complete absence of mental health treatment is the response. In a good-faith effort to identify the materials to the best of their knowledge and ability, Plaintiffs offered a list of the categories and types of documents they intend to rely upon to prove these allegations. Rec. Doc. 144-5 at 7.

Defendants propounded this interrogatory directed at the named Plaintiffs, but they move to compel a response for the "system wide claims" that apply to the entire putative class. The named Plaintiffs each responded with their own narrative, consistent with Rule 26(g) and the current stage of the litigation. This interrogatory seeking "each and every instance" is a

---

[3] For the purposes of avoiding repetition, Plaintiffs wish to integrate this paragraph into the responses to Interrogatories 11, 12, 13, 14, 16, 18, 20, and 21.

"blockbuster interrogatory" of the type discussed in response to Interrogatory 7; Plaintiffs incorporate that response to its overbreadth and disproportionality to the needs of the case.

Defendants' **Interrogatory No. 12** requests the identification of "all bases for your allegation that mental illness goes untreated at DWCC." Rec. Doc. 144-5 at 8. As stated in Plaintiffs' supplemental response, a full response was provided. While Defendants are moving to compel a response that includes specific examples, the response provided by Plaintiffs is simply that there is no effective program available for the treatment of mental illness. Plaintiffs directed Defendants additionally to the response to Interrogatory No. 7, which does provide examples of the absence of a mental health program. Rec. Doc. 144-5 at 8. Moreover, the Complaint specifically articulates the factual bases that support this allegation. This interrogatory seeking "all bases" is a "blockbuster interrogatory" of the type discussed in response to Interrogatory 7; Plaintiffs incorporate that response to its overbreadth and disproportionality to the needs of the case. The named Plaintiffs have responded to this request to the fullest extent of their ability consistent with Rule 26(g).

Defendants' **Interrogatory No. 13** requests identification of "each and every instance in which you contend Defendants took any actions which you believe demonstrate a disregard for your serious mental health needs." Rec. Doc. 144-5 at 8. Plaintiffs directed Defendants to responses provided to several other interrogatories which make various statements regarding the absence of a mental health treatment program. Rec. Doc. 144-5 at 8-9. In responding to the interrogatories, each of the named Plaintiffs explained the ways in which they had been failed by the broken mental health system at DWCC. Beyond the responses of the named Plaintiffs to the best of their personal knowledge, it is not possible for Plaintiffs to identify all incidents that demonstrate Defendants' mental state when providing mental health services to a changing class

8

of 400 people. This interrogatory seeking "each and every instance" is a "blockbuster interrogatory" of the type discussed in response to Interrogatory 7; Plaintiffs incorporate that response to its overbreadth and disproportionality to the needs of the case.

A preliminary showing that Defendants' inadequate mental health system is the result of disregard or deliberate indifference is not required at the class-certification stage. Defendants' motion to compel is inconsistent with the orders to focus on class-certification issues. Rec. Doc. 56; Rec. Doc. 127. As Defendants produce documents, Plaintiffs review them for their relevance to class certification and the merits. It is certain that additional specific salient documents and examples will be identified through discovery, but the documents that tend to prove Defendants' disregard and indifference are in Defendants' possession. Many of these documents are the subject of a motion to compel. Rec. Doc. 133. There is no prejudice to Defendants in a necessary delay. For Plaintiffs to finish identifying which examples or instances will be responsive to this request, Plaintiffs must first receive the information from the Defendants. Defendants have answers to the best of Plaintiffs' abilities at this time.

Defendants' **Interrogatory No. 14** focuses on the delay in providing mental health care and requests identification of "each and every instance in which you believe that has occurred and how you were substantially harmed as a result of any such delay." Rec. Doc. 144-5 at 9. Plaintiffs have repeatedly responded to requests for specific instances that mental health treatment does not exist.[4] In the response to this request, Plaintiff Charles states, "mental health programs are not provided to inmates on extended lockdown." Rec. Doc. 144-5 at 9. Plaintiff Tellis states, "when I wrote the letter, Hayden came down and didn't do anything … didn't give me any meds or refer

---

[4] See Rec. Doc. 144-5 for all response to interrogatories.

me or anything[.]" Rec. Doc. 144-5 at 9. Defendants are again seeking specific instances when the response is a general statement that a treatment program does not exist.

This interrogatory seeking "each and every instance" is a "blockbuster interrogatory" of the type discussed in response to RFP 7; Plaintiffs incorporate that response to its overbreadth and disproportionality to the needs of the case.

The named Plaintiffs to whom Defendants directed the interrogatory have responded to this request to the fullest extent possible consistent with Rule 26(g). Plaintiffs further re-aver their responses above that it is not possible to identify each and every instance in a changing class of approximately 400 people this early in the proceedings. Plaintiffs stated that they could not answer for the rest of the class and specifically identified the categories of documents most likely to be salient to this question. Many of those documents are exclusively in the possession of the Defendants and are the subject of a motion to compel. Discovery has been focused on the class certification issues rather than the merits.

Defendants' **Interrogatory No. 16** requests all factual bases for the allegations that Defendants respond "brutally" and to identify which Defendants are responsible for any identified bases. Rec. Doc. 144-5 at 10. Plaintiffs provided a number of responses including rampant use of mace, full restraints, and physical attacks by guards. Rec. Doc. 144-5 at 10. Defendants state in their motion to compel that Plaintiffs "provided general narratives but failed to identify any specific instances save one." Rec. Doc. 144-1. Plaintiffs have identified common practices by staff that are brutal responses to mental illness and requests for assistance. Plaintiffs are coordinating the logistics with Defendants to notice depositions of the responsible Defendants, Col. Lonnie Nail and Warden Jerry Goodwin. Plaintiffs have identified categories and types of documents that they intend to rely upon but have not yet identified specific documents, again because those documents

are in the possession of the Defendants. Many documents that Plaintiffs expect to be relevant to this claim for both the class certification and merits are the subject of a pending motion to compel. Rec. Doc. 133. The named Plaintiffs answered to the best of their ability, consistent with Rule 26(g). Defendants' motion to compel seeks an answer as to the merits of the claims.

This interrogatory seeking "all factual bases" is a "blockbuster interrogatory" of the type discussed in response to Interrogatory 7; Plaintiffs incorporate that response to its overbreadth and disproportionality to the needs of the case.

Defendants' **Interrogatory No. 18** requests identification of "all factual bases for allegations that Defendants discriminate as to mental health treatment on the basis of disability at DWCC and identify all documents and evidence you contend support these allegations." Rec. Doc. 144-5 at 12. In their motion to compel, Defendants point to Plaintiffs' objection but fail to acknowledge the responses provided by Plaintiffs, which are responsive to the request. As for the identification of documents, Plaintiffs have identified categories and types of documents that they intend to rely upon but have not yet identified specific documents. Discovery is ongoing and Plaintiffs are still at the class certification stage of the proceedings. This interrogatory seeking "all factual bases" is a "blockbuster interrogatory" of the type discussed in response to Interrogatory 7; Plaintiffs incorporate that response to its overbreadth and disproportionality to the needs of the case.

Defendants' **Interrogatory No. 19** requests identification of "all offenders at DWCC you claim to have a current attorney-client relationship with your attorneys." Rec. Doc. 144-5 at 13. Defendants are correct in pointing out that this topic has been extensively briefed in connection with other motions.[5]

---

[5] See Rec. Doc. 147 – Reply to Defendants' opposition to a TRO; Rec. Doc. 155 - Plaintiffs opposition to Defendants' Motion to approve putative class communication.

On February 14, 2019, per this Court's order to meet and confer, the Parties discussed the pending motions over the telephone. During that call, Plaintiffs agreed to provide an updated list of the individuals with whom counsel have an attorney-client relationship without the formalities of a request to supplement. On February 15, 2019, Plaintiffs sent an updated list identifying 310 individuals. Defendants responded as follows:

> We note that your purported list of clients exceed [sic] 300 offenders and is basically, with few exceptions, a list of everyone who is or has been in extended lockdown at DWCC. We do not view this as a good faith effort to identify your clients. Instead, it appears to be nothing more than a restatement of your prior position that you represent the entire putative class by simply providing us with all of their names and asserting attorney-client privilege. In fact, if all of these individuals are in fact your clients, we don't understand why we have not spent months working toward a class certification hearing and/or why you recently filed a motion to amend to name the advocacy center as a plaintiff. You could have simply covered the field by naming all of these "clients" as parties to the litigation in the first instance.[6]

Plaintiffs have met or corresponded with nearly every individual who is or has been on extended lockdown at DWCC. Plaintiffs have worked systematically to contact individuals on extended lockdown, explain this litigation, to assist people in understanding their legal rights, to investigate facts, and to offer our assistance. This rigor and diligence are the hallmarks of effective class counsel. Defendants' motion to compel is without merit.

Defendants' **Interrogatory No. 20** requests identification of "each and every instance you contend Defendants have violated the First Amendment," including the identity of the responsible Defendant and any documents or evidence support the allegations. Rec. Doc. 144-5 at 14. Defendants now state that Plaintiffs did not provide a response, overlooking the response provided to Defendants in their supplemental response that points to the response provided to Defendants' Request for Production No. 12. Rec. Doc. 144-5 at 14. An interrogatory response that refers to

---

[6] Exhibit 1 – Defendant Response to Visit List and Attorney-Client Relationships

documents provided in a request for production is permissible per Rule 33(d). The Defendants responsible for these actions are Col. Lonnie Nail, as the person who oversees all activity on the south compound, and Warden Jerry Goodwin, as he is responsible for all actions taken by his staff at the prison. As also stated, Plaintiffs will fulfill their obligation to supplement this response with additional information should it become available.

This interrogatory seeking "each and every instance" is a "blockbuster interrogatory" of the type discussed in response to Interrogatory 7; Plaintiffs incorporate that response to its overbreadth and disproportionality to the needs of the case.

Defendants' **Interrogatory No. 21** requests identification of "all bases upon which you contend that Defendants have violated the Eighth Amendment and identify all documents and evidence you contend support these allegations." Rec. Doc. 144-5 at 14. The Eighth Amendment protects prisoners from cruel and inhumane treatment while incarcerated, which includes denial of medical and *mental health* treatment, the excessive use of extended lockdown and solitary confinement, physical abuse by guards, and inhumane conditions. In sum, this request includes all evidence supporting the merits of nearly the entire lawsuit. The responses to Interrogatories 7, 8, 9, 10, 11, 12, 13, 14, 16, and 18 identify allegations and factual bases for Eighth Amendment violations.[7] As for the identification of documents, Plaintiffs provided a list of categories and types of documents that the intend to rely upon as particular documents have not yet been identified. Per this Court's instructions, Plaintiffs have been preparing for the factual showing required for class certification.

---

[7] See 144-3 – Anthony Tellis responses to Defendants' discovery requests.

13

This interrogatory seeking "each and every instance" is a "blockbuster interrogatory" of the type discussed in response to Interrogatory 7; Plaintiffs incorporate that response to its overbreadth and disproportionality to the needs of the case.

### III.   REQUESTS FOR PRODUCTION

Defendants' **RFP No. 14** requested production of "all documents evidencing which offenders at DWCC, the Advocacy Center claims to have an attorney-client relationship." Rec. Doc. 144-5 at 18. Similar to Interrogatory No. 19, this information is equally the subject of a great deal of briefing. Despite Plaintiffs' responses, Defendants continue to demand documents that *prove* an attorney-client relationship. While Plaintiffs refer to the extensive briefing on this matter, Plaintiffs object to the production of any privileged correspondence.

Defendants **RFP No. 15** requests production of "all documents related to the Advocacy Center's billing in this matter." Rec. Doc. 144-5 at 18. Defendants are seeking to compel this information on the basis that fees may eventually be sought in this matter. However, that information is not relevant to the class certification hearing nor a trial on the merits of this case. At such time Plaintiffs seek fees, a motion and supporting memorandum will be provided that specify the fees sought. The request that Plaintiffs redact and produce all time logs now and on an ongoing basis is completely unrelated to the needs of this case at this time, overly burdensome, and a distraction from the purpose of this litigation. Plaintiffs will produce time records at such time that fees are sought. There is no precedent for requiring attorney time logs before a party moves for fees.

Defendants' **RFP No. 16** requests production of "all documents and evidence related to your allegations in paragraph 212 of the Complaint." Rec. Doc. 144-5 at 19. The allegation in paragraph 212 is about individuals with serious mental illness who were transferred out of DWCC

to another facility. Rec. Doc. 1. As Plaintiffs plainly stated in their supplemental response, a discovery request for the exact documents Defendants seek remains outstanding, which is now also included in Plaintiffs' Second Motion to Compel. Rec. Doc. 133-1. Plaintiffs are unable to produce records to Defendants that are not in their custody and control, and continue to wait for Defendants to produce these records in response to RFP 24, at which time Plaintiffs can produce Defendants' own documents back to them.

### IV.     CONCLUSION

Defendants have filed this motion to compel prematurely and unnecessarily. The sources of much of Defendants' requests are documents that they must produce to Plaintiffs. Defendants further are seeking to compel responses to requests made in preparation of trial, which is grossly premature considering this matter is currently only in the class-certification phase of litigation. Plaintiffs request that this motion be denied and attorney fees awarded to Plaintiffs.

Respectfully submitted this 18th day of February, 2019,

*/s/ Jonathan C. Trunnell*

Jonathan C. Trunnell, La. Bar No. 36956, T.A.
Sarah H. Voigt, La. Bar No. 18483
Melanie Bray, La. Bar No. 37049
Ronald K. Lospennato, La. Bar No. 32191
Advocacy Center
8325 Oak Street
New Orleans, LA 70118
504-708-1460
504-507-1956 (fax)
jtrunnell@advocacyla.org

*/s/ Katie M. Schwartzmann*
Katie M. Schwartzmann, La. Bar No. 30295
Bruce Hamilton, La. Bar No. 33170
ACLU of Louisiana
P.O. Box 56157

New Orleans, La 70156  
p: (504) 522-0628  
kschwartzmann@laaclu.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of February, 2019, a copy of the foregoing Motion was electronically filed with the clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the court's electronic filing system.

*/s/ Jonathan Trunnell*