UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| BRUCE CHARLES, on behalf of himself and all other similarly situated prisoners at David Wade Correctional Center, | * * * * | CIVIL ACTION NO.: 5:18-CV-00541-EEF-MLH |
| | * | JUDGE ELIZABETH E. FOOTE |
| and | * * | |
| The ADVOCACY CENTER, | * * | USMJ MARK L. HORNSBY |
| PLAINTIFFS, | * * | |
| VS. | * * | CLASS ACTION |
| JAMES M. LEBLANC, *et al.*, | * * | |
| DEFENDANTS. | * | |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Defendants' opposition to Plaintiffs' motion for leave contains a misstatement of the law of standing as it relates to subject matter jurisdiction. Plaintiffs also address arguments relating to prejudice raised by Defendants in light of the Parties' agreement and this Court's order that class certification is to be resolved along with the dispositive motions.

**I.    This Court Has Subject Matter Jurisdiction to Hear the Allegations of Ronald Brooks**

Defendants argue that this Court does not have subject matter jurisdiction over the amended complaint as it concerns Ronald Brooks. Rec. Doc. 183 at pp. 6-7. Subject matter jurisdiction is tested at the time a complaint is filed. *Whatley v. Resolution Tr. Corp.*, 32 F.3d 905, 907 (5th Cir. 1994); *Kitty Hawk Aircargo, Inc. v. Chao,* 418 F.3d 453, 460 (5th Cir. 2005). Here, Plaintiffs seek

1

leave to file an amended complaint. The Court would be correct to test its jurisdiction over Mr. Brooks at this time.

An amended complaint is a pleading. Fed. R. Civ. P. 15. When standing is challenged on the basis of pleadings, a court accepts as true all material allegations of the complaint and construes the complaint in favor of the complaining party. *Ass'n of Am. Physicians & Surgeons, Inc. v. Tex. Med. Bd.*, 627 F.3d 547, 550 (5th Cir.2010). A plaintiff's standing is set at the time that the "operative pleading" is filed. *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 48 (1991) (analyzing standing for three new class representatives based on the facts at the time of filing the "operative pleading" which added them). In this case, the operative pleading for Mr. Brooks' standing is the proposed second amended complaint, not the original complaint.

Defendants do not assert that the facts contained in Mr. Brooks' pleadings are inadequate to establish standing, but instead argue that his standing to sue must be fixed at the filing of the initial complaint. Defendants ignore the controlling Supreme Court precedent of *McLaughlin* which clearly states that standing is determined at the filing of the operative pleading. Instead, Defendants cite cases which hold that district courts must test for jurisdiction at the time a pleading is filed, a premise entirely consistent with *McLaughlin* holding. *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 460 (5th Cir. 2005) (ordering dismissal because plaintiff lacked standing to challenge Department of Labor decision at time the suit was filed, no mention is made of leave to amend); *Whatley v. Resolution Tr. Corp.*, 32 F.3d 905, 910 (5th Cir. 1994) (reversing dismissal because plaintiff had standing to sue a failing financial institution not yet in receivership at the original time the suit was filed). Defendants argue that those cases compel this Court to refuse to grant leave to file an amended complaint to add a party if the court did not have subject matter jurisdiction over that party at the time the original complaint was filed. Neither case cited by

Defendants holds anything of the sort. In 1991, the Supreme Court's holding in *McLaughlin* decided this question.

Plaintiffs have the burden to show that Mr. Brooks has standing. Therefore, Plaintiffs will address the elements of standing. Mr. Brooks has satisfied each element of standing under Article III at the time the motion for leave to amend was filed, and at the present time. *See, Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Mr. Brooks suffers a concrete injury in fact because he is currently a prisoner held on extended lockdown at DWCC and is subject to the conditions there, including the lack of mental health care and the substantial risk of deterioration under the harsh conditions. That injury is caused by the conduct of Defendants in setting the policies and practices that govern conditions on extended lockdown at DWCC. Through this lawsuit, Mr. Brooks seeks injunctive and declaratory relief to redress those conditions. He does not depend on any speculative or future event to perfect this Court's subject matter jurisdiction to hear his complaint about the conditions of confinement at DWCC. Consequently, he has standing.

## II. The Factors Weigh in Favor of Granting Leave to Amend

This Court has noted that the second amended complaint does not change any of the claims or analysis of the merits of the case. Rec. Doc. 178 at p. 22. Defendants argued that the new amendment is unimportant based on that statement. Rec. Doc. 183 at p. 5. Plaintiffs explained the purpose of the amendment and the reasoning behind the additional class representatives in their motion for leave to file an amended complaint. Rec. Doc. 169-2 at p. 4. Because the amendment does not change the merits of the litigation, it causes no disruption to this proceeding.[1]

---

[1] Plaintiffs this week learned of a possible change in circumstances for one of the proposed named plaintiffs that may make that individual an inappropriate class representative. Counsel are bound by privilege as to that communication but are working to confirm the concerns as quickly as possible. Counsel cannot waive privilege as to that communication but also do not want to withhold information from the Court. Should that individual no longer be a proper class representative Plaintiffs will immediately voluntarily dismiss the claims as to that individual, but it will not change the pleadings or

This matter is proceeding to the merits based on the associational standing of the Advocacy Center. Consideration of Plaintiffs' motion for class certification has been delayed until after the close of merits discovery by agreement of the parties. Any discovery needed to develop the facts specific to each new proposed representative would only be a subset of the discovery necessary for the purposes of establishing the claims on the merits. Defendants already have all documents relevant to the proposed named Plaintiffs in their possession and Defendants are the parties that have provided medical care and the conditions of confinement that form the factual basis for every one of the claims in this litigation. The evidence in this case will largely be medical records created by and in the possession of Defendants. Defendants have every advantage in accessing these records. Both parties now have ample time to complete any necessary review of records and Defendants will not suffer any prejudice.

Plaintiffs have extensively addressed the distinctions between this litigation and *In re Norplant Contraceptive Prod. Liab. Litig.*, 163 F.R.D. 258, 259-60 (E.D. Tex. 1995). Rec. Doc. 169-2 at p. 6; Rec. Doc. 175 at p. 2. Defendants do not expand upon their prior arguments to explain the application of that multi-district damages action to the current litigation. When the plaintiffs in *Norplant* sought leave to amend, the class certification discovery period had closed, and defendants had no opportunity to depose the added plaintiffs, and the amendment would have disrupted proceedings in various other districts. *Id.* at 259-260; *Id.* at fn. 5. Here, there will be no delay and no prejudice because the Defendants have ample time to conduct discovery and depositions.

**CONCLUSION**

---

claims. These issues illustrate exactly why class certification and associational standing are so critical in this proceeding.

Mr. Brooks has standing to join this lawsuit as a class representative. The Court's standing analysis properly occurs at the time the operative pleading is filed. Defendants' argument that a new class representative's standing is to be assessed from the filing of the original complaint is directly contrary to controlling Supreme Court precedent. Granting leave to amend is not futile.

The Court has reset the deadlines and allowed the Advocacy Center to intervene as a Plaintiff. In light of those developments, there is no prejudice in allowing Plaintiffs leave to amend the complaint to include the additional class representatives. The Parties have ample time to conduct discovery and the facts sought for the purposes of class certification would be included in the merits discovery regardless. Granting leave to amend imposes negligible burden, if any, upon Defendants.

Plaintiffs decline to address the baseless accusations and conjecture about delay on the part of Class counsel. The record in this case speaks for itself. Counsel is pursuing this litigation with a tremendous sense of urgency.

Respectfully submitted this 19th day of April, 2019 by Bruce Charles and the Advocacy Center by their undersigned attorneys:

/s/ Jonathan C. Trunnell
Jonathan C. Trunnell, La. Bar No. 36956, T.A.
Sarah H. Voigt, La. Bar No. 18483
Melanie Bray, La. Bar No. 37049
Ronald K. Lospennato, La. Bar No. 32191
Advocacy Center
8325 Oak Street
New Orleans, LA 70118
504-708-1460
504-507-1956 (fax)
jtrunnell@advocacyla.org


/s/ Katie M. Schwartzmann
Katie M. Schwartzmann, La. Bar No. 30295
Bruce Hamilton, La. Bar No. 33170

ACLU Foundation of Louisiana
P.O. Box 56157
New Orleans, La 70156
Telephone: (504) 522-0628
Facsimile: (504) 613-5611
kschwartzmann@laaclu.org

**CERTIFICATE OF SERVICE**

    I certify that a copy of the foregoing has been served on the Defendants the 19th day of April, 2019, by utilization of this Court's CM/ECF system.

*/s/ Jonathan Trunnell*
Jonathan Trunnell