UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| BRUCE CHARLES, on behalf of himself and all other similarly situated prisoners at David Wade Correctional Center, | * * * * | CIVIL ACTION NO.: 5:18-CV-00541-EEF-MLH |
| | * | JUDGE ELIZABETH E. FOOTE |
| and | * * | |
| The ADVOCACY CENTER, | * * | USMJ MARK L. HORNSBY |
| PLAINTIFFS, | * * | |
| VS. | * * | CLASS ACTION |
| JAMES M. LEBLANC, *et al.*, | * * | |
| DEFENDANTS. | * | |

**MEMORANDUM IN SUPPORT OF MOTION TO VOLUNTARILY DISMISS DAMONTE HENRY AS CLASS REPRESENTATIVE**

NOW INTO COURT come Plaintiffs, through undersigned counsel, who respectfully move this Court for an order voluntarily dismissing Damonte Henry as a class representative. Damonte Henry is no longer an adequate class representative in the above-captioned matter.

**FACTUAL BACKGROUND**

Plaintiffs filed a motion for leave to amend their complaint on March 22, 2019. R. Doc. 170. The proposed amended complaint added Damonte Henry and three other individuals as class representatives along with Bruce Charles. On April 12, 2019, three weeks after that motion was filed, Mr. Henry sent a letter to the Advocacy Center stating that he no longer wished to participate in the lawsuit, stating "I feel as though my cause has been abandoned," and requesting no further

1

communication. Exhibit 1. Counsel immediately began making plans to travel to Wade to meet with Mr. Henry to understand and discuss his wishes.

On May 3, 2019, Defendants sua sponte supplemented a discovery request for correspondence with several letters from Mr. Henry, including a copy of Mr. Henry's April 12th letter to the Advocacy Center. Exhibit 2. Defendants produced other correspondence as well, including an April 24, 2019, letter from Mr. Henry to Defendant Nail stating,

> I am trying to come to an agreement with you concerning the law suit the Advocacy [sic] is filing. I am trying to put all of this behind me and start new. I kept my word and gave you 9, almost 10 months without a write up. Please call me to come speak with you, so we can come to an agreement.

Exhibit 3.

On May 1, 2019, Mr. Henry wrote again to Col. Nail to inform him of an impending visit from putative class counsel and to follow up on an agreement between them:

> Blessings, I am writing to come speak with you about a previous agreement we talked about and I would like to make sure everything is still good. The Advocacy Center wrote me last week and they will be up here May 6, 2019. I have cut off all communication with them and they are coming to make sure on the above date. I need to speak with you as soon as possible to make sure you keep your word.

Exhibit 4.

The next day, on May 2, 2019, Mr. Henry sent a follow-up letter to Defendant Nail regarding his contact with counsel and requesting a call-out:

> First of all, I am writing to let you know I have cut off all communications with the lawyers at the Advocacy Center. I would like for you to call me to speak with you so I can show you the letter I received from them. Please call me out Col. Nail. I kept <u>my</u> word, so please do the same.

Exhibit 5 (emphasis in original). Again, the letter recites the existence of a deal between himself and Defendant Nail and expresses concern that DWCC staff may not hold up their end of the bargain.

On May 7, 2019, Jonathan Trunnell and Melanie Bray of the Advocacy Center attempted to meet with Mr. Henry to discuss the correspondence described above. Defendant Nail indicated to them that Mr. Henry refused the visit request. Counsel requested that Defendant Nail ask Mr. Henry to document his refusal in writing. In response, counsel received a note indicating that Mr. Henry does not wish to communicate with counsel. Exhibit 6.

On information and belief, Mr. Henry has now been transferred out of extended lockdown.

## ARGUMENT

Mr. Henry has indicated a desire to withdraw from this litigation and thus Plaintiffs seek to dismiss him.  Mr. Henry has suddenly chosen not to vigorously represent the interests of the putative class, despite substantial contrary assertions merely weeks before. Despite having requested counsels' representation and years of conversations between Henry and counsel, Henry now refuses to communicate with counsel, seemingly resultant from an agreement between himself and Defendant Nail. Mr. Henry would not meet with counsel to clarify the meaning of his correspondence or the nature of his arrangement with Defendant Nail.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court voluntarily dismiss Mr. Henry as a representative of the putative class.

Respectfully submitted by Plaintiffs on this 20th day of May, 2019 through undersigned counsel.

>*/s/ Jonathan C. Trunnell*
>Jonathan C. Trunnell, La. Bar No. 36956, T.A.
>Sarah H. Voigt, La. Bar No. 18483
>Melanie Bray, La. Bar No. 37049
>Ronald K. Lospennato, La. Bar No. 32191
>Advocacy Center
>8325 Oak Street
>New Orleans, LA 70118

504-708-1460
504-507-1956 (fax)
jtrunnell@advocacyla.org


*/s/ Katie M. Schwartzmann*
Katie M. Schwartzmann, La. Bar No. 30295
Bruce Hamilton, La. Bar No. 33170
ACLU Foundation of Louisiana
P.O. Box 56157
New Orleans, La 70156
Telephone: (504) 522-0628
Facsimile: (504) 613-5611
kschwartzmann@laaclu.org


**CERTIFICATE OF SERVICE**

    I certify that a copy of the foregoing has been filed by utilization of this Court's CM/ECF system, which will automatically provide notice to all counsel of record.

*/s/ Jonathan Trunnell*
Jonathan Trunnell

4