## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

**ANTHONY TELLIS, ET AL.**                    **CIVIL ACTION NO. 18-cv-0541**

**VERSUS**                                    **JUDGE FOOTE**

**JAMES M. LEBLANC, ET AL.**                  **MAGISTRATE JUDGE HORNSBY**

## ORDER

Before the Court is Plaintiffs' voluntary motion to dismiss Damonte Henry ("Henry") as a plaintiff in this matter. [Record Document 196]. Because this Court has yet to grant Plaintiffs' motion to amend the complaint to add Henry as a plaintiff in this matter, [Record Document 169], this Court will construe the instant motion as a motion to amend the motion to amend the complaint.

**IT IS ORDERED** that the motion [Record Document 196] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs refile the Proposed Amended Complaint [Record Document 169-1] and the Proposed Supplemental Memorandum in Support of Class Certification [Record Document 170-1] with allegations and argument related to Henry removed. Plaintiffs should file a notice with these two documents attached. The notice must be filed by **May 28, 2019**. The parties' positions on Plaintiffs' motion to amend the complaint and the motion for class certification have been fully briefed. The removal of Henry as a potential class representative does not require additional briefing and no additional briefing on either motion to amend will be allowed at this time.

Although this Court has granted the motion because it is clear that Henry wishes to withdraw from this litigation, this Court has some concerns. Plaintiffs attached to

1

their motion various letters from Henry to Defendant Colonel Lonnie Nail ("Nail"). [Record Documents 196-5, 196-6, and 196-7]. In these letters, Henry refers to an "agreement with you concerning the law suit the Advocacy [sic] is filing," [Record Document 196-5], and "a previous agreement we talked to about," [Record Document 196-6], and requests to "speak with you as soon as possible to make sure you keep your word," [*id.*]. He also states that he "gave you 9, almost 10 months without a write up." [Record Document 196-5]. In his final letter to Nail, Henry reports that he has "cut off all communications with the lawyers at the Advocacy Center" and points out, "I kept my word, so please do the same." [Record Document 196-7]. It appears that Henry has now been transferred out of extended lockdown. [Record Document 196-1 at 3].

The Court sees two possible interpretations of these letters. In one, Henry and Nail agreed that if Henry maintained a positive behavior record for a period of time, he would be transferred out of extended lockdown. This would seem to be an appropriate exercise of the discretion afforded prison officials. On the other hand, these letters may indicate that Henry and Nail agreed that if Henry refused to continue his involvement with the lawsuit, he would be transferred out of extended lockdown. If true, then Defendants would be deliberately interfering with the progress of this lawsuit. The similarity of the circumstances surrounding the withdrawal of Anthony Tellis, another named plaintiff, to that of Henry increases this Court's concern.

The Court reminds defense counsel of its order on March 8, 2019: "[D]efense counsel are to ensure that Defendants and their agents do not give members of the proposed class any impression that is contrary to guarantees (b), (c), and (d)." [Record Document 165 at 14]. One of those guarantees that was an inmate could not be

rewarded for choosing to speak with defense counsel. [*Id.*]. If Henry's transfer out of extended lockdown is a reward for refusing to speak with Plaintiffs' counsel and ceasing involvement with this case, then Defendants have certainly violated the spirit of this Court's order.

Without an evidentiary hearing, this Court cannot determine whether the circumstances of Henry's withdrawal reflect prison management or whether they reflect Defendants' attempt to undermine the class by exploiting the potentially coercive nature of the carceral environment. Therefore, sanctions are inappropriate at this time.

However, defense counsel are cautioned that it is their responsibility to ensure that their clients do not use the authority they have as prison officials to grant or withhold privileges in order to undermine the progress of this litigation. In future, if a named plaintiff or a proposed named plaintiff is moved out of extended lockdown, this Court expects that transfer to be for a legitimate penological reason. There should be no "agreement" between any named plaintiff or proposed named plaintiff and prison officials regarding that inmate's involvement in this suit.

If evidence suggests that Defendants are continuing to enter into such agreements, this Court may be forced to issue orders restricting Defendants' communication with the proposed class regarding this lawsuit.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this the 21st day of MAY, 2019.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE