UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ANTHONY TELLIS, ET AL | CIVIL ACTION NO. 18-cv-0541 |
| VERSUS | JUDGE FOOTE |
| JAMES M. LEBLANC, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

**Introduction**

The Advocacy Center, on behalf of inmates at the David Wade Correctional Center ("DWCC"), filed this putative class action to seek injunctive relief with respect to the mental health care afforded inmates who are held in extended lockdown on the south compound in buildings N-1 through N-4. Before the court is **Defendants' Motion to Compel (Doc. 144)**, which seeks an order from this court to compel Plaintiffs to produce outstanding responses to Defendants' discovery requests. For the following reasons, the motion is granted in part and denied in part.

**General Objections**

    **A. Conference Requirement**

Plaintiffs argue that Defendants failed to meet and confer in good faith prior to filing the motion. Plaintiffs claim that they received a request to supplement their responses on September 18, 2018. Plaintiffs claim that a telephone call that same month was the only time that the parties conferred regarding the adequacy of the supplemental responses.

Plaintiffs assert that Defendants did not inform Plaintiffs that the supplemental responses were unsatisfactory.

Defendants respond that they sent a letter to Plaintiffs highlighting the deficiencies in the supplemental responses and conferred on the matter via telephone on September 19, 2018. During that conference, Plaintiffs agreed to provide a supplementation. Defendants contend that the parties discussed the issues for over an hour, and Plaintiffs have still not provided supplemental responses consistent with their agreement at the conference. Defendants argue that they were not under any obligation to meet and confer on the issues again, and the matter is ripe for decision. The court agrees.

**B. "Blockbuster" Interrogatories**

Defendants have propounded many interrogatories to Plaintiffs seeking specific instances of denial of mental health care, the factual bases for the claims in Plaintiffs' complaint, all documents and evidence Plaintiffs intend to use at trial, and the like. Plaintiffs objected to many of these interrogatories, claiming that they are overbroad and burdensome "blockbuster" interrogatories.

Federal Rule of Civil Procedure 33 allows for the use of broad interrogatories. See Fed. R. Civ. P. 33(a)(2). But courts have held that "'blockbuster' interrogatories, which require a party to state every fact supporting all of its allegations, as well as identify each person with knowledge of each fact and all documents supporting each count, are impermissible." HCB Fin. Corp. v. Kennedy, 2016 WL 6216179, *2 (S.D. Miss. 2016); citing Hilt v. SFC, Inc., 170 F.R.D. 182, 186–87 (D. Kan. 1997) (interrogatories requiring the party to identify all facts supporting its position, all witnesses with knowledge of those

facts, and all documents supporting the position are unduly burdensome). However, "the fact that the information could also be sought by way of a deposition is not grounds for refusing to answer an interrogatory, so long as the answer can be made without imposing an undue burden on the responsive party." Brassell v. Turner, 2006 WL 1806465, at *2 (S.D. Miss. 2006) (interrogatories were overly broad and unduly burdensome where they sought an open-ended narrative that was not tailored in any way).

Defendants respond that, if the requests are overbroad, it is because of the scope of Plaintiffs' contentions. Defendants argue that it is unfair for Plaintiffs to make system-wide, broad allegations and then object to providing the bases for the contentions because they are overbroad. Defendants also claim that contention interrogatories, which ask a party to state the facts on which it bases a claim or defense, are a permissible form of written discovery. The court will take up this issue in the context of each interrogatory.

**Interrogatory No. 3**

Defendants asked Plaintiffs to identify all witnesses regarding the facts and circumstances surrounding the incidents referred to in the complaint. Plaintiff answered the interrogatory by referring Defendants to the initial disclosures. Defendants asked for a supplement to the answer, and Plaintiffs responded with a list of everyone in extended lockdown. Defendants argue that Plaintiffs should be required to identify the persons they expect to call as witnesses rather than simply list everyone.

Plaintiffs respond that Defendants' request to identify the individuals that Plaintiffs expect to call as witnesses was first raised in this motion, rather than in the discovery

conference. Plaintiffs argue that the response Defendants seek to compel is new and would require a separate interrogatory request.

Granted as follows. Plaintiffs shall provide a good faith list of their (currently) expected trial witnesses. Plaintiffs' final witness list will be filed in connection with preparation of the pretrial order.

**Interrogatory No. 4**

Defendants asked Plaintiffs to identify every person with whom the named plaintiffs or their attorney has met or from whom Plaintiffs have taken a statement. Plaintiffs objected to the interrogatory, asserting privilege. Defendants argue that the mere identity of witnesses is not protected from discovery. Plaintiffs respond that they provided a supplemental response to the interrogatory that contains a list identifying every person with whom Plaintiffs had written or oral contact.

Denied. Plaintiffs' response is sufficient.

**Interrogatory No. 5**

Defendants asked Plaintiffs to list each document, exhibit, or piece of evidence they may use at trial and to identify the custodian of those items. Plaintiffs answered that they do not know which documents will be used at trial. In a supplemental response, Plaintiffs indicated that they have provided all information in their possession but did not identify any specific documents.

Granted as follows. Plaintiffs shall provide a good faith list of the exhibits they currently plan to use at trial. Plaintiffs' final exhibit list will be filed in connection with preparation of the pretrial order.

**Interrogatory No. 7**

Defendants asked Plaintiffs to identify all factual bases for their allegations in paragraphs 51-106 of their complaint and to identify any evidence they contend supports these allegations. This portion of the complaint alleges that Defendants fail to provide adequate mental health care and are deliberately indifferent to prisoners' mental health needs. Plaintiffs provided narratives from the named plaintiffs and identified categories and types of documents upon which they intend to rely. Defendants argue that Plaintiffs should be required to identify the factual bases for their allegations and the documents that support those allegations.

Plaintiffs respond that the request is overly broad and unduly burdensome, but in an effort to provide a good-faith response, they did provide narratives of named plaintiffs Tellis and Charles. Plaintiffs claim that this response pointed to material facts within their personal knowledge. Plaintiffs contend that they have not yet identified all documents and exhibits that will be used. Plaintiffs also argue that and interrogatory asking for "all facts" constitutes a "blockbuster interrogatory," and is overbroad and burdensome. Plaintiffs state that, if Defendants have more specific inquiries about particular paragraphs of the complaint, they must make them with particularity.

Denied. The request is overly broad and unduly burdensome.

**Interrogatory No. 11**

Defendants ask Plaintiffs to identify every instance in which Plaintiffs contend that the Defendants ignored complaints concerning mental health needs. Plaintiffs answers were restricted to their personal allegations, although they have made system-wide claims.

Defendants asked Plaintiffs to substantiate the claims, but Plaintiffs again pointed to every document they have requested in discovery.

Plaintiffs respond that the named plaintiffs provided their individual explanations. Plaintiffs argue that Defendants are asking about specific instances, but the "complete absence of mental health treatment is the response." Plaintiffs also claim that they offered a list of the categories and types of documents on which they intend to rely to prove the allegations. Plaintiffs also claim that the interrogatory was directed at the named plaintiffs, but Defendants seek a system-wide response. Plaintiffs argue that their response is consistent with Rule 26(g) and the current stage of the litigation. Plaintiffs also argue that this is another "blockbuster interrogatory" and as such is overbroad and disproportionate to the needs of the case.

Granted as follows. The question is broad, but so are the allegations asserted by Plaintiffs regarding the denial of mental health treatment. To the extent Plaintiffs know of specific instances of Defendants ignoring requests made by inmates on extended lockdown for mental health treatment, they are directed to provide that information.

**Interrogatory No. 12**

Defendants asked Plaintiffs to identify all bases for their allegation that mental illness goes untreated at DWCC. Plaintiffs' response was restricted to the named plaintiffs. Defendants argue that, if Plaintiffs are making claims on a class-wide basis, they should be required to fully and completely answer.

Plaintiffs respond that Defendants are seeking specific examples, but the response "is simply that there is no effective program available for the treatment of mental illness."

Plaintiffs argue that the complaint specifically articulates the factual bases that support the allegation. Plaintiffs argue that this is another "blockbuster interrogatory" and is overbroad and disproportionate to the needs of the case.

Granted for the same reasons in Interrogatory No. 11. To the extent Plaintiffs know of specific instances of mental illness of inmates on extended lockdown going untreated at DWCC, they are directed to provide that information.

**Interrogatory No. 13**

Defendants asked Plaintiffs to identify each and every instance in which Plaintiffs contend Defendants took any actions that Plaintiffs believe demonstrate a disregard for serious medical needs. Defendants claim that Plaintiffs' answer consisted of broad claims rather than identifying specific instances.

Plaintiffs respond that seeking "each and every instance" is again a "blockbuster interrogatory" and is overbroad and disproportional to the needs of the case. Plaintiffs also assert that documents tending to prove the Defendants' deliberate indifference are in Defendants' possession and many are currently the object of Plaintiffs' motion to compel. Plaintiffs state that that they have answered to the best of Plaintiffs' abilities at this time.

Granted for the same reasons in Interrogatories 11 and 12. To the extent Plaintiffs know of specific instances of actions by Defendants that Plaintiffs believe demonstrate a disregard for serious mental health needs of inmates on extended lockdown at DWCC, they are directed to provide that information.

**Interrogatory No. 14**

Defendants asked Plaintiffs that, if they contend that Defendants have ever delayed providing mental health care to the named plaintiffs, they identify each and every instance in which that has occurred and how they were substantially harmed. Plaintiffs Tellis and Charles both responded to the interrogatory saying that mental health was not provided on lockdown. Plaintiffs did not list any specific instances, but instead asserted that "the response is a general statement that a treatment program does not exist."

Plaintiffs allege that this is another "blockbuster interrogatory" and is overbroad and disproportional to the needs of the case. Plaintiffs argue that the named plaintiffs to whom Defendants directed the interrogatory have responded to the fullest extent possible.

Granted in part. To the extent Plaintiffs know of specific instances of Defendants delaying mental health care to inmates on extended lockdown at DWCC, they are directed to provide that information.

**Interrogatory No. 16**

Defendants asked Plaintiffs to provide all factual bases for the allegations that Defendants respond "brutally" to symptoms of mental illness, requests for mental health treatment, and attempts to redress grievances and identify all documents and evidence that Plaintiffs contend support those allegations. Defendants also asked Plaintiffs to identify which defendants were responsible for the identified bases. Defendants claim that Plaintiffs provided very general narratives but only provided one specific instance.

Plaintiffs assert that they provided a number of responses, including rampant use of mace, full restraints, and physical attacks. Plaintiffs argue that they identified common

practices by staff. Plaintiffs also assert that they are coordinating depositions of responsible defendants. Plaintiffs also state that they have identified categories of responsive documents, but those documents are in Defendants' possession. Plaintiffs again claim that this request constitutes a "blockbuster interrogatory."

Granted in part. To the extent Plaintiffs know of specific instances of Defendants responding brutally to requests for mental health treatment by inmates on extended lockdown at DWCC, they are directed to provide that information.

**Interrogatory No. 18**

Defendants asked Plaintiffs to identify all factual bases for allegations that Defendants discriminate as to mental health treatment on the basis of disability and to identify all documents and evidence they contend support those allegations. Plaintiffs objected on the basis that the request called for a legal conclusion. Plaintiffs provided "very general narratives," but no specific instances. Defendants argue that Fed. R. Civ. Pro. 33(a)(2) authorizes interrogatories aimed at legal issues and how facts apply to those issues.

Plaintiffs respond that, despite their objection, they did provide responses to the interrogatory. Plaintiffs also claim that they have identified types and categories of documents on which they intend to rely but have not identified specific documents. Plaintiffs argue that this is another "blockbuster interrogatory" and is overbroad and disproportional to the needs of the case.

Granted in part. To the extent Plaintiffs know of specific instances of Defendants discriminating on the basis of disability in providing mental health treatment to inmates on extended lockdown, they are directed to provide that information.

**Interrogatory No. 19**

Defendants asked Plaintiffs to identify all offenders at DWCC they claim have a current attorney-client relationship with Plaintiffs 'counsel. Plaintiffs provided defendants with a list identifying 310 individuals. Defendants argue that this is a list of everyone who is or has been in extended lockdown and is not a good-faith effort to identify the clients. Plaintiffs argue that they have met or corresponded with nearly every individual who is or has been on extended lockdown at DWCC to explain the litigation, assist people in understanding their rights, and to offer assistance. Accordingly, Plaintiffs assert that the list they provided is a complete response to the interrogatory.

Denied. Plaintiffs' response is sufficient.

**Interrogatory No. 20**

Defendants asked Plaintiffs to identify every instance they contend that Defendants violated the First Amendment, the person responsible for the violation, and the documents or evidence supporting the contention. Plaintiffs objected on the basis that it called for a legal conclusion. Plaintiffs argue that they did provide a response that referred to the response provided in Defendants' Request for Production No. 12. Plaintiffs also assert that the persons responsible for the actions are Col. Lonnie Nail and Warden Jerry Goodwin. Plaintiffs state that they will fulfill their obligation to supplement the response with additional information as it becomes available.

Granted in part. To the extent Plaintiffs know of specific instances of Defendants violating the First Amendment of inmates on extended lockdown, they are directed to provide that information.

**Interrogatory No. 21**

Defendants asked Plaintiffs to identify all bases on which they contend the Defendants violated the Eighth Amendment and identify all documents and evidence they contend support those allegations. Plaintiffs objected on the basis that the interrogatory called for a legal conclusion.

Plaintiffs respond that, because the Eighth Amendment protects prisoners from cruel and inhumane treatment, which includes the denial of mental health care, the interrogatory includes all evidence supporting the merits of nearly the entire lawsuit. Plaintiffs argue that the responses to interrogatories 7 – 14, 16, and 18 identify allegations and factual bases for Eighth Amendment violations. Plaintiffs also provided a list of categories and types of documents on which they intend to rely because particular documents have not yet been identified. Plaintiffs assert that they have instead been preparing for the factual showing required for class certification.

Granted in part. To the extent Plaintiffs know of specific instances of Defendants violating the Eighth Amendment of inmates on extended lockdown, they are directed to provide that information. If the answer is redundant of the other responses ordered above, Plaintiffs may simply incorporate those answers by reference.

**Request for Production 14**

Defendants seek all documents or evidence showing which DWCC inmates have an attorney-client relationship with the Advocacy Center. Plaintiffs objected that the request was improperly propounded to the attorneys. Defendants argue that the request goes directly to the question of adequacy and that if Plaintiffs are going to make system-wide

allegations, they need to respond to the request. Plaintiffs respond that, despite their responses identifying such inmates, Defendants continue to seek documents that prove an attorney-client relationship. Plaintiffs object to the production of privileged correspondence.

Denied. Defendants have not satisfied the court that this information is relevant to a claim or defense. Furthermore, the request for "all documents" regarding an attorney-client relationship is over broad and would include privileged information.

**Request for Production No. 15**

Defendants seek all documents related to billing by the Advocacy Center in this matter. Plaintiffs responded that the requested documents are not relevant. Defendants argue that the materials are relevant if the Advocacy Center is asserting a claim for fees. Plaintiffs respond that the documents are not relevant to the class certification hearing nor to a trial on the merits of the case. Plaintiffs argue that a request that they produce all time logs now and on an ongoing basis is unrelated to the needs of the case, overly burdensome, and a distraction from the purpose of the litigation. They state that they will produce time records if there comes a time when they seek fees, and they will file a motion and supporting memorandum.

Denied. It is this court's long-standing practice to defer requests for attorneys' fees to post-trial motion practice. This discovery is premature.

**Request for Production 16**

Defendants seek all documents and evidence related to the allegations in Paragraph 12 of the complaint, which deals with the transferring of offenders. Plaintiffs objected to

the request as vague. Plaintiffs claim that the documents related to transfer of individuals with serious mental illnesses are in the Defendants' possession. Plaintiffs respond that they have an outstanding discovery request propounded to Defendants seeking the same documents. Once they have received a response from Defendants, Plaintiffs claim they will supplement their response to this request.

Denied. The request for "all documents" regarding the transfers is over broad. The court believes that Defendants likely are the best source for that information.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of June, 2019.

Mark L. Hornsby
U.S. Magistrate Judge