UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANTHONY TELLIS, ET AL                    CIVIL ACTION NO. 18-cv-0541

VERSUS                                   JUDGE FOOTE

JAMES M. LEBLANC, ET AL                  MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

The Advocacy Center, on behalf of inmates at the David Wade Correctional Center ("DWCC"), filed this putative class action to seek injunctive relief with respect to the mental health care afforded inmates who are held in extended lockdown on the South Compound in buildings N-1 through N-4, which are solitary confinement and extended lockdown tiers. Before the court is Defendants' **Motion for Mental Examinations (Doc. 216)**. Defendants seek an order allowing their chosen psychiatrists to perform mental evaluations of 42 inmates housed in the South Compound at DWCC. For the reasons that follow, the motion is granted.

**Applicable Law**

Federal Rule of Civil Procedure 35(a) states:

Order for an Examination.

(1) *In General.* The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

(2) *Motion and Notice; Contents of the Order.* The order:

    (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and

    (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

When a party's "mental or physical condition" is in controversy, the court may order the party to submit to a Rule 35 examination by a "suitably licensed or certified examiner" when the movant shows "good cause" for the request. Fed. R. Civ. P. 35(a)(1) and 35(a)(2). There is a two-part test for determining whether the motion should be granted: (1) the physical or mental state of the party must be in controversy, and (2) the moving party must show good cause as to why the motion should be granted. Schlagenhauf v. Holder, 379 U.S. 104, 116 (1964). "Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. Id. at 118. A "plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." Id. at 119.

The decision as to whether to order an independent medical examination under Rule 35(a) rests in the court's sound discretion. Nicholas v. Liberty Personal Injury Company, 2016 WL 3922636, *1 (W.D. La. 2016). Furthermore, "[a]lthough Rule 35 examinations may be ordered 'only on motion for good cause shown,' and use of the rule to compel such examinations is not unfettered, Rule 35(a) generally has been construed liberally in favor

of granting discovery." Grossie v. Fla. Marine Transporters, Inc., 2006 WL 2547047, *2 (W.D. La. 2006).

**Analysis**

    **A. Introduction**

Plaintiffs raise the following objections to Defendants' motion: (1) Defendant seek to compel examination of non-parties; (2) Defendants did not specify the scope, conditions, time, or manner of the examinations; (3) Defendants did not demonstrate that the mental health of the individuals to be examined was in controversy; (4) Defendants did not show good cause to submit individuals under Defendants' care to evaluations; (5) Defendants' testifying experts cannot perform independent Rule 35 examinations; and (6) Defendants did not provide the persons to be examined notice and opportunity to be heard.

    **B. Examinations of a Party**

Plaintiffs argue that Rule 35(a)(1) only allows examinations of parties to the suit. This suit was filed as a class action, with named representative plaintiffs and a putative class. The only representative plaintiff currently in the action is Bruce Tellis, who is not one of the 42 inmates that Defendants seek to have evaluated. Plaintiffs argue that those 42 inmates are members of the putative class and that this court has already held that individuals are not parties to the litigation by virtue of their inclusion in the putative class.[1]

---

[1] Judge Foote held in a memorandum order that "[m]embers of the proposed class, even those with present attorney-client relationships with Plaintiffs' counsel, are technically not parties 'in the matter' at the moment. However, if the class is certified, then these putative class members with whom Plaintiffs' counsel has a present attorney-client relationship will become parties to this matter." Doc. 165, p. 6.

The court finds that the 42 putative class members are "parties" for the purposes of Rule 35. Otherwise, this important tool of discovery would be written out of the rules for class action litigation. If Plaintiffs suggest that the inmates would become parties for the purposes of Rule 35 only upon class certification, that would unduly delay resolution of the case. Indeed, the examinations may reveal details about the mental health of the 42 inmates that could impact the court's analysis of commonality and other factors relevant to class certification.

**C. Scope, Conditions, Methods, and Time for Examinations**

Plaintiffs argue that Defendants' proposed order does not comply with Rule 35(a)(2)(B), which states that the movant "must specify the time, place, manner, conditions, and scope of the examinations as well as the person or persons who will perform them." Plaintiffs argue that the proposed order does not say who will be conducting the examinations, the tests to be performed, or the circumstances under which the examinations will take place. Plaintiffs assert that without specifying the scope, conditions, methods, and time for the examinations, they have failed to meet their burden of demonstrating good cause for subjecting a person to a mental health examination.

Defendants' motion stated the following conditions for the examinations:

> The proposed examinations will be conducted at DWCC on November 4-6, 2019. The examination will have each offender individually called out to a confidential area. The offender will be interviewed and evaluated by one of Defendants' doctors face-to-face. Defendants' doctors will also review the offender's medical records, though this will likely be done prior to meeting with the individual. The Defendants reserve their right to ask for additional examinations once the Plaintiff's experts produce their report to examine any additional offenders not already examined or to conduct any testing that was

> done on behalf of the Plaintiffs that was not previously conducted at this examination.

Doc. 216-1, p. 4. Defendants also attached to their motion the CVs of its experts who will conduct the examinations. The court finds Defendants have adequately described the scope, methods, conditions, and times for the examinations.

### D. Controversy

Plaintiffs argue that Defendants have not identified any specific genuine controversy as the mental condition of the inmates to be examined as required by Rule 35(a)(1). A party seeking a mental examination under Rule 35 must satisfy the court that (1) the mental state of the party is in controversy, and (2) there is good cause as to why the motion should be granted. Schlagenhauf, 379 U.S. at 118. The "in controversy" and "good cause" requirements demand more than mere relevance. Id. Rather, they require an affirmative showing by the movant that the condition as to which the examination is sought is genuinely in controversy and that good cause exists for ordering that particular examination. Id.

The court finds that the mental health of the putative class members is squarely at issue. Plaintiffs have alleged that the cruel and unusual conditions in which these inmates are held, together with the lack of appropriate mental health care, trigger the onset or worsening of the inmates' mental illnesses, which creates the significant risk of serious harm to the inmates. This is enough to meet the controversy requirement of the rule.

### E. Good Cause

Plaintiffs argue that good cause does not exist to perform Rule 35 mental examinations because Defendants have access to the inmates' medical records and providers. Defendants respond that the inmates to be examined have been identified as "clients" by Plaintiffs' counsel and have met with Plaintiff's experts, including a psychologist and psychiatrist.

The court finds that good cause exists. While Defendants have access to the putative class members and their medical records, those records might speak only to routine treatment at specified intervals rather than the type of information that might be necessary to defend against Plaintiffs' allegations and respond to the testimony of Plaintiffs' experts.

### F. Notice and Opportunity to Respond

Plaintiffs argue that Defendants have not indicated that they have informed the individuals to be examined as required by Rule 35. Defendants respond that they provided adequate notice by notifying the inmates' attorneys. Defendants argue that counsel for Plaintiffs have identified the individuals as their "clients," so Defendants are not able to contact them directly. The court finds that notice through Plaintiffs' attorneys satisfied the requirements of Rule 35.

### G. Examining Experts

Defendants have retained Dr. John Thompson, Dr. Herman Soong, and Dr. Sanket Vyas to conduct the Rule 35 examinations. Defendants have also disclosed to Plaintiffs that Dr. John Thompson is a Rule 26 testifying expert witness on the issue of class certification. Plaintiffs argue that Defendants' testifying expert cannot conduct the Rule

35 examinations because "[t]he purpose of a Rule 35 examination is to secure an independent physical or mental examination of a party." Ewing v. Ayres Corp., 129 F.R.D. 137, 138 (N.D. Miss. 1989). Plaintiffs cite Ewing for the assertion that "[a]ny contact by counsel for either party that even gives the appearance of tainting the independence of the physician cannot be sanctioned." Plaintiffs argue that Defendants are attempting to use Rule 35 improperly as a discovery device for their testifying experts.

Courts will generally appoint the physician of the moving party's choice unless the opposing party raises a valid objection to the physician. 8B Charles Alan Wright, Arthur R. Miller and Richard L. Marcus, Federal Practice & Procedure § 2234.2 (3rd ed. 2010).

> The 'valid objection' requirement provides defendants with the same opportunity as plaintiffs in choosing an expert witness. Defendants have absolutely no say in determining which physician a plaintiff chooses as a treating physician or an expert witness; likewise, a plaintiff should be limited in his ability to object to the selection of the defendant's expert witnesses.

Shadix-Marasco v. Austin Regional Clinic P.A., 2011 WL 2011483, *4 (W.D. Tex. 2011), quoting Powell v. United States, 149 F.R.D. 122, 124 (E.D. Va. 1993).

The court finds Plaintiffs' arguments unpersuasive. Any perceived problems with the examinations due to lack of independence or impartiality of the evaluators can be raised by Plaintiffs after the examinations and evaluated by the court prior to use of the examinations in court.

**H. Waiver**

Defendants state that on August 26, 2019, they sent a notice of mental examinations to Plaintiffs and asked for a response by August 30, 2019. On August 30, Plaintiffs responded by stating that they did not consent to the request but did not raise any specific

objections. Defendants argue that because Plaintiffs did not take this opportunity to timely raise their objections, the objections have been waived.

The court disagrees with Defendants. A four-day window of the right to object is completely unfair. None of Plaintiffs' arguments were waived due to the passage of that unilateral deadline.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of October, 2019.

Mark L. Hornsby
U.S. Magistrate Judge