UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANTHONY TELLIS, ET AL.                     CIVIL ACTION NO. 18-cv-0541

VERSUS                                     JUDGE FOOTE

JAMES M. LEBLANC, ET AL.                   MAGISTRATE JUDGE HORNSBY

MEMORANDUM RULING

Before the Court is Plaintiffs' appeal of the Magistrate Judge's order granting Defendants' motion for mental health exams. [Record Document 232]. The Magistrate Judge's order is **AFFIRMED** in part and **MODIFIED** as explained herein.

I.  Background

Anthony Tellis ("Tellis")[1] and Bruce Charles ("Charles") brought this suit on behalf of a class of all prisoners held in extended lockdown at David Wade Correctional Center ("DWCC") and a sub-class of prisoners with mental illness on the lockdown tiers. [Record Document 154]. The Advocacy Center of Louisiana has since been added as a Plaintiff in this matter. [Record Document 154]. Plaintiffs allege that Defendants' policies, practices, and procedures are in violation of the First and Eighth Amendments to the United States Constitution, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act. [Record Document 154 at 50-53]. Plaintiffs seek a declaratory judgment that Defendants are in violation of the aforementioned laws and injunctive relief enjoining Defendants from continuing to operate in an illegal manner. [Record Document 154 at 53-54]. The motion for class certification remains pending. [Record Document 2]. The parties have agreed that there will only be one discovery period in this case

---

[1] Tellis has since been dismissed on Plaintiffs' voluntary motion. [Record Document 174].

1

applicable to both class certification and the merits of Plaintiffs' claims. [Record Document 241 at 2].

As part of discovery, Defendants seek to perform mental health examinations on 42 individuals at DWCC. [Record Document 216]. Defendants argue that these exams are proper under Federal Rule of Civil Procedure 35 because Plaintiffs have placed at issue the mental health status of inmates held on extended lockdown through their claims in this lawsuit, because Plaintiffs' mental health experts met with the inmates, and because without such exams Defendants' experts would not have access to the individuals likely to be "central to the opinions" of Plaintiffs' experts. [Record Documents 216-1 at 3 and 221 at 2]. Plaintiffs opposed Defendants' motion by arguing, among other things: that Defendants failed to properly specify the scope, conditions, time, and methods of the exams; that Defendants failed to establish "how or why these individuals' mental health conditions are in controversy"; and that Defendants failed to show good cause for these exams because the individuals at issue are already in Defendants' custody. [Record Document 219 at 2]. The Magistrate Judge responded to each of Plaintiffs' objections and granted Defendants' motion. [Record Document 227].

Plaintiffs appealed the Magistrate Judge's order to this Court, arguing that the Magistrate Judge's decision was in error for reasons similar to those previously articulated. [Record Documents 232 and 232-1]. Defendants responded, noting that Plaintiffs could not carry their burden of demonstrating that the Magistrate Judge's decision was "clearly erroneous" and defending the decision on the merits. [Record Document 237].

This Court held a hearing on the matter on November 14, 2019, at which the Court requested more information from both parties. [Record Document 241]. The parties have now completed supplemental briefing. [Record Documents 240, 245, 247]. In these additional filings, Plaintiffs

clarified that Plaintiffs' experts had not in fact met individually with each of the inmates and that Plaintiffs did not currently claim an attorney-client relationship with all 42 individuals.[2] [Record Document 240].

II. **Standard of Review**

Under the Federal Magistrate Act, a magistrate judge may issue binding rulings on non-dispositive matters. 28 U.S.C. § 636(b)(1)(A). A party that objects to such a ruling may appeal to the district judge who "must . . . modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A clear error standard applies to a magistrate judge's findings of fact, while legal conclusions are reviewed de novo. *See Spillers v. Chevron USA Inc.*, No. 11-2163, 2013 WL 869387, at *3 (W.D. La. Mar. 6, 2013) (citing *Choate v. State Farm Lloyds*, No. 03-2111, 2005 WL 1109432, at *1 (N.D. Tex. May 5, 2005)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Hence, reversal of a factual finding is improper whenever the "magistrate judge's 'account of the evidence is plausible in light of the record viewed in its entirety.'" *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (quoting *Resolution Tr. Corp. v. Sands*, 151 F.R.D. 616, 619 (N.D. Tex. 1993)).

III. **Law and Analysis**

---

[2] The dispute over the existence of an attorney-client relationship seems to be due to Defendants' reliance on two lists of clients provided by Plaintiffs' counsel. [Record Documents 221-1 and 245-1]. The first was provided on February 15, 2019. [Record Document 245-1 at 1]. The second narrower list was provided pursuant to this Court's order on March 15, 2019. [Record Documents 165 at 6 and 245-1 at 8]. To avoid this confusion in the future, the March 15, 2019, list is to be treated as the official list of individuals with whom Plaintiffs' counsel have an attorney-client relationship until and unless Plaintiffs provide an updated list compliant with the guidance provided in Record Document 165.

3

Defendants argue that they should be allowed to conduct the exams at issue pursuant to Federal Rule of Civil Procedure 35. [Record Document 216]. Rule 35 provides that a court:

> may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

Fed. R. Civ. P. 35(a)(1). Rule 35 further states that a court should only order an exam "for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(2)(A). The order "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

Having reviewed all materials filed in this case, the Court **AFFIRMS** the Magistrate Judge's opinion and reasoning, except for the sufficiency of detail in his order regarding the time, place, manner, conditions, and scope of the exam. [Record Document 227].

The Magistrate Judge's order adopted in full Defendants' recitation of the time, place, manner, conditions, and scope of the requested exams and found that this was sufficient to satisfy the standards of Rule 35. [Record Document 227 at 4]. However, the information Defendants provided about the exam failed to specify what they meant by the term "mental health exam," so the order lacked details regarding the scope of the exam. Defendants have now provided such information through expert John W. Thompson's explanation of the proposed areas of questioning. [Record Document 245-4]. These details, combined with the information in Defendants' original briefing and the information provided during a hearing before this Court, constitute adequate information for the Court's order to satisfy Rule 35. [Record Documents 216-1 at 4, 241 at 4-5, and 245-4].

The Magistrate Judge's order [Record Document 227] is **MODIFIED** to allow the mental health exams as described by Defendants' expert in Record Document 245-4 and represented to the Court in Defendants' original motion and the November 14, 2019, hearing on the subject. [Record Documents 216-1 and 241]. As a summary, this means that the exams are to be conducted at DWCC. [Record Document 216-1 at 4]. Each individual will speak with one of the experts previously identified by Defendants, and be asked questions in the areas of inquiry identified by John Thompson. [Record Documents 216-1 at 4 and 245]. The examinations will be confidential, with only the expert and the examinee in the room. [Record Documents 216-1 at 4 and 241 at 7]. When necessary for safety, a guard may be located such that he or she can observe the examinees' actions but cannot hear the contents of the exam. [Record Document 241].

IV. <u>Conclusion</u>

In light of the foregoing, **IT IS ORDERED** that the ruling of the Magistrate Judge granting Defendants' motion for mental health exams [Record Document 227] is **AFFIRMED in part**. Defendants' motion for mental health exams is granted, but is limited to the scope enunciated in Record Document 245-4.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 12th day of December, 2019.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE