UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANTHONY TELLIS, ET AL.　　　　　　　CIVIL ACTION NO. 18-cv-0541

VERSUS　　　　　　　　　　　　　　　JUDGE ELIZABETH E. FOOTE

JAMES M. LEBLANC, ET AL.　　　　　　MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

Plaintiffs filed a motion to strike Defendants' jury demand, arguing that because Plaintiffs request only injunctive relief, Defendants have no constitutional right to a jury trial. [Records Document 225, 225-1]. Defendants responded that because compliance with the injunctive relief requested will likely cost Defendants substantial sums of money, Plaintiffs' request is in effect a request for damages at law, which entitles Defendants to a jury trial. [Record Document 229 at 2]. In the alternative, Defendants urge the Court to utilize an advisory jury under Federal Rule of Civil Procedure 39(c). [Record Document 229 at 5]. For the reasons stated below, Plaintiffs' motion [Record Document 225] is **GRANTED.**

### Background

Plaintiffs filed the instant suit on February 19, 2018. In their initial complaint, Plaintiffs sought a judgment from the Court that Defendants are in violation of the Eighth Amendment, Title II of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act ("RHA"). [Record Document 1 at 3, 51-52]. As redress, Plaintiffs prayed that this Court "[e]nter injunctive relief enjoining Defendants and their agents" from further illegal actions, award Plaintiffs the costs of the suit and reasonable attorneys' fees, and retain jurisdiction over the case until Defendants fully comply with any orders from the Court. [Record Document 1

1

at 52]. Plaintiffs subsequently filed an amended complaint seeking the same remedies.[1] [Record Document 154 at 3, 53-54]. In their answer to Plaintiffs' original and amended complaint, Defendants requested a trial by jury. [Record Documents 35 at 38 and 158 at 41].

## Law and Analysis

Under Federal Rule of Civil Procedure 39, a court must allow a jury trial when properly demanded unless it determines that no federal right to a jury trial exists in the case. Fed. R. Civ. P. 39(a)(2). Before determining if there is a constitutional right to a jury trial, a court should consider whether the right to a jury trial has been conferred statutorily. *City of Monterey v. Del Monte Dunes at Monterey*, 526 U.S. 687, 707 (1999).

In this case, Defendants do not argue that they are statutorily entitled to a jury trial, and the statutes at issue do not grant Defendants such a right. In *City of Monterey*, the Supreme Court held that 42 U.S.C. § 1983 does not independently confer a statutory right to a jury trial upon actions filed under this statute. *Id.* at 708. Similarly, neither Title II of the ADA nor the RHA provide an independent right to a jury trial. *Smith v. Barton*, 914 F.2d 1330, 1336 (9th Cir. 1990); *Matthews v. Jefferson*, 29 F. Supp. 2d 525, 536 (W.D. Ark. 1998).

The Court must therefore determine if Defendants have a constitutional right to demand a jury trial in this case. The Seventh Amendment states that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const. amend. VII. Under well-established Supreme Court precedent, "Suits at common law" has been interpreted to "refer to 'suits in which *legal* rights were to be

---

[1] There is currently a second motion to amend Plaintiffs' complaint pending. [Record Document 169]. The proposed amended complaint attached to that motion again seeks the same relief. [Record Document 169-1 at 61-62].

2

ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered.'" *Granfinanceria, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (quoting *Parsons v. Bedford*, 28 U.S. 433, 447 (1830)) (emphasis in original).

For those suits enforcing statutory rights, "[f]irst, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* at 42 (quoting *Tull v. United States*, 481 U.S. 412, 417-18 (1987)). The nature of the remedy is more important than how an action compares to those of the 18th century. *Id.*

Claims arising under § 1983, the ADA, or the RHA and seeking *legal* remedies are analogous to those traditionally brought in courts of law, and the right to a jury trial in those instances is constitutionally guaranteed. *City of Monterey*, 526 U.S. at 709; *Vazquez v. Municipality of Juncos*, 756 F. Supp. 2d 154, 168 (D.P.R. 2010). Thus, Defendants' right to a jury trial turns on whether Plaintiffs seek legal or equitable remedies.

Defendants do not dispute that injunctions are traditionally equitable in nature. [Record Document 229 at 5]. Instead, they argue that because the specific injunction Plaintiffs seek would likely force Defendants to spend "thousands, if not millions, of dollars" to implement new policies and change how DWCC is operated, it exceeds the scope of the injunctions traditionally issued by courts of equity and should be treated as a legal remedy. [Record Document 229 at 2, 4].

As the Supreme Court has explained:

Our cases have long recognized the distinction between an action at law for damages—which are intended to provide a victim with monetary compensation

3

> for an injury to his person, property, or reputation—and an equitable action for specific relief—which may include an order providing for the reinstatement of an employee with backpay, or for "the recovery of specific property *or monies*, ejectment from land, or injunction either directing or restraining the defendant officer's actions.

*Bowen v. Massachusetts*, 487 U.S. 879, 893 (1988) (quoting *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949)) (emphasis in original). "Remedies intended to punish culpable individuals, as opposed to those intended simply to extract compensation or restore the status quo, were issued by courts of law, not courts of equity." *Tull v. United States*, 481 U.S. 412, 422 (1987). The key inquiry in distinguishing between equitable and legal remedies, then, is not the amount of money at issue or the cost of compliance with an injunction, but rather the purpose of the remedy. *See e.g. TCL Commc'n Tech. Holdings Ltd. v. Telefonaktiebolaget LM Ericsson*, 943 F.3d 1360, 1372-73 (Fed. Cir. 2019).

In this case, Plaintiffs seek no damages for past harms. They seek no remedies intended to punish Defendants for their alleged past violations. They seek only to have this Court enter an injunction ordering Defendants to bring the conditions at DWCC into compliance with the constitution, ADA, and RHA. Defendants' potential compliance costs do not change the fundamental fact that Plaintiffs seek an injunction to prevent future harms—a remedy that is equitable in nature. *Ex parte Lennon*, 166 U.S. 548, 556 (1897) ("[I]t was clearly not beyond the power of a court of equity, which is not always limited to the restraint of a contemplated or threatened actions, but may even require affirmative action, where the circumstances of the case demand it.") Therefore, Defendants do not have a Seventh Amendment right to a jury trial in this matter.

Finally, when an action is "not triable of right by jury," a court may utilize an "advisory jury" or, with the parties' consent, "try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right[.]" Fed. R. Civ. P. 39(c). Defendants urge this Court to utilize an advisory jury due to the "gravity of the dispute and the communities' interest in deciding important issues about how its correctional systems functions[.]" [Record Document 229 at 5]. Plaintiffs contend that "[t]he Court is best situated to be the fact-finder and adjudicator of the equitable relief sought for the complex constitutional claims raised herein." [Record Document 230 at 3]. They further argue that empaneling a jury is a "significant expense" and an "inconvenience" to the Court and the individuals selected to serve as jurors. [Record Document 225-1 at 3].

The decision of whether to utilize an advisory jury is left to the Court's discretion. *Miles-Hickman v. David Powers Homes, Inc.*, 613 F. Supp. 2d 872, 879 (S.D. Tex. 2009). The Court agrees with Plaintiffs that the complexities of the claim and the nature of the relief sought make this case one that is best suited for a bench trial.

## Conclusion

For the reasons stated herein, Plaintiffs' motion to strike Defendants' jury demand [Record Document 225] is hereby **GRANTED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this the 13th day of January, 2020.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE