UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ANTHONY TELLIS, ET AL. | CIVIL ACTION NO. 18-cv-0541 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JAMES M. LEBLANC, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is Plaintiffs' motion for sanctions based on Defendants' alleged disclosure of confidential settlement negotiation information. [Record Document 243]. Plaintiffs urge the Court to use its inherent supervisory authority to impose sanctions, the primary one being the removal of Defendants' counsel. [Record Documents 243-1 at 8 and 256 at 10]. Defendants opposed the motion and Plaintiffs had the opportunity to reply to Defendants' opposition. [Record Documents 250 and 256]. Plaintiffs' motion [Record Document 243] is **DENIED**.

### Background

In May 2019, the Court ordered that the parties engage in a settlement conference with Magistrate Judge Hayes. [Record Document 202]. In preparation for this conference, Magistrate Judge Hayes ordered the parties to submit confidential statements containing a "bottom-line settlement proposal." [Record Document 203 at 2]. The parties participated in an unsuccessful settlement conference in September 2019. [Record Document 218].

In October 2019, Plaintiffs filed a motion to strike Defendants' jury demand. [Record Document 225]. Defendants' opposition to the motion to strike presented arguments about the nature of the injunction Plaintiffs seek. [Record Document 229 at 2]. In making this

1

argument, Defendants stated that "Plaintiffs seek a wholesale change in the way [David Wade Correctional Center] is administered" and enumerated several policy changes that they believe Plaintiffs will request should they be successful in this litigation. [Record Document 229 at 2]. Defendants explained in a footnote that their representations about Plaintiffs' goals are "not mere conjecture" because they "have ascertained that these are the Plaintiffs' goals through attending the pretrial settlement conferences this Court ordered." [*Id.*] This forms the basis for the instant motion for sanctions. [Record Documents 229 and 243 at 1].

Plaintiffs argue that Defendants' disclosure was a willful and bad faith violation of this Court's local rules surrounding the confidentiality of mediation, Magistrate Judge Hayes's order regarding the settlement conference, Louisiana state law, and Plaintiffs' transmission to Defendants stating that settlement negotiations shall be confidential. [Record Document 243-1]. They claim that Defendants' conduct is prejudicial to their ability to negotiate with Defendants in the future, to their ability to interact with putative class members, and to the trust future litigants will have in the confidentiality of mediation conducted in this district. [Record Document 243-1 at 5-7].

Defendants admit that the footnote stating they received the information through settlement negotiations "may have been improvident," but maintain that they did not act in bad faith. [Record Document 250 at 4]. They further contend that their descriptions of Plaintiffs' demands are nothing more than generalizations that can be ascertained through looking at Plaintiffs' non-confidential pleadings. [Record Document 250 at 3-4].

## Law and Analysis

Federal courts possess the inherent power to issue sanctions beyond those provided for in the Federal Rules of Civil Procedure, but this power should be exercised with "restraint" and "discretion."[1] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991). Before imposing sanctions, a court must find that "a party engaged in 'bad-faith conduct' which is 'in direct defiance of *the sanctioning court.*'" *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 591 (5th Cir. 2008) (quoting *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791 (5th Cir. 1993)) (emphasis in original). A finding of bad-faith may be inferred "[w]hen bad faith is patent from the record and specific findings are unnecessary to understand the misconduct giving rise to the sanction[.]" *Blanco River, L.L.C. v. Green*, 457 Fed. App'x 431, 438 (5th Cir. 2012).

Plaintiffs argue that Defendants' disclosure "demonstrates bad faith in their handling of confidential information." [Record Document 256 at 5]. They assert that Defendants "intentionally and maliciously" made the disclosure at issue and suggest that Defendants' "refusal to acknowledge their misconduct" is further support that they are acting in bad faith. [Record Document 256 at 6]. Defendants responded by "affirmatively represent[ing]" to the Court that they did not act in bad faith. [Record Document 250 at 4]. They maintain that their argument about Plaintiffs' demands in this case were generalized, contained no specifics of the offers made in confidence, and can be found in Plaintiffs' non-confidential pleadings. [Record Document 250 at 3-4].

---

[1] The Court does not address the possibility of imposing sanctions under Federal Rule of Civil Procedure 11, or any other source, because Plaintiffs have expressly stated that they only ask the Court to invoke its inherent supervisory authority in this matter. [Record Document 256 at 10-11].

3

While the Court certainly agrees that the inclusion of the footnote directly tying Defendants' argument to representations gained through mediations was "improvident," this alone does not demonstrate that Defendants acted in bad faith. Plaintiffs have provided no other evidence that Defendants disclosed this information, whether confidential or not, for any other purpose than to highlight for the Court why they believed the injunction at issue in this case would be outside the scope of what is traditionally issued by a court of equity. [Record Document 229 at 2].

Without evidence that Defendants made this disclosure in an attempt to prejudice Plaintiffs or directly violate a court order, this Court cannot make the requisite finding of bad faith needed to impose sanctions. Therefore, the Court declines to impose sanctions on Defendants for this behavior at this time. In the future, however, both parties are cautioned to proceed with extreme care when making statements that relate to settlement negotiations or any other matter that may potentially be confidential. Any future disclosures of confidential information will not be taken lightly.

## Conclusion

For the reasons stated herein, Plaintiffs' motion for sanctions [Record Document 243] is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this the 13th day of January, 2020.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE