UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| ANTHONY TELLIS, ET AL. | CIVIL ACTION NO. 18-541 |
|---|---|
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JAMES M LEBLANC, ET AL. | MAGISTRATE JUDGE HORNSBY |

## ORDER

Pending before the Court is Defendants' motion to exclude undisclosed expert witnesses. [Record Document 248]. For the reasons stated herein, Defendants' motion is **DENIED**.

Defendants argue that Plaintiffs violated Federal Rule of Civil Procedure 26(a)(2) by failing to designate four experts as testifying experts in accordance with the Scheduling Order in this matter. [Record Documents 248-1 at 1-2]. They further assert that Rule 37(c)(1) prohibits Plaintiffs from using the testimony of experts improperly disclosed under Rule 26. [Record Document 248-1 at 3]. Plaintiffs respond that the failure to disclose certain experts as testifying experts was an accidental omission and was quickly corrected after it was brought to their attention. [Record Document 263 at 2].

Federal Rule of Civil Procedure 37(c)(1) states that when a party fails to properly identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness . . . unless the failure was substantially justified or is harmless." The Court should consider: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 372 (5th Cir. 2016) (quoting *Geiserman v. MacDonald*, 893 F.3d 787, 791 (5th Cir. 1990)).

1

In this case, all factors support allowing Plaintiffs' experts to testify. First, Plaintiffs state that their failure to timely disclose the witnesses was a simple oversight. [Record Document 263 at 2]. They timely submitted their may-call witness list on that day. [*Id.*]. There is no evidence that this failure was intentional or in bad faith. Second, the expert witness testimony is undoubtedly of high importance in this matter.

Third, Defendants faced little, if any, prejudice from the delayed disclosure. Plaintiffs' use of expert testimony at trial is hardly a surprise to Defendants. As Defendants admit in their motion to exclude, they were already aware that at least two of the four experts were "retained" in this matter. [Record Document 248-1 at 3]. At least one of the other experts previously visited the prison. [Record Document 263-4]. Further, Plaintiffs corrected the mistake the business day after they were alerted to their error, making their formal disclosure two weeks late. [Record Documents 195, 248, and 263-1].

Finally, a continuance to cure any minimal prejudice was certainly available. With no trial date set, Defendants had ample time to request an extension of their own expert disclosure deadline, which Plaintiffs offered to stipulate to when submitting their untimely expert disclosures. [Record Documents 195 and 263-1]. Thus, Plaintiffs' failure is no more than a harmless error for which the exclusion of expert testimony is unwarranted. Defendants' motion is **DENIED**.

**THUS DONE AND SIGNED** this 11th day of February, 2020.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE