UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANTHONY TELLIS, ET AL                    CIVIL ACTION NO. 18-cv-0541

VERSUS                                   JUDGE ELIZABETH E. FOOTE

JAMES M LEBLANC, ET AL                   MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the court is Plaintiffs' Motion to Compel Depositions. Doc. 299. Plaintiffs seek leave to conduct second depositions of Deborah Dauzat, Lonnie Nail, and Steve Hayden. Plaintiffs argue that a second deposition of these witnesses is necessary because the first depositions of these witnesses were limited to class certification issues. Plaintiffs also state that, since the original depositions, they have discovered new information and obtained additional documents related to the merits which need further explanation or clarification. For example, Plaintiffs state that more recent depositions of DWCC staff have shown that there have been significant changes to mental health staffing, practices, and classifications. Plaintiffs represent that they can depose each of the witnesses in two hours or less.

Defendants argue that Plaintiffs' deposition notices limiting the depositions to class certification issues were directly contrary to instructions given by the court regarding undertaking both class and merits discovery simultaneously. In fact, defense counsel objected at the beginning of Dauzat's deposition (Doc. 103, p. 4) and stated, "You know, I don't have any intention of doing this [repeatedly objecting to the limited nature of the

deposition], and I don't have any intention of making this witness available again for any additional merits discovery." Defendants also highlight the numerous deposition topics covered by Plaintiffs for each witness. Defendants argue that Plaintiffs have had "ample opportunity" to obtain the additional information they seek not only in the first depositions, but also in the other extensive discovery that has been conducted in this case.

After considering all of the arguments of the parties, and the factors outlined in Fed. R. Civ. P. 26(b)(1) and 26(b)(2)(C), the court finds that Plaintiffs' motion should be granted as follows. Plaintiffs are permitted to take limited, second depositions of Dauzat, Nail, and Hayden, but Plaintiffs are ordered to avoid asking questions that were asked during the first depositions, unless other discovery has shown that relevant conditions, classifications, policies and/or procedures have changed. Some overlap in the line of questioning may be unavoidable due to the number and complexity of the issues, but it is difficult to draw fine lines in advance, The court must necessarily rely on the good faith of all counsel to comply with the spirit of this order and avoid necessary repetition.

Except as set forth above, these second depositions are limited to merits discovery only. The depositions shall not exceed two hours for each witness (excluding objections and any argument among counsel). For the convenience of everyone, and unless otherwise agreed by the parties, the three witnesses shall be deposed on the same day.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of February, 2020.

Mark L. Hornsby
U.S. Magistrate Judge