UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANTHONY TELLIS, ET AL                         CIVIL ACTION NO. 18-cv-0541

VERSUS                                        JUDGE ELIZABETH E. FOOTE

JAMES M LEBLANC, ET AL                        MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the court is **Defendants' Motion to Compel 30(b)(6) Deposition and for Sanctions. Doc. 260**. After carefully reading the briefs and supplements, the motion to compel is **granted in part and denied in part** as follows.

The court finds that the parties have satisfied the meet and confer requirement through their comments and objections during the deposition. Moreover, the 30(b)(6) witness was wholly unprepared to testify on most of the designated topics on behalf of the Advocacy Center. His unpreparedness was the equivalent of producing no witness at all. Plaintiffs' counsel's offers to supplement discovery after the deposition does not cure this deficiency. Imposing an additional meet and confer under the unique circumstances presented here would not have led to a resolution of the discovery dispute.

The biggest problem with this discovery dispute is that the law imposed on the Advocacy Center (a named party to this litigation) an obligation to file a motion for a protective order if it had objections to the 30(b)(6) notice. Wood v. PACCAR, 2020 WL 831142 (N.D. Iowa 2020); Orchestrate v. Trombetta, 2015 WL 11120526 (N.D. Tex. 2015)("A party cannot fail to raise objections to Rule 30(b)(6) deposition notices, present

a representative to testify on those topics, and then later raise objections to the scope or propriety of the topics. The objections, when raised for the first time (in some fashion) … were untimely by many months and had been waived.")  Furthermore, Rule 37(d)(2) provides in relevant part that a failure of a party to appear for a deposition after prior notice is not excused on the ground that the discovery was objectional "unless the party failing to act has a pending motion for a protective order under Rule 26(c)."

The Advocacy Center filed no such motion. Therefore, the court finds that it has waived its objections to the 30(b)(6) notice.  The Advocacy Center is ordered to present a fully prepared authorized representative to testify on its behalf on the topics identified in the notice of deposition on a date mutually agreeable to all parties and counsel.

The court is compelled, however, to exercise its discretion and act on its own motion pursuant to Rule 26(b)(2)(C) to strike certain topics as outside the scope of permissible discovery and not proportional to the needs of this case.  The following topics are declared off-limits, except as noted:

    5.    The identity and background of all members of the Advocacy Center's board of directors and PAIMI Council.

    7.    The Advocacy Center's relationships with Dr. Kathryn Burns, Craig Haney, Slate Technology, and Dan Pacholke.

    9.    The Advocacy Center's knowledge of and advocacy related to the maximum custody and restrictive housing policies in any matters other than the instant case.

    12.    This topic is limited to DWCC.

    18.    The Advocacy Center's funding, structure, and past and present work in the area of prison reform.

19. Any evidence the Advocacy Center intends to introduce at trial of this matter. This information should have been sought in written discovery.

20. Any witness the Advocacy Center may call to testify at trial of this matter. This information should have been sought in written discovery.

The 30(b)(6) deposition may take place after the discovery deadline. However, no other deadlines are extended as a result of this order.

Based on the court's evaluation of how this discovery dispute unfolded, Defendants' request for sanctions is denied.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of March, 2020.

Mark L. Hornsby
U.S. Magistrate Judge