UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ANTHONY TELLIS ET AL | CIVIL ACTION NO. 18-cv-541 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JAMES M LEBLANC ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

**Introduction**

Before the court are two competing motions regarding the Rule 30(b)(6) deposition of the Advocacy Center. The first is a Motion for Protective Order filed by Plaintiff. Doc. 345. The second is Defendants' Second Motion to Compel Rule 30(b)(6) Deposition and for Sanctions. Doc. 350. For the reasons that follow, the motion to compel is granted and the motion for protective order is denied.

**Relevant Background**

The Advocacy Center, on behalf of inmates at the David Wade Correctional Center ("DWCC"), filed this putative class action to seek injunctive relief with respect to the mental health care afforded inmates who are held in extended lockdown on the south compound in buildings N-1 through N-4, which are solitary confinement and extended lockdown tiers. Plaintiffs were originally inmates who were represented by the Advocacy Center, which represents that is the designated Protection and Advocacy ("P&A") agency in the state of Louisiana.

In February 2019, Plaintiffs sought leave to amend their complaint to add the Advocacy Center as a plaintiff. Doc. 154. Plaintiffs represented to the court that adding

the Advocacy Center as a plaintiff would obviate the need for class certification proceedings. Doc. 128. Based in large part on that representation, the undersigned reluctantly granted leave to amend. Apparently, the Advocacy Center's representation was not correct. The addition of the Advocacy Center has not eliminated the class certification process or simplified any aspect of this case to date. But it has led to problems for the parties and the court.

In November 2019, Defendants attempted to conduct a Rule 30(b)(6) deposition of the Advocacy Center's designated representative, Chris Rodriguez. Defendants later filed a motion to compel the deposition, arguing that Rodriguez was unprepared to testify about information known or reasonably available to the Advocacy Center. Doc. 260. The undersigned granted the motion, holding that "the 30(b)(6) witness was wholly unprepared to testify on most of the designated topics on behalf of the Advocacy Center." The court noted that the Advocacy Center had failed to file a motion for a protective order to raise its objections to the 30(b)(6) notice and had thus *waived its objections to the notice*. The court ordered the Advocacy Center to present a "fully prepared authorized representative to testify on its behalf on the topics identified in the notice of deposition," but the court did use its discretion to limit or strike certain topics.

On June 30, 2020, the parties conducted another Rule 30(b)(6) deposition, and the organization designated Ronald Lospennato, its "Legal Director" (Depo. p. 6), as its representative. Direct examination of Lospennato lasted seven hours, during which counsel for the Advocacy Center raised many objections, including objections based on

work product. Mr. Lospennato, the designated witness, also made a number objections himself on the basis of relevancy or work product. See, for example, Depo. pp. 15, 18-19.

At the end of the day, Defendants requested another day to complete the deposition. Plaintiffs agreed, subject to an agreement on the date. Depo. p. 351-352. That has not happened.

The Advocacy Center instead filed a Motion for Protective Order to avoid subjecting Mr. Lospennato, or other representative of the Advocacy Center, from submitting to a second day of direct examination or, alternatively, barring Defendants from requesting work product documents and/or interposing any questions inquiring into the mental impressions, analyses, conclusions, opinions and theories of counsel of record. Defendants responded with their Second Motion to Compel Rule 30(b)(6) Deposition, which argues that the witness and his counsel engaged in obstructionist conduct throughout the deposition.

The court has reviewed the second Rule 30(b)(6) deposition at length. It is a model of unprofessionalism. Improper comments, questions, and objections abound.

**The Motion for Protective Order (Doc. 345)**

Plaintiffs argue in their motion for protective order that much of the information Defendants sought at the deposition is protected work product, that all of the information sought by defendants is available through other means (including experts, prison records, or the depositions of the inmates), and that the manner in which Defendants conducted the deposition is inconsistent with the protections afforded against disclosure of attorney mental impressions, conclusions, opinions, and legal theories.

Plaintiffs essentially argue that a deposition of the Advocacy Center, which is a protection and advocacy group, amounts to a deposition of Plaintiff's counsel. Plaintiffs compare the role of the Advocacy Center to organizations such as the SEC or EEOC as enforcement agencies. The Advocacy Center argues that it has only second-hand knowledge of the facts, with much of its information coming from its clients or experts, making that information privileged.

Defendants respond that the Advocacy Center designated an attorney of record in this case to testify on behalf of the Advocacy Center as an obstructionist strategy. Defendant assert that their questions at the deposition were aimed at underlying facts known to the Advocacy Center rather than at work product, mental impressions, or legal theories. One example cited by Defendants is when counsel asked Lospennato, "Do you have any reason to believe as we sit here that the diagnosis that the Department of Corrections has made on Mr. Turner is wrong?" Plaintiffs' counsel objected to any answer as containing work product, noting that "[h]is impressions and theories about what the diagnosis are as an attorney are just, that's under work product." Counsel instructed Lospennato not to answer

Defendants argue that the Advocacy Center is not like the SEC or EEOC, which by law have to be named Plaintiffs in cases because they are enforcement agencies. While the Advocacy Center usually represents people as counsel, in this case *it specifically sought to be a named plaintiff*. Defendants cite United Sates v. Stabl, Inc., 2018 WL 3758204 , *5 (D. Ne 2018) as guidance. That case dealt with a government agency plaintiff. The Government objected to a Rule 30(b)(6) deposition, arguing that because attorneys were

the only individuals with knowledge of the topic areas noticed by Defendants, the Rule 30(b)(6) notices to the governmental entities were the functional equivalent of a request to depose opposing counsel. The court rejected this argument, stating:

> The Court is not persuaded that Defendants' request to take Rule 30(b)(6) depositions are the functional equivalent of a request to depose opposing counsel. Although the plaintiffs assert that only attorneys have knowledge regarding the identified topics, "the duty to prepare a Rule 30(b)(6) witness goes beyond matters personally known to the designee or to matters in which the designated witness was personally involved." Waste Connections, No. 8:12CV436, 2014 WL 1281918, *3. Even if attorneys are the only individuals with requisite knowledge, it does not necessarily follow that such knowledge is automatically protected by attorney-client privilege. "[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants questions does not prevent them from preparing a designee to answer the questions." U.S., ex rel. Fry v. Health All. of Greater Cincinnati, No. 1:03-CV-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009). Finally, "[A] blanket claim of privilege in response to a Rule 30(b)(6) notice creates an unworkable circumstance in which a defendant loses a primary means of discovery without a meaningful review of his opponent's claim of privilege." Merkin, 283 F.R.D. at 694.

Plaintiffs respond that Defendants conflate "work product" and "underlying facts." Plaintiffs cite Hickman v. Taylor, 329 U.S. 495 (1947) for the proposition that the underlying facts are the statements of witnesses and the documents that form the factual foundation of a case, not an attorney's understanding or opinion of those facts and documents. Plaintiffs point to Defendants' failure to ask the same questions in the depositions of the inmates, who would have been a better source for the information than the Advocacy Center. Plaintiffs also claim that Lospennato was a properly appointed representative because they had previously appointed non-attorney Christopher Rodriguez, who was found to be deficient.

**The Motion to Compel (Doc. 350)**

Defendants' Motion to Compel seeks another attempt to take the Rule 30(b)(6) deposition of the Advocacy Center, and it seeks sanctions for taking the deposition of an unprepared lawyer witness who refused to provide factual answers but instead hid behind the attorney-client privilege and work product doctrine. The arguments in connection with the motion largely overlap with Plaintiff's Motion for Protective Order. The bottom line is this: Did the Advocacy Center properly designate and prepare Lospennato to speak on its behalf, and were Lospennato and his attorney's objections proper regarding the scope of the deposition and questions they believe called for protected information.

**Applicable Law**

Rule 30(b)(6) is designed "to avoid the possibility that several officers and managing agents might be deposed in turn, with each disclaiming personal knowledge of facts that are clearly known to persons within the organization and thus to the organization itself." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice and Procedure</u> § 2103, at 33 (2d Ed. 1994). Therefore, the deponent "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed … as to the relevant subject matters." <u>Brazos River Authority v. GE Ionics, Inc.</u>, 469 F.3d 416, 432-33 (5th Cir. 2006). The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was

personally involved. Id. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources. Id.

A Rule 30(b)(6) designee does not give his personal opinions but presents the corporation's "position" on the topic. Id. When a corporation produces an employee pursuant to a Rule 30(b)(6) notice, it represents that the employee has the authority to speak on behalf of the corporation with respect to the areas within the notice of deposition. This extends not only to facts, *but also to subjective beliefs and opinions*. Id., citing Resolution Trust Corp. v. S. Union, 985 F.2d 196, 197 (5th Cir. 1993)(When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through that agent "*as to its knowledge and perceptions*.")(Emphasis added).

If it becomes obvious that the deposition representative designated by the corporation is deficient, the corporation is obligated to provide a substitute. Brazos River Authority, 469 F.3d at 433. When a Rule 30(b)(6) deposition notice references multiple topics, the party named in the deposition notice must either move for a protective order regarding each topic or designate a person to testify regarding each topic. Wood v. PACCAR, 2020 WL 831142 (N.D. Iowa 2020). The witness represents the collective knowledge of the corporation, not of the specific individual deponent. Id. at *9.

A party need not produce the most knowledgeable person about the matters designated. But it must produce a person with knowledge whose testimony will be binding on the party. Rodriquez v. Pataki, 293 F.Supp.2d 305, 311 (S.D. N.Y. 2003); Leidig v. Buzzfeed, 2017 WL 6512353 (S.D.N.Y. 2017). However, counsel must be careful when educating a Rule 30(b)(6) witness, who lacks personal knowledge, with documents

protected by the attorney-client privilege or work product doctrine. Rigorous cross-examination may force production of these otherwise protected documents. See Coryn Group II v. O.C. Seacrets, Inc., 265 F.R.D. 235, 245 (D. Md. 2010); and Hitner, Federal Civil Procedure Before Trial, § 11:1414 (5th Cir. Ed. 2020).

**Analysis**

The Advocacy Center plainly violated its obligation to produce a knowledgeable witness. Indeed, the witness volunteered at the beginning of the deposition (p. 9) that "many of the topics are topics that other people are much better, in a much better position to testify to." And time and time again when asked questions, the witness deflected the question by saying that Plaintiffs' experts were the proper source for the information. This was improper. Plaintiffs filed this lawsuit, and presumably they conducted a proper inquiry into the facts before they made each of their allegations, as required by Fed.R.Civ.P. 11. Parties may not file a lawsuit with the hope of one day finding facts (and experts) that support their allegations.

When asked about whether a DOC diagnosis were correct (pp. 17-18), or whether the right medications were given (p. 23), or whether a statement in a document regarding whether an inmate actually took his medicine was correct (p. 30), the Advocacy Center lodged improper objections based on work product and instructed the witness not to answer. Doing so shielded him improperly from disclosing almost any fact, as he was an attorney who was allegedly prepped by attorneys within the organization.

In response to a simple question about taking medicine (Depo. pp. 31, 32), the witness answered that, "My opinion about that is besides the point," that "I really don't

have an opinion --," and that "I'm not competent to testify about that and I think it's, and again, I believe it's work product." And again, the witness' attorney stated (Depo. p. 33), "There is a work product objection to anything that's the opinion of our expert witnesses before the reports come out."

Other examples of improper objections or evasiveness:

"What facts lead you to believe he was attempting suicide?" Depo. p. 34. The objection said the question required "an attorney weighing the facts and deciding what inferences to draw from them is work product." But it was the Advocacy Center that designated an attorney to speak for it (after the first deposition attempt when the witness knew very little at all). The request for *facts* was completely proper.

"How compliant is Mr. Jones with his medicine?" Depo. p. 43. The answer was, in a nutshell, that "to the extent we have knowledge about it, it would be work product." Again, that is incorrect.

"Are you aware of any information that would call those reports into question as we sit here today?" Depo. p. 47. The answer: "That would call for me to give an opinion about the case and that's work product." The request was for *information*. Not opinions.

"Has Mr. Jones ever asked to be placed in a restraint chair to assist his case?" Depo. p. 47. The answer: "I just don't understand why you're asking me about stuff you can get from Mr. Jones." This, too, is wrong. It matters not if the information is available from other sources. Indeed, the Rule 30(b)(6) deposition can even parallel interrogatories. Dongguk Univ. v. Yale, 270 F.R.D. 70, 74 (D. Ct. 2010). When the witness was pressed

about whether he was prepared to talk about a simple issue in his own client's file, the witness stated, "I'm not prepared to talk about anything that's work product." Depo. p. 48.

"What policies and procedures for screening do you (which, of course, means the Advocacy Center) contend hurt Ronald Broocks?" Depo. p. 53. The answer included only generalized information about how DWCC's policies failed to identify inmates with mental health issues, and continued that, "That's all laid out in the complaint. I'm sure our experts will have opinions about that but for now, that's what I see in here (referring to the complaint)." The witness' attorney said that the inquiry sought the thought processes of counsel. But that is wrong. Defendants are entitled to inquire about *the factual basis* for Plaintiff's contentions and theories in a Rule 30(b)(6) deposition. Funk v. Pinnacle Health, 2019 WL 858718 *3 (D. Kan. 2019).

When asked about whether Mr. Brooks was on Depakote, the witness answered yes. Depo. p 60. But as the dialogue continued, the witness surprisingly stated: "I know a lot that's not there (in the complaint) but just because I know it doesn't mean I have to tell you about it." Defense counsel responded, "That's going to be a good line in my motion to compel." Defense counsel was right.

"Is the prescription for Depakote improper for Mr. Broocks?" Depo. p. 61. The improper work production objection included: "I'm going to instruct him not to answer to the extent that it would implicate anything that our expert witnesses have said about which medications are or aren't appropriate."

"Is there any reason to disbelieve that Mr. Charles claimed mental health problems solely to move (to another cell)?" The answer included: "I would say it's not my job to

believe or disbelieve in this context. It's privileged information, it's work product… Our experts might have an opinion about that. I'm not the best source of that information."

"Does the Advocacy Center think that the diagnosis of depression NOS is incorrect?" Depo. p. 90. The objection stated that it was work product. And even though it is an allegation in the lawsuit, the witness stated that "our witness and exhibit lists are not due yet and I understand that our expert reports are not due yet and therefore we're going to wait and see what our experts say." That is not how discovery works.

"Do you reject the authenticity of the documents claiming that he engaged in manipulative behavior?" The objection was work product. But authenticity of a document is certainly a fair question.

"What makes medication at David Wade haphazard?" Depo. p. 124. The objection was work product, and Plaintiff's counsel continued: "Having an attorney testify about their legal opinions and how they view the evidence, it falls at the core of work product." But this factual allegation is contained in paragraph 99 of the Amended Complaint. Doc. 154. Asking the witness for the facts underlying that allegation is appropriate.

"What offenders were deprived of needed medications?" Depo. p. 151. The answer simply referred to the complaint and stated further: "and beyond that it's essentially work product." Not correct. Facts "beyond that" are what depositions are about.

"There's a picture of the synthetic cannabinoids in those records; did you see it?" The objection: "I'm going to object on the basis of the Fifth Amendment privilege. We can't testify to the underlying fact of whether our client did not didn't do any particular

piece of criminal conduct." (The witness later admits that the inmate was convicted of it.) The objection was meaningless.

The witness: "I mean, it's like, you're not asking us anything you can't figure out for yourself." Depo. p. 170. This comment misses the whole point of a Rule 30(b)(6) deposition, which is to pin down the organization to avoid ambush at trial.

"Other than those 2018, early 2019 dates in the complaint (where inmates said they were cold), are you aware of any other time this occurred?" Depo. p 173. The answer: "Not off the top of my head but again, this is sort of venturing in the area of work product anyway…" Wrong. The question called for a fact: Was the Advocacy Center aware of any other time this (opening windows during cold weather) occurred. Citing work product here (and elsewhere) was simply a crutch to avoid answering the question and leave open the possibility that new information could be used/disclosed at trial.

"Are there any other acts of torture?" Depo. p. 175. Answer: "I'm sure there are but I can't identify them at the moment." An objection followed later which included: "A 30(b)(6) deposition depends on the person being able to go back and look at their records and spend time with the documents, getting you all the organization's knowledge. It's not a memory game." The purpose of a Rule 30(b)(6) is to tie the organization down as to what happened or what did not happen. Torture is a very serious allegation, and it is included in paragraph 62 of the complaint. Second Amended Complaint Doc. 316. The witness should have been prepared to talk about the factual basis underlying such a serious allegation.

"He was not experiencing the conditions of confinement in the south compound; is that true?" Depo. p. 188.  Answer:  "Well, I'm probably not as familiar with the facts as I should be."  That is correct.  The witness was not adequately prepared.

"Why was he moved to lockdown?"  Depo. p. 189.  The objection:  "Calls for speculation."  It did not.  The complaint was filed in 2018.

"Is extended lockdown a legitimate, penological tool?  Depo. p. 222.  Answer: "Yeah ---."  Then: "Objection. Improper expert opinion."  This simple question was answered initially until the witness' attorney improperly interrupted.

**Examples of Unprofessionalism**

The deposition was conducted by video, so it may be that the attorneys felt it appropriate to call each other by their first names and generally behave in an unprofessional manner.  The following snippets are some examples of poor conduct:

Playing lawyer ball p. 24

Figure it out p. 41

Y'all are real intent on doing this a third time p. 47

I don't care (that your attorney is talking)  p. 48

You're being cute p. 64

It's so helpful that you are instructing me like that p. 66

We know that you don't know stuff, Ron.  It's very apparent  p. 82.

You're too busy yapping  p. 85.

You should file a motion for summary judgment on that issue (whether an inmate thanked staff upon leaving) p. 88

      We're going to get a chance to slick it out over that p. 127

      You're playing games p. 131

      How many times have you been maced  p. 138

      Stop talking p. 142

      Another slick move p. 207

      Sandbagging p. 211

      My tone is fine p. 218

      You sound insecure p. 222

It may be that the video deposition, or parts thereof, will one day be shown to a jury or viewed by members of the public during trial.  It is a shame that this may impact how those persons view the legal profession.

**Remedy**

      The court again orders the Advocacy Center to present a properly prepared witness who can answer the questions posed with *the facts* that support their allegations and contentions.  The Advocacy Center could have avoided this altogether by simply acting as counsel for Plaintiffs, but it fought hard to inject itself into this lawsuit as a party.  Having succeeded, it will not now succeed in hiding the facts underlying its allegations under the guise of work product immunity.  This Rule 30(b)(6) deposition is limited to 5 hours of questioning by defense counsel.

      Sanctions are appropriate, but given the conduct on both sides, should be minimal.  Accordingly, the undersigned orders the Advocacy Center to pay $500 to defendants to offset the cost of taking its Rule 30(b)(6) a third time.  Payment is due within 30 days.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of September, 2020.

Mark L. Hornsby
U.S. Magistrate Judge