UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **ANTHONY TELLIS, ET AL.** | **CIVIL ACTION NO. 18-cv-0541** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **JAMES M. LEBLANC, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM ORDER

Before the Court is Plaintiffs' appeal from the Magistrate Judge's order regarding Plaintiffs' motion for a protective order and Defendants' second motion to compel a Rule 30(b)(6) deposition. [Record Document 374]. Plaintiffs' motion for a protective order sought to prevent the Advocacy Center from presenting a representative to submit to a second day of a deposition conducted pursuant to Federal Rule of Civil Procedure 30(b)(6). Record Document 345. In the alternative, Plaintiffs asked that Defendants be barred from requesting attorney work product or asking questions regarding attorney work product. *Id.* Defendants' motion to compel sought to compel the deposition Plaintiffs sought to avoid. Record document 350. The Magistrate Judge reviewed both parties' motions and the transcript of the deposition at issue. He denied Plaintiffs' motion and granted Defendants' motion. The Magistrate Judge's order is **AFFIRMED.**

Under the Federal Magistrate Act, a magistrate judge may issue binding rulings on non-dispositive matters. 28 U.S.C. § 636(b)(1)(A). A party that objects to such a ruling may appeal to the district judge who "must . . . modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A clear error standard applies to a magistrate judge's findings of fact, while legal conclusions are reviewed de novo. *See Spillers v. Chevron USA Inc.*, No. 11-2163, 2013 WL 869387, at *3 (W.D. La. Mar. 6, 2013) (citing *Choate v. State Farm Lloyds*, No. 03-2111, 2005 WL 1109432, at *1 (N.D. Tex. May 5, 2005)). "A finding is 'clearly erroneous' when

1

although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Hence, reversal of a factual finding is improper whenever the "magistrate judge's 'account of the evidence is plausible in light of the record viewed in its entirety.'" *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (quoting *Resolution Tr. Corp. v. Sands*, 151 F.R.D. 616, 619 (N.D. Tex. 1993)).

Having reviewed the Magistrate Judge's order and the parties' arguments on appeal, the Court cannot conclude that the Magistrate Judge's ruling was clearly erroneous or contrary to law, and thus the Magistrate Judge's order is **AFFIRMED**. The Court notes that Plaintiffs devote substantial portions of their appeal to arguing that the Magistrate Judge's order requires the Advocacy Center to disclose work product at the depositions. Record Documents 374 and 380. The Court does not read the Magistrate Judge's order to do this. The order repeatedly emphasized that Plaintiffs had improperly objected to questions seeking facts and information. *See e.g.,* Record Document 367 at 9-10. The order concludes that the Advocacy Center witness must be prepared to answer questions with facts—not opinions, inferences, or legal theories. *Id.* at 14. That said, the Court cautions Defendants to narrowly tailor their questions to seek only facts and to avoid seeking protected work product.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the \_\_19th\_\_ day of November, 2020.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

2