# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

ANTHONY TELLIS, ET AL.                    CIVIL ACTION NO. 18-cv-541

VERSUS                                    JUDGE ELIZABETH E. FOOTE

JAMES M. LEBLANC, ET AL.                  MAGISTRATE JUDGE HORNSBY

## AMENDED SCHEDULING ORDER

On April 1, 2021, the following dates were set on the docket of **Judge Foote**:

**NON-JURY TRIAL:**              **January 10, 2022 at 9:00 A.M., Shreveport, Courtroom 2**
                                 The Court will allocate 15 days for the trial of this matter.

**PRETRIAL CONFERENCE:**         **December 3, 2021 at 9:00 A.M.**
                                 All trial counsel shall participate in person. The Court will fully explore all pending evidentiary and legal issues and discuss its trial procedure. Accordingly, the conference can be lengthy. Counsel should contact chambers before the conference to ensure that they have allotted sufficient time in their schedules.

**\*JOINT PRETRIAL ORDER\*:**   **November 22, 2021**
**(Format available at**         Simultaneously with filing the pretrial order,
**www.lawd.uscourts.gov)**       counsel must deliver to chambers one paper copy of any exhibits to which that party noted objections in the pretrial order.

Page  1

**Special Requirements Enforced by the Court**

A.   **Motions to Extend Deadlines.** A motion to extend any deadline shall include a statement that the granting of the motion shall or shall not affect any other deadline or the trial date. Filing a motion to extend a deadline does not, in and of itself, result in an extension of time. Therefore, motions for extensions of time must be filed as soon as possible, but in any event, not later than **12:00 p.m. (noon)** of the day preceding the existing deadline.

B.   **Dispositive Motion Deadline.** Because the Court wishes to decide dispositive motions in time to allow counsel to adequately prepare for the pretrial conference and for trial, motions to extend the dispositive motion deadline are disfavored and will be granted only in exceptional circumstances. Counsel are reminded that dispositive motions are not fully briefed and ripe for review until 28 days after they are filed and that the Court conducts a full pretrial conference approximately one month before the trial date.

C.   **Exhibits to Motions.** Any exhibit attached to a motion must be labeled with a letter rather than a number. When the exhibits are filed in CM/ECF, counsel must file each exhibit as a separate attachment and must include **a descriptive title** (e.g., "Exhibit A – Excerpts of Plaintiff's Deposition" rather than "Exhibit 1"). In addition, each exhibit attached to a motion should be discussed and its contents explained within the motion or supporting memorandum. Compliance with these procedures aids the Court when reviewing parties' submissions electronically.

D.   **Courtesy Copies.** It is the duty of the attorneys to provide a courtesy copy of all filings directly to chambers. Courtesy copies of all pretrial submissions marked with an asterisk (*) in this draft scheduling order shall be submitted to Judge Foote's chambers via e-mail at foote_motions@lawd.uscourts.gov simultaneously with the docket filing. The courtesy copy must be in Word format. If the filing is longer than fifty (50) pages (inclusive of exhibits and attachments), counsel should also submit a paper courtesy copy to the Court.

E.   **Publishing Exhibits to the Jury**. For paper exhibits, only individual pages that have been published to the jury in open court will be admitted into evidence and allowed into the jury room during deliberations. The Court also requires that these pages be published in connection with witness testimony unless previous permission has been obtained from the Court. The purpose of this rule is to ensure that the jury does not base its verdict on exhibits whose relevance has not been established. This rule does not apply to contracts for liability insurance.

Exhibits may be published to the jury electronically by counsel from the podium or by an assistant from the counsel table. If counsel prefers to use paper copies of exhibits, these may be displayed to the jury by counsel from the podium using the courtroom's projection equipment.

F.   **Exhibits on CD-ROM.** If a party wishes to have its exhibits displayed to the jury by the courtroom deputy (rather than by counsel or an assistant), exhibits must be submitted on CD-ROM to Kathy Keifer, the courtroom deputy, one week before trial. The party must contact Ms. Keifer for specific instructions regarding the format of the files on the CD-ROM. Ms. Keifer may be reached at 318-934-4757 or at Kathy_Keifer@lawd.uscourts.gov.

G.   **Exhibits for the Record.** In order to preserve the record for appellate review, a second CD-ROM containing pdf-format versions of the exhibits that were introduced at trial must be provided to the courtroom deputy at the close of trial. The parties must also submit an exhibit list reflecting only those exhibits introduced at trial in Word format to the courtroom deputy.

H.   **Exhibits for Jury Deliberations.** Before the jury retires to deliberate, counsel must provide the courtroom deputy with a single binder containing only those exhibits that were published to the jury and admitted into evidence by the Court. The exhibits should be separated by tabs. This will constitute the set of documents that the jury will use in its deliberations.

I.   **Joint Submissions.** It is the duty of all counsel to notify the court in writing if, after good faith reasonable effort, any party cannot obtain the cooperation of opposing counsel on matters requiring joint submissions, including the Pretrial Order, Joint Jury Instructions, Joint Preliminary Statements, or edited Trial Depositions. If the parties cannot agree on the content of a joint submission, they must file separate submissions.

J.   **Trial depositions.** Unless excused by Judge Foote for good cause shown, trial depositions (see ¶¶ 14–15) in jury cases shall be videotaped.

K.   **Computation of Deadlines.** If a deadline falls on a Saturday, Sunday, or federal holiday, the effective date is the first business day following the deadline imposed.

L.   **Standing Orders.** Attorneys are expected to comply with all applicable Standing Orders, including, but not limited to, Standing Order 1.95 (Code of Professionalism). Standing Orders are posted on the court's website: www.lawd.uscourts.gov.

**M.**   **Confidential Discovery and Protective Orders.** As this is a court of public record, the Court will not accept a protective order providing that documents will be automatically sealed when the parties so designate. However, language similar to the following will be approved:

> The parties acknowledge that it may be necessary to file confidential discovery into evidence, either at the trial of the matter or as an attachment to other filings with the Court. Before filing any document designed as "confidential," the party proposing the filing shall contact the party who has designated the document as "confidential" and request permission to file the discovery as unsealed in the public record. Said permission shall not be unreasonably denied. In the event that such permission is denied, leave of court must be obtained by the party who seeks to file the confidential evidence before any document is filed under seal.

## PRETRIAL DEADLINES:

**DEADLINE:**                                    **FOR:**

**April 5, 2021**        1.    **EXPERT DEPOSITIONS.**

**April 26, 2021**       *2.   **DAUBERT/EXPERT TESTIMONY MOTIONS.***
Any challenge to the relevance or reliability of expert testimony and any exhibits or demonstrative aids to be used in connection with the expert's testimony must be filed by this date. Such a motion should be filed only if a party has a nonfrivolous basis to challenge an expert's qualifications or whether the expert's testimony and exhibits or aids reflect a reliable method reliably applied.

**May 20, 2021**         3.    **MEET AND CONFER.**
The parties shall meet to discuss policy changes Defendants are willing to implement

after reviewing expert reports. For further details, see the minutes dated October 27, 2020.

**May 28, 2021**       4.       **DEFENDANTS' REPLY BRIEF RE: CLASS CERTIFICATION.**

**June 4, 2021**       5.       **MEDIATION DEADLINE.**

**June 9, 2021**       6.       **PLAINTIFFS' REPLY BRIEF RE: CLASS CERTIFICATION.**

**June 18, 2021**       *7.       **DISPOSITIVE MOTIONS.***

**August 10, 2021**       8.       **DEFENDANTS' MOTION TO ADMIT ADDITIONAL EVIDENCE.**

Defendants shall submit their motion to admit evidence of any changes to policies or procedures occurring after March 15, 2020. See the minutes dated October 27, 2020 for additional details.

**August 16, 2021**       9.       **TELEPHONE STATUS CONFERENCE.**
**1:30 p.m.**

The Court will contact the parties directly to provide call-in information. See the minutes dated October 27, 2020 for additional details.

**October 29, 2021**       †10.       **EXCHANGE OF PROPOSED PRETRIAL ORDER AND EXHIBITS.†**

**(A)**   Counsel for Plaintiffs shall deliver to counsel for Defendants a draft of the proposed pretrial order, including a list of Plaintiffs' witnesses

and exhibits, as well as a set of Plaintiffs' exhibits.

**(B)**   Within **seven (7) days** of receipt of Plaintiff's draft of the PTO, defense counsel shall deliver to Plaintiffs' counsel Defendants' inserts, changes and/or objections to plaintiff's proposed pretrial order, including a list of defendant's witnesses and exhibits, as well as a set of defendant's exhibits.

**November 12, 2021**   **†11.   CONFERENCE TO PREPARE PRETRIAL ORDER.†**

Plaintiff's counsel shall host a conference at a convenient time for all trial counsel in order to finalize the pretrial order. The Court prefers such conference occur in person, but should a face-to-face conference not be feasible or practical, counsel shall confer by telephone.

**November 19, 2021**   **\*12.   MOTIONS IN LIMINE.\***

Motions to admit or exclude testimony or evidence must describe the specific testimony or evidence at issue and the context in which the movant anticipates the testimony or exhibit will be presented. If a motion refers to an exhibit, the proposed exhibit must be attached to the motion. Any opposition shall be filed within **seven (7)  days** of the filing of the motion.

**December 10, 2021**   **13.   TAKING TRIAL DEPOSITIONS.**

Depositions to be used at trial in lieu of live testimony, whether of lay or expert witnesses, may be taken after the discovery deadline, but no later than this deadline, provided reasonable notice is provided to all parties. See also Special Requirements, Section J.

**December 30, 2021**     **\*14.     PLAINTIFFS' WILL CALL LIST.**

**December 30, 2021**     **\*†15.   <u>NON-JURY</u> TRIAL SUBMISSIONS.\*†**

                **(A)   FINDINGS OF FACT and CONCLUSIONS OF LAW**
The parties' submissions shall be formatted in individually numbered, single-sentence statements. Conclusions of law shall include pinpoint legal citations of supporting authority. Each party's submission shall be filed with the clerk of court and exchanged with all other parties by that deadline.

                **(B)   EXHIBIT BOOKS**
Counsel shall submit two paper copies of trial exhibits to Chambers. Paper copies shall be submitted in three-ring binders, with each exhibit separated by a numbered tab. A descriptive index of exhibits shall also be provided.

**December 30, 2021**     **\*16.   SUBMISSION OF TRIAL DEPOSITIONS.\***
Trial depositions shall be edited jointly by the parties to remove all non-essential material. Two (2) copies of any edited trial depositions (paper copy for non-jury trials or video copy for jury trials) shall be delivered to chambers by the deadline. All objections thereto must also be filed and briefed by this deadline. An additional copy of the edited deposition for use during trial shall be brought to court on the morning of trial.

**January 5, 2022**     **\*17.   DEFENDANTS' WILL CALL LIST.\***

*A courtesy copy of these items shall be submitted to the Chambers of Judge Foote in accordance with the procedure outlined in Section D of Special Requirements.
+This date is subject to change at the August 16, 2021 status conference.

     **THUS DONE AND SIGNED** this 6th day of April, 2021.


_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE