MINUTES [0:20]
September 21, 2021

**ELIZABETH E. FOOTE**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| ANTHONY TELLIS, ET AL. | CIVIL ACTION NO. 18-541 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JAMES M. LEBLANC, ET AL. | MAGISTRATE JUDGE HORNSBY |

On September 21, 2021, the Court convened a telephone status conference in the above-captioned matter. Melanie Bray, Jonathan Trunnel, Emma Douglas, and Megan Snider participated on behalf of Plaintiffs. Randy Robert, Connell Archey, and Keith Fernandez participated on behalf of Defendants. Michael Schimpf is the law clerk in this matter, and any further questions about the minutes should be directed to him.

Previously, the Court bifurcated the bench trial in this matter into two phases. *See* Record Document 459. The first phase, the liability phase, will be tried in January of 2022 and will be based on evidence as of March 2020. At this time, the Court anticipates that the January 2022 trial will be conducted by Zoom Videoconference. However, the Court will reevaluate the situation closer to trial. The Court notified the parties that the Court will recess at noon on Friday, January 21, 2022, and it will resume the trial on Tuesday, January 25, 2022.

The main purpose of this status conference was to discuss the proposed scheduling timeline for the potential second phase, the remedy phase. During the remedy phase, the Court will allow the parties to present evidence of current conditions at the prison, albeit with an appropriate cutoff date for discovery. This trial will only occur if the Court finds any violations in the liability phase.

The Court asked the parties how long they expect the potential remedy phase to last. The parties agreed that allocating two weeks for the remedy phase was appropriate. The Court then discussed the proposed start date of July 11, 2022. The Court explained that it has open the week of July 11, 2022; however, the Court's docket is full the week of July 18, 2022. After discussing the matter, the Court **SET** the potential remedy phase for two weeks: **July 11–15, 2022** and **July 25–29, 2022**. If the Court's docket becomes open for the week of July 18, 2022, the Court will promptly notify the parties. At this time, the Court intends to hold the remedy phase in person and in Courtroom 2 in Shreveport, Louisiana. The Court stated that if any portion of this trial is in person, the Court is equipped to handle some of the testimony through live video. The Court **ADOPTED** the jointly proposed scheduling timeline, which is set forth on page 3 of the minutes.

The Court inquired as to whether Defendants had time to review the recent class certification ruling. *See* Record Document 462. Defendants stated that they are in the process of deciding whether to seek an appeal pursuant to Federal Rule of Civil Procedure 23(f). The Court observed that a Rule 23(f) appeal "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). Additionally, "stays issued pursuant to Rule 23(f) are discretionary and rare." *A. A. by & through P.A. v. Phillips*, No. 19-00770, 2021 WL 2589180, at *1 (M.D. La. June 24, 2021) (quoting *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, No. 14-3428, 2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017)).

The Court noted that Defendants complied with the Court order in good faith without waiving their legal objection. Defendants preserved their objection that the current conditions of the prison should considered all the way through trial and up to judgment.

**Remedy Phase Scheduling Timeline**

| | |
|---|---|
| **September 27, 2021** | Plaintiffs will provide initial written discovery requests to Defendants. Written discovery is limited to 25 Interrogatories and 35 Requests for Production. Plaintiffs will seek leave of court if additional discovery is needed. Defendants will provide any supplemental written discovery on a 60-day rolling basis through March 31, 2022. All final responses to discovery requests through March 31, 2022 will be produced by April 15, 2022. |
| **October 11, 2021** | Defendants provide any objections to written discovery requests. |
| **October 27, 2021** | Defendants provide initial responses to written discovery requests. |
| **November 26, 2021** | Plaintiffs must file any motions to compel written discovery requests propounded on September 27, 2021. |
| **February 14, 2022** | Parties will exchange good faith may call witness lists. |
| **March 15–31, 2022** | Plaintiffs to schedule expert walkthrough and interviews during this time period. The parties anticipate needing 3 days to complete walkthroughs and confidential interviews, depending upon expert schedules and needs. |
| **March 31, 2022** | Fact cutoff date for remedy phase and close of fact discovery for remedy phase. |
| **April 15, 2022** | Deadline for Defendants' Experts' Supplemental Reports. Deadline for final production of responses to all discovery requests through cutoff date of March 31, 2021. |
| **April 30, 2022** | Deadline for Plaintiffs' Experts' Supplemental Reports. |
| **May 10, 2022** | Deadline for Defendants' Experts' Rebuttal Reports. |
| **June 3, 2022** | Deadline for Expert Depositions. |
| **July 11, 2022** and **July 25, 2022** | Remedy Phase hearing to be held. |

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

Page **3** of **3**