# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| ANTHONY TELLIS, ET AL. | CIVIL ACTION NO. 18-541 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JAMES M. LEBLANC, ET AL. | MAGISTRATE JUDGE HORNSBY |

## <u>MEMORANDUM ORDER</u>

This suit was filed by several inmates at David Wade Correctional Center ("DWCC") to challenge the conditions of confinement for inmates on extended lockdown at DWCC and to challenge the mental health care provided to inmates on extended lockdown. Plaintiffs allege that DWCC's policies and practices are in violation of the Eighth Amendment, First Amendment, Americans with Disabilities Act ("ADA"), and Rehabilitation Act ("RA"). Previously, the Court certified a class of all prisoners who are or will be subjected to extended lockdown at DWCC and a subclass consisting of all individuals on extended lockdown at DWCC who have or are perceived as having a qualifying disability related to mental health, as defined within the ADA. Record Document 462. Defendants petitioned for permission to appeal with the United States Fifth Circuit Court of Appeals pursuant to Federal Rule of Civil Procedure 23(f). Before the Court is a motion to stay this matter pending Defendants' petition for permission to appeal the class certification ruling. For the reasons below, Defendants' motion [Record Document 464] is **DENIED**.

Federal Rule of Civil Procedure 23(f) permits a party to seek an interlocutory appeal of a class certification ruling. Fed. R. Civ. P. 23(f). The party must file "a petition for permission to appeal with the circuit clerk within 14 days after the order is entered." *Id.* "An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." *Id.* "Stays pursuant to Rule 23(f) are discretionary and rare." *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, No.

1

14-3428, 2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017); *A. A. by & through P.A. v. Phillips*, No. 19-00770, 2021 WL 2589180, at *1 (M.D. La. June 24, 2021). The Court applies the following four factors when deciding a motion to stay: (1) whether the movant has made a showing of a likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest. *In re First S. Sav. Ass'n*, 820 F.2d 700, 704 (5th Cir. 1987).

Defendants have not met their burden of establishing that a stay is warranted. First, they have failed to show that their petition with the Fifth Circuit is likely to succeed. Defendants attempt to relitigate a previous argument that the Court must consider evidence of current conditions when deciding class certification. However, this Court has already rejected that argument because discovery closed in March 2020, so March 2020 was the most up-to-date information available to Plaintiffs when they supplemented their motion for class certification. Record Document 462 at 5; *see also* Record Documents 459 & 463. In order to manage its cases, the Court has discretion to cut off discovery at a reasonable point in time. *Brown v. Plata*, 563 U.S. 493, 523 (2011).

Second, the remaining factors do not support a stay. Defendants can point to no harm other than that they may be subjected to two separate trials. However, "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Furthermore, the final two factors weigh in favor of denying the stay. This case has been pending since 2018 and is long overdue for trial. The liability trial is set for three to four weeks starting January 10, 2022, and the potential remedy phase, if one is warranted, is set for two weeks starting July 25, 2022. Plaintiffs and the public deserve timely adjudication of these claims. This is not a suit for money damages but a suit to seek

improvement to the mental health care at DWCC and to ensure compliance with federal law. It would be a disservice to Plaintiffs, the public, and Defendants to further delay the resolution of these claims and instituting meaningful improvements, if warranted. *See Phillips*, 2021 WL 2589180, at *2 (denying stay where plaintiffs sought timely resolution of federal claims under the ADA, RA, and Medicaid Act); *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, 2017 WL 3620590, at *4 (finding plaintiffs would be prejudiced by further delaying an already old case); *M.D. v. Perry*, No. 11-84, 2011 WL 7047039, at *1–2 (S.D. Tex. July 21, 2011) (denying stay where plaintiffs desired "timely resolution to their constitutional claims[] and meaningful improvements to the state foster care system"); *see also Modica v. Taylor*, 465 F.3d 174, 180–81 (5th Cir. 2006) ("Public interest is near its zenith when ensuring that public organizations are being operated in accordance with the law.") (quoting *Marohnic v. Walker*, 800 F.2d 613, 616 (6th Cir. 1986)). Based on the foregoing reasons, Defendants have failed to show that they are likely to succeed on their Rule 23(f) petition or "that the balance of the equities weighs heavily in favor of granting the stay." *See Arnold v. Garlock, Inc.*, 278 F.3d 426, 438–39 (5th Cir. 2001) (citations omitted).

Accordingly,

**IT IS ORDERED** that Defendants' motion to stay [Record Document 464] is **DENIED**.

**THUS DONE AND SIGNED** this ___13th__ day of October, 2021.


ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE