# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

**ANTHONY TELLIS, ET AL.**  CASE NO. 5:18-CV-00541

**VERSUS**  JUDGE ELIZABETH E. FOOTE

**JAMES M. LEBLANC, ET AL.**  MAGISTRATE JUDGE HORNSBY

## MINUTES OF COURT:
Bench Trial – Day 1 (held via zoom)

| | | | |
|---|---|---|---|
| Date: | January 10, 2022 | Presiding: | Judge Elizabeth E. Foote |
| Court Opened: | 9:00 a.m. | Courtroom Deputy: | Kathy Keifer |
| Court Adjourned: | 5:21 p.m. | Court Reporter: | Jodi Terry |
| Statistical Time: | 07:30 | Courtroom: | Zoom Recording |

## APPEARANCES

| | | |
|---|---|---|
| Melanie Bray, Jonathan Trunnell, Emma Douglas, Katie Schwartzmann, Kyle Potts, Elizabeth Roussel, Nishi Kumar, Jamila Johnson, Rebecca Ramaswamy | For | Advocacy Center of Louisiana, Bruce Charles, Carlton Turner, et al. and all similarly situated prisoners at DWCC, Plaintiffs |
| Connell Archey, Randal Robert, Keith Fernandez, Madaline King | For | James M. LeBlanc, Jerry Goodwin, LA Dept of Public Safety & Corrections, Lonnie Nail, Gregory Seal, Deborah Dauzat, Aerial Robinson, Johnie Adkins, Steve Hayden, Defendants |
| Jonathan Ray Vining, General Counsel | For | LA Dept of Public Safety & Corrections, Defendant |

## PROCEEDINGS

Opening Statements
Testimony/Evidence for Plaintiffs began

**RULINGS/COMMENTS:**

This trial is being held via zoom video conference.

Before opening arguments, the Court resolved several outstanding issues. First, the Court stated for the record the reasons it denied Defendants' motion to interview potential class members. *See* Record Documents 503 & 507. In sum, the Court denied Defendants' motion because (1) the Rules of Professional Conduct prohibit a lawyer from directly contacting a person he knows to be represented by another attorney absent a court order and (2) Defendants' request came too late. Defendants' request came merely 2.5 weeks before trial as the parties were attempting to meet their pre-trial deadlines, so there was insufficient time to arrange an interview where counsel for both sides could be present. This matter has been pending since 2018 and had an extended discovery period, so there was ample time to depose any witness and/or party.

Next, the Court ruled that Plaintiffs will be able to use the ARPs to show notice of a potential issue and a potential duty to investigate the alleged issue.

The Court then overruled Defendants' pending objection as to nine photographs. *See* Record Document 482 at 181. Previously, the Court deferred ruling on the admissibility of nine photographs that Defendants objected to as not being in compliance with a prior order of the Magistrate Judge. The order prohibited the photos from being close-ups of doors or any lock apparatus on any doors. Record Document 223. After a discussion with the Magistrate Judge and reviewing the relevant filings and order, the Court found that the nine photographs complied with that directive. The Court stated that Defendants' interpretation of the order was overly strict because the purpose of the prohibition was to ensure security. The photographs at issue do not pose a security risk.

The Court also limited Defendants' use of the Liman Survey (Defense Exhibit 50) and other Literature Exhibits (Defense Exhibits 51-56) to Federal Rule of Evidence 803(18).

Defendants confirmed that they had an opportunity to review the original envelopes received by Disability Rights. Defendants reserved their objection as to potential hearsay statements on the envelopes.

The parties stipulated to the testimony of Leah O'Brien and Chelsea Orman. The parties provided the written Stipulated Testimony of each to the Court, and each Stipulated Testimony will be filed as exhibits.

Further, the parties agreed to enter deposition transcripts in lieu of calling Dr. Bruce Fuller and Mr. Johnie Adkins, Defendants.

Plaintiffs objected to exhibits with highlights shown by Defendants. The Court advised the parties that they would submit their versions of all exhibits admitted during the trial to the

Court at the end of the proceedings. Defendants shall submit unmarked copies of the exhibits at such time.

Opening statements were presented by both parties, and Plaintiffs began their case-in-chief.

On a daily basis, each party will exchange with the other side a list of exhibits which that party understands were admitted into evidence that day. The receiving side shall check the submission for accuracy. The parties then shall submit to Ms. Keifer the agreed-upon list of admitted exhibits, which will be attached to the minutes each day.

Court adjourned at 5:21 p.m. and will resume at 9:00 a.m. on Tuesday, January 11, 2022.