**MINUTES [0:30]**
**February 7, 2022**

**ELIZABETH E. FOOTE**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| ANTHONY TELLIS, ET AL. | CIVIL ACTION NO. 18-541 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JAMES M. LEBLANC, ET AL. | MAGISTRATE JUDGE HORNSBY |

On February 7, 2022, the Court convened a telephone status conference in the above-captioned matter. Melanie Bray, Jonathan Trunnell, and Emma Douglas participated on behalf of Plaintiffs. Connell Archey, Randal Robert, Keith Fernandez, and Madaline King participated on behalf of Defendants. Michael Schimpf is the law clerk in this matter, and any further questions about the minutes may be directed to him.

The purpose of the status conference was to discuss several outstanding issues. First, the Court noted that the parties submitted briefs regarding whether the alleged statements of class members contained within certain DWCC records should be admitted for the truth of the matter asserted. The Court stated that it will rule on this matter in due course.

Second, the Court considered the issue as to whether the deposition of Disability Rights should be admitted into evidence. The Court ordered the parties to submit simultaneous briefing on this issue by close of business on **February 11, 2022**. Defendants clarified that they only intended to introduce two pages of the deposition in connection with testimony regarding treatment plans. Plaintiffs stated that they do not believe the deposition is necessary because the relevant points were stipulated to in paragraphs 140 to 143 of the Joint Stipulation. In light of this information, Defendants requested a brief period to review the stipulations to determine if the stipulations adequately satisfy

their intended purpose. The Court ordered Defendants to notify Plaintiffs if Defendants were persisting in offering the deposition by 1:00 p.m. on February 8, 2022. On February 8, 2022, the Court received an email from Defendants notifying it that they were withdrawing their request to enter excerpts of the deposition of Disability Rights. Accordingly, this issue is now **MOOT**, and briefing is no longer necessary.

Third, the Court asked the parties for their opinion regarding a reasonable timeframe for submitting their findings of fact and conclusions of law and if they had an opposition to a simultaneous briefing deadline. Both parties expressed no opposition to the briefing being simultaneous and requested three to four weeks to submit their findings of fact and conclusions of law. Considering this information, the deadline for the parties to submit their findings of fact and conclusions of law is **March 7, 2022**.

Lastly, the Court discussed resetting the potential remedy phase of this trial. The Court stated that the remedy phase of the trial needs to be continued so that way the parties will have the benefit of the Court's opinion in order to know what issues to prepare for, if any. After discussion, the remedy phase of the trial was **RESET** to the weeks of **October 31, 2022**, **November 7, 2022**, and **November 28, 2022**. The parties agreed to keep their calendars open for the week of November 14, 2022, in case the Court's calendar opens that week. The Court will promptly notify the parties if that week becomes available.

Defendants believe that the current deadlines related to the remedy phase likely need to be extended by 90 days. The parties requested an opportunity to meet and confer on the proposed scheduling timeline before the Court set any deadlines. The Court agreed and ordered the parties to meet and confer and then submit a proposed scheduling timeline. The deadlines set out in Record Document 463 are **UPSET**.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE