UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY TELLIS and BRUCE CHARLES * <br> on behalf of themselves and all others similarly * <br> situated * <br> * <br> VERSUS * <br> * <br> JAMES M. LEBLANC, Secretary * <br> of the Louisiana Department of Public Safety * <br> and Corrections, JERRY GOODWIN, * <br> Warden of David Wade Correction Center * <br> COL. VINCENT COLEMAN; * <br> DOCTOR GREGORY SEAL; ASSISTANT * <br> WARDEN DEBORAH DAUZAT; * <br> STEVE HAYDEN; AERIAL ROBINSON; * <br> JOHNIE ADKINS; and THE * <br> LOUISIANADEPARTMENT OF * <br> PUBLIC SAFETYAND CORRECTIONS * | JUDGE ELIZABETH E. FOOTE <br> USMJ MARK L. HORNSBY <br><br><br><br><br><br><br> CIVIL ACTION <br><br> NO.: 5:18-CV-00541-EEF-MLH |

### **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER PURSUANT TO RULE 26(c)**

The Defendants provide the following memorandum in support of their Motion for Protective Order (the "Motion") regarding the Plaintiffs' request to review new records at their site visit scheduled for June 27–29. For the following reasons, the Defendants respectfully ask this Court to issue a protective order preventing the Plaintiffs from requesting and evaluating new records at their site visit.

### **RELEVANT FACTUAL BACKGROUND**

This Motion arises out of a similar dispute as to the two previous discovery disputes brought before this Court, specifically, seeking reasonable limits to the records at issue in this case on the eve of the fact cutoff and Defendants' expert report deadline of July 15, 2022.

On September 21, 2021, this Court ratified the parties' agreement on conducting a potential remedy phase in this matter, should one prove necessary after the first phase trial. [R.

Doc. 463, dates later amended by R. Doc. 569.] The parties' agreement ratified by the Court states that Plaintiffs have between June 15 and June 31, 2022 to "schedule expert walkthrough and interviews during this time period. The parties anticipate needing 3 days to complete walkthroughs and confidential interviews, depending upon expert schedules and needs." [R. Docs. 463 & 569]

On April 29, 2022, at a meet and confer, the Defendants first inquired as to when the Plaintiffs would schedule their site visit and requested them to send them a pleading as soon as possible so that Defendants could ensure the facility would be available and the parties could hash out any details regarding the visit.

On May 19, 2022, the Plaintiffs simply sent an email stating that:

> Per our scheduling order, we contemplated conducting another expert walkthrough and 2 days of confidential interviews at the end of June. We have identified the days that our experts are available as Monday June 27, Tuesday June 28 and Wednesday June 29. Unfortunately, these are the only days that the experts are available.

[Exhibit 1 – Email from Bray 5-19-2022.] No formal pleading was sent at this time describing the proposed site visit.

On June 14, 2022, with Plaintiffs' only available dates for a site visit only 12 days away, the Defendants again requested that the Plaintiffs provide their pleading regarding their site visit, stating:

> Also, we have noted several times that if you intend to take a site visit, you need to provide us with the appropriate pleading describing what you intend to look at and who is attending so we may evaluate it. Thus far, you have failed to serve the pleading. If you wish to conduct a site visit as you have proposed, we will need this information from you as soon as possible.

[Exhibit 2 – Email to Bray 6-14-2022.] Plaintiffs responded two hours later with an email stating that they intend to walkthrough the tiers of the South Compound and speak with individuals on

7

each tier. The other two days would be confidential interviews. [Exhibit 3 – Email from Bray 6-14-2022.] No pleading was provided, and Plaintiffs did not indicate they intended to review additional records to be pulled by the Defendants in real time at the site visit.

On June 22, 2022, the Defendants sent an email to the Plaintiffs indicating that, although they had not been served with a pleading regarding the site visit as requested, Defendants would accommodate the Plaintiffs' request. Defendants informed the Plaintiffs that they would not be providing records at the site visit and their experts should be expected to review records that have already been provided in discovery in advance. [Exhibit 4 *in globo* – Email conversation on 6-22-2022 regarding Plaintiffs' site visit.] Plaintiffs' experts would also be allowed to bring those materials with them should they want to refer to them. *Id.*

Later that day, the Plaintiffs objected to several of the conditions stated by the Defendants. *Id.* For the first time, the Plaintiffs served a pleading on the Defendants outlining new requirements for the site visit and contradicting the Defendants' earlier response. The Defendants noted that this was precisely why they had asked the Plaintiffs to send their pleading, to avoid having to discuss any issues under a compressed timeline. *Id.*

The Defendants provided a further response indicating that both fact and discovery cutoff dates are looming and that the Court has been clear that broadening the scope of records beyond what it has allowed will prejudice the Defendants whose expert reports are due on July 15, 2022. Further, due to the pandemic and DWCC being a congregant setting, staffing and pandemic concerns necessitate limiting staff burden and contact with outside persons for the safety of the inmates and staff. *Id.*

A meet and confer was held on June 23, 2022 in an attempt to resolve these issues. In the spirit of cooperation, the Defendants have made several concessions to the Plaintiffs demands

8

regarding time limits and other issues. The parties are unable to resolve Plaintiffs' demand that the Defendants be forced to provide new records in real time at their site visit. The Defendants respectfully request this Court enter a protective order preventing the expansion of records in this case through the usage of an expert site visit.

## LAW AND ARGUMENT

Under Rule 26(c), a court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The trial court has wide discretion in setting the parameters of a protective order." *Morris v. United States*, 2017 WL 6997275 at *2 (W.D. La. 12/6/17). This is because the trial court "is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery." *Cazaubon v. MR Precious Metals, LLC*, 2015WL 4937888 at *2 (E.D. La., Aug, 17, 2015).

The Plaintiffs seek to circumvent this Court's ruling on June 21, 2022 limiting the records at issue in this case through the usage of a site visit. [R. Doc. 592.] The Court specifically found that "[t]o make such a broad new request now, only two weeks before Defendants' expert reports are due, is unreasonable." [R. Doc. 592.] The Defendants object to using a site visit to expand records at issue in this case, that the Plaintiffs have already been limited to.

As the fact cutoff and expert reports have approached, Defendants have been concerned about the prejudice and burden of allowing a vast expansion of records at this late stage in a compressed Phase II trial timeline. For instance, the Defendants' experts conducted their site visit this week on June 20–21. Defendants' experts were not permitted to review or utilize any records that have not already been produced in this case. The Defendants' seek that the Plaintiffs utilize the vast records that have already been produced so that this matter can proceed without

9

the need for upsetting deadlines and a lengthy trial that the District Court Judge has held out of her schedule.

## CONCLUSION

Based on the course of dealing and Defendants' diligence in attempting to avoid an exigent matter through repeated attempts to handle these issues early, the Defendants respectfully request that this Court enter a protective order to protect the Court's ruling in R. Doc. 592 and to protect the Defendants from an expansion of records that will prejudice Defendants' defense of the case and expert reports

    Respectfully Submitted:

**JEFF LANDRY,**
**ATTORNEY GENERAL**

BUTLER SNOW LLP
445 North Boulevard, Suite 300 (70802)
P. O. Box 2997
Baton Rouge, Louisiana 70821-2997
Telephone: (225) 383-4703
Facsimile: (225) 343-0630

By: /s/ Randal J. Robert
    Randal J. Robert (#21840)
    Connell L. Archey (#20086)
    Keith J. Fernandez (#33124)
    Madaline King (#38301)
    *Special Assistant Attorneys General*
    Email: Randy.Robert@butlersnow.com
           Connell.Archey@butlersnow.com
           Keith.Fernandez@butlersnow.com
           Madaline.King@butlersnow.com

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of June 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                    /s/ Randal J. Robert
                    Randal J. Robert