RECEIVED

SEP 14 2022

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BRUCE CHARLES, et. al.** | CIVIL ACTION No.5:18-CV-541 |
| And | SECTION_____ |
| **THE ADVOCACY CENTER OF LOUISIANA**<br>**Plaintiffs** | JUDGE ELIZABETH FOOTE<br><br>MAGISTRATE, MARK HORNSBY |
| vs. | |
| **JAMES LEBLANC, et.al.**<br>**Defendants** | CIVIL CLAIMS |

## AMICUS CURIAE MEMORANDUM

### SUMMARY OF ISSUE'S AND ANSWERS

Under Louisiana's informed consent law(40:1299.40E(2)(a)), a medical battery is committed whenever a physician or other healthcare professionals fail to provide sufficient information to allow a patient to make an informed and intelligent decision on whether to submit to the proposed course of treatment. DWCC, via Dr.Linda Bunch ,Daniel Crooks, and Kemmer Walker are prescribing medication:

 *Without providing written information of side effect or possible side effects prior to or anytime thereafter when being dispensed by the nursing staff

1.

Also, DWCC is:

 Not informing inmates (in a timely manner, if at all) of the results of test, blood work or exams that were preformed by it's facility, out side hospitals or doctors.
 *Refusing to provide teeth cleaning as other facilities.

*Forcing inmates to give blood for medical exams, procedures or test without informing them what it for.

* Forcing inmates to take medication prior to eating.

* Treating inmates with disciplinary action if they eat prior to taking their medication, refusing to give them their medication or forcing them to sign a refusal, surrendering their legal rights.

*Refusing to properly treat & evaluate older inmates for Parkinson's Disease.

* Properly assessing inmates for special diets for "Hernia's"

*Providing inmates with needed cleaner for their dentures, instead their told to use state hand soap that has Lyle in it. The American Correctional Association (AC) recommends giving inmates denture cleaner.

* Provide proper "duty statuses" for medical issues, such as lower back, limited duty, portable urinals, being allowed to use the restroom in the infirmary and educational building when needed. Or

* Other geriatric issues.

2.

**DWCC is allowing inmates to:**

*Handle other inmates medical records.

*Handle other inmates completed sick call forms.

*Handle medication of other inmates.

*KOP (Keep On Person).

*Signed other inmates in & out, in the log book in the infirmary.

*Prescreen other inmates as to what they need or want. And

*Handle other inmates specimen samples to be tested.

**Short Answer**

**Under Louisiana's Constitution:**

An incarcerated person has a right to make a fully informed and conscious decision, free of coercion and force (absent a compelling penologicall justification) in their medical treatment and care.

**Others and I have and continue to experience:**

    * Constructively denied medical care,

    * denied written information on our condition or illnesses and possible treatment or cure's.

    *medication is being dispensed in an unsanitary & inappropriate manner.

**Legal Entitlement, is governed by:**

    * 5 USCA §552 a

    *R.S. 44:7 et. Seq.

    *La. Admin. Code Title 22, Part 1 §101

    *La. Code of Prof. Ethics

    *La. Bd. Of Nursing and

    * La. Bd. Of Med. Exam.

## Discussion

The historic practices & shrouded secrecy of the department which prohibit allowing inmates to directly review their medical records ( but does allow orderlies / inmates to handle those same records) without going through a third party, is unconstitutional, not supported by statute, regulation or any other legal president, to my knowledge, (as an untrained person in the law).

Title 22 Administrative Code, Correction, Criminal Justice and Law Enforcement, Part 3 §2705(H) states:

    * "Inmates shall be forbidden to handle any management, personnel, inmate, fiscal or other institutional records" (this is exactly what medical did under nurse Michelle Norris and classification under Ryan Kimble, by having offender Paul Holland#516151, in particular).

Pete is concerned that the negligent conduct of the department and DWCC's medical staff will continue to cause harm, if not stopped.

Presently the department has an unwritten policy of having inmates go through a third party ( e.g. attorney, family member or associate) and either have them to mail it back to the inmate or make decisions indirectly on their behalf.

## CONCLUSION

The court of the department cited strongly suggest:

1) that there needs to be a "court appointed monitor" over DWCC in particular, and

2) the department in general should be placed on a seven year review and oversight or supervisory period to be bought into compliance of constitutional standards.

Respectfully Submitted

*[signature]*

Monotor M. Pete, #460851

P.O.Box 174

St. Gabriel, La. 70776

September 8,2022