UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY TELLIS and BRUCE CHARLES * <br> on behalf of themselves and all others similarly * <br> situated * <br> * <br> VERSUS * <br> * <br> JAMES M. LEBLANC, Secretary * <br> of the Louisiana Department of Public Safety * <br> and Corrections, JERRY GOODWIN, * <br> Warden of David Wade Correction Center * <br> COL. VINCENT COLEMAN; * <br> DOCTOR GREGORY SEAL; DEPUTY * <br> WARDEN DEBORAH DAUZAT; * <br> STEVE HAYDEN; AERIAL ROBINSON; * <br> JOHNIE ADKINS; and THE * <br> LOUISIANADEPARTMENT OF * <br> PUBLIC SAFETYAND CORRECTIONS * | JUDGE ELIZABETH E. FOOTE <br> USMJ MARK L. HORNSBY <br><br><br><br><br><br><br> CIVIL ACTION <br><br> NO.: 5:18-CV-00541-EEF-MLH |

**DEFENDANTS' PHASE II SUR-REPLY BRIEF REGARDING ASSOCIATIONAL STANDING AND BURDEN OF PROOF**

Defendants, the Louisiana Department of Public Safety and Corrections (sometimes "DPS&C or the "Department"); James M. Leblanc, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections; Jerry Goodwin, in his official capacity as Warden of David Wade Correctional Center; Deborah Dauzat, in her official capacity as Assistant Warden of David Wade Correctional Center; and Vincent Coleman, Dr. Gregory Seal, Steve Hayden, Aerial Robinson, and Johnie Adkins (all in their official capacities as employees of the David Wade Correctional Center) (collectively the "Defendants"), respectfully submit their sur-reply brief to address issues raised for the first time in Plaintiffs' reply brief.

I. **THE PLRA PROVIDES LIMITS TO ANY PROSPECTIVE RELIEF REGARDLESS OF DRLA'S ASSOCIATIONAL STANDING**

The Plaintiffs claim that they can circumvent the PLRA and have "a supplemental basis" for their sought remedies because the Court allowed an amendment to the complaint to name

1

DRLA as plaintiff under a theory of associational standing.[1] [R. Doc. 734 at 5.] Plaintiffs cite no authority for this proposition which runs counter to the theory of associational standing that this Court used to allow DRLA to join this lawsuit, DRLA's own pleadings, and the plain language of the PLRA. [*see* R. Doc. 153 at 7 "The court agrees with Plaintiffs that this case presents exactly the sort of claims and remedies for which associational standing is appropriate."; R. Doc. 178 at 13 "Therefore, this Court affirms the Magistrate Judge's finding that the Advocacy Center has associational standing." (emphasis added)]

In its second amended complaint, DRLA (f/k/a The Advocacy Center) explicitly pleaded that it "has associational standing to bring this lawsuit." [R. Doc. 316 at 7 ¶20, 9 ¶27.] In *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 342, 97 S. Ct. 2434, 2441, 53 L. Ed. 2d 383 (1977), the United States Supreme Court held that "an association may have standing solely as the representative of its members. . . ." DRLA's rights in this litigation are only those of the offenders they represent through associational standing. Because DRLA's standing derives solely from representation by the use of associational standing, DRLA has no greater rights than the prisoner class and is subject to the PLRA as is the prisoner class. The Second Amended Complaint raises the same claims under the same theories as the class. [*See, e.g.,* R. Doc. 316 at ¶¶ 114, 123, 210, 251, 290, 291, 294]

The PLRA itself also prohibits a "supplemental basis" for remedies. The PLRA clearly states that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626 (emphasis added). DRLA as a plaintiff (albeit one by representation through alleged associational standing) is subject to the requirements of the PLRA. *See Green*

---

[1] *See* R. Doc. 153 at 4-7 and R. Doc. 178 (allowing DRLA to be added as a plaintiff on the theory of associational standing).

*Haven Prison Preparative Meeting of Religious Soc'y of Friends v. New York State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 82 (2d Cir. 2021), *cert. denied sub nom. Green Haven Preparative Meeting v. New York State Dep't of Corr. & Cmty. Supervision*, 212 L. Ed. 2d 763, 142 S. Ct. 2676 (2022) ("The action brought by Green Haven Meeting is brought to vindicate the rights of its members, and those members, as prisoners, are bound by the requirements of the PLRA.") Thus, any attempt by DRLA to assert any additional rights to relief beyond those of the offenders they claim to represent through associational standing is without merit.

## II. PLAINTIFFS FAILED TO CARRY THEIR BURDEN OF PROOF IN LIGHT OF DEFENDANTS' SHOWING AT TRIAL.

Plaintiffs also address the burden of proof for the first time in reply but remained silent as to their ultimate burden. [R. Doc, 734 at 7-9.] As directed by this Court, the Defendants demonstrated a vast multitude of changes from the Court's previous time period, including, but not limited to, complete changes to how DWCC handles restrictive housing with the adoption of IS-B-4 [*see, e.g.*, R. Doc. 733 at 26]; a reduction in Restrictive Housing population at DWCC [*see, e.g., id.* at 3-7]; changes in statuses, privileges, and programming for offenders in N1, CCR, and Working Segregation [*id.*]; changes in monitoring offenders in restrictive housing [*see, e.g., id.* at 41-43]; changes to clearing offenders with SMI prior to placement in Restrictive Housing [*see, e.g., id.* at 26]; and changes in pill delivery and medication non-compliance [*see, e.g., id.* at 45-47], to name a few. These changes appear in the record, were addressed by expert testimony, and have been briefed for the Court.

In light of the changes proven by the Defendants, it became the Plaintiffs' burden to demonstrate that the changes were "insufficient or deficient." [R. Doc. 675 at 6.] The Court specifically found that "[i]nherent in this burden is that the Plaintiff must also prove the nature and extent of that injunctive relief and that the relief sought is narrowly tailored to eliminate the

3

existing harms." *Id.* The Plaintiffs suffer from a complete failure of proof as to their burden on remedy. Plaintiffs' failure of proof is so pervasive and severe that they cannot prevail.

On November 4, 2022, 24 days before Plaintiffs' expert reports were due, the Court directed the Plaintiffs "to discuss the specific injunctive relief and any other type of relief they will be requesting at trial" in their pretrial findings of fact and conclusions of law. [R. Doc. 642.] On November 28, 2022, the Plaintiffs submitted three expert reports that contain few specifics on relief endorsed by experts based on conditions in August of 2022. *See* Exs. PR-AA-1, 2, & 3.

On January 9, 2023, after receiving the Court's briefing direction, the Plaintiffs in their pretrial findings of fact and conclusions of law provided the Court and counsel with less than two pages on remedy in a numbered paragraph form. [R. Doc. 665 at 32-33]. In their remedy section, the Plaintiffs' only concrete relief asked for is "that an independent monitor be installed to ensure compliance with the injunction."[2] [R. Doc. 665 at 32.] Certainly, the Plaintiffs did not set forth the remedies that they have pulled forth from outside of the record in their posttrial briefing.

The specific italicized proposals and detail Plaintiffs have provided are only laid out in posttrial briefing. These specific proposals and their accompanying detail were not proposed or endorsed by their experts, were not included in their experts' reports, and were not testified to at trial. Even if the Court were to ignore that most of these suggestions do not appear in the trial record supported by evidence, the record does not contain any testimony or evidence regarding whether the specific relief requested is narrowly drawn, extends no further than necessary, or adversely impacts public safety and security.

Of the items that the Plaintiffs have raised that have support in the record, such as appointing a monitor, conducting a psychological census, conducting a staffing analysis, and

---

[2] The Plaintiffs do identify disputed issues in the other sections of the report but provide little detail on how to remedy the issues they raise.

conducting suicide watch according to what the state of Ohio does, Plaintiffs have failed to show that these items actually address the violation of a federal right. As to the psychological census, staffing analysis, and monitor to create remedies[3], those items are the actual proof that Plaintiffs would have used (if they existed and were of record) to prevail in this case if they could prove that Defendants' changes were insufficient. The Plaintiffs have completely failed to carry their burden of proof on remedy. The Plaintiffs are hoping that the Court will excuse this glaring failure on remedy and fill in the blanks for issues that the Court specifically told the Plaintiffs they bore the burden of proof on. The Plaintiffs have failed to create a record that supports Plaintiffs' briefed remedies. The failure to prove "the nature and extent of that injunctive relief and that the relief sought is narrowly tailored to eliminate the existing harms" is fatal to the Plaintiffs' claims for relief.

### III. CONCLUSION

DRLA is bound by the PLRA as a party with only representational standing. Under the PLRA and this Court's articulation of the burden of proof, the Plaintiffs cannot prevail due to a complete failure of proof. Defendants respectfully pray that the Court find that no remedy is necessary to address any alleged constitutional deficiencies and that the Plaintiffs have failed to carry their burden of proof.

---

[3] The Plaintiffs, having failed to carry the burden of proof on remedy articulated by the Court, state that their failure is of no moment because the Court can appoint an expert that will address the issues the Plaintiffs had to prove but did not. R. Doc. 734 at 17-18. In support, the Plaintiffs cite an Arizona district court that after finding liability, ordered a remedy phase to include that the parties nominate experts to assist the court in crafting an injunction and the appointment of such an expert. Here, the case was bifurcated into a liability and remedy phase, and this trial is the remedy phase. The Court has repeatedly directed the Plaintiffs to prove the necessary remedies that comply with the PLRA. *See* R. Docs. 642 (minute entry directing Plaintiffs to brief specific injunctive relief, 675 at 4-6 (minute entry from the pretrial conference discussing the parties' burdens of proof); Trial 2 Tr., Vol. XIV, 3137:12-22 (Court notified the parties that the end result from the Court would be "the narrowly tailored injunctive relief to the extent the plaintiffs have prevailed on that issue"). The Plaintiffs are not entitled to a second remedy phase to cure their failure of proof.

Respectfully Submitted:

**JEFF LANDRY,
ATTORNEY GENERAL**

BUTLER SNOW LLP
445 North Boulevard, Suite 300 (70802)
P. O. Box 2997
Baton Rouge, Louisiana 70821-2997
Telephone: (225) 325-8700
Facsimile: (225) 325-8800

By: /s/ Randal J. Robert
    Randal J. Robert (#21840), TA
    Connell L. Archey (#20086)
    Keith J. Fernandez (#33124)
    Madaline King Rabalais (#38301)
    *Special Assistant Attorneys General*
    Email: Randy.Robert@butlersnow.com
           Connell.Archey@butlersnow.com
           Keith.Fernandez@butlersnow.com
           Madaline.Rabalais@butlersnow.com

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April 2023, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Randal J. Robert
Randal J. Robert