UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANTHONY TELLIS, ET AL.                    CIVIL ACTION NO. 18-541

VERSUS                                    JUDGE ELIZABETH E. FOOTE

JAMES M. LEBLANC, ET AL.                  MAGISTRATE JUDGE HORNSBY

## ORDER

Before the Court is Defendants' motion to supplement the record with evidence of current conditions. [Record Document 738]. Defendants seek to supplement the record with evidence that DWCC has implemented a new electronic health record system and that Dr. Seal no longer handwrites his patient notes. *Id.* at ¶¶ 3-4. Plaintiffs oppose the motion, arguing that granting Defendants' motion would be unfairly prejudicial. Record Document 742 at 4.

This is the third time that this issue has come before the Court. The Court first considered this issue on August 26, 2021, during a hearing on Defendants' motion to present evidence on current conditions. *See* Record Document 459. During that hearing, the Court denied Defendants' motion because it interpreted Fifth Circuit precedent as giving trial courts broad discretion to resolve prison condition suits, which includes establishing a discovery cutoff date. *Id.* at 2.

On December 2, 2022, Defendants filed a motion in limine in which they sought to present evidence of seven "significant" developments that occurred after the remedy phase discovery cutoff date. *See* Record Document 656. During the remedy phase pretrial conference, the Court denied Defendants' motion in limine as pled, noting that "the Court

1

is already allowing Defendants to admit evidence of current conditions, and it previously defined 'current conditions' as conditions at DWCC as of August 30, 2022. Defendants simply disagree with how the Court has defined 'current conditions.'" Record Document 675 at 4.

The jurisprudence makes it clear that the Court has discretion to establish its own discovery deadlines to promote the progression of trial. *See Brown v. Plata*, 563 U.S. 493, 523 (2011) (holding that "[o]rderly trial management may require discovery deadlines and a clean distinction between litigation of the merits and the remedy."); *see also Farmer v. Brennan*, 511 U.S. 825, 846 (1994) (holding that an inmate must provide evidence that prison officials possessed and will continue to possess a disregard for any objective risks of harm to his health and "may rely, in the district court's discretion, on developments that postdate the pleadings and pretrial motions, as the defendants may rely on such developments to establish that the inmate is not entitled to an injunction."). The Court has already permitted the parties to present evidence of current conditions, which it has interpreted as those conditions present on August 30, 2022. To allow additional evidence of "current conditions" after that date and outside the context of trial would require Plaintiffs to either accept those purported changes as true or to explore those changes for the first time in a brief submitted to the Court. This is highly prejudicial. The parties have rested their cases-in-chief, and the matter is under consideration. At some point, the endless cycle of discovery needs to have a point of cessation, and the Court finds that the August 30, 2022, discovery cutoff date was reasonable. Considering the foregoing,

**IT IS HEREBY ORDERED** that Defendants' motion to supplement the record with evidence of current conditions [Record Document 738] is **DENIED**.

**THUS DONE AND SIGNED** this 16th day of October, 2023.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE