UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANTHONY TELLIS, ET AL.                    CIVIL ACTION NO. 18-541

VERSUS                                    JUDGE ELIZABETH E. FOOTE

JAMES M. LEBLANC, ET AL.                  MAGISTRATE JUDGE HORNSBY

## ORDER

Before the Court is a motion to supplement the record and admit evidence of current conditions, filed by Defendants. [Record Document 745]. Defendants seek to supplement the record with new evidence, which they contend prove that some of the previously enunciated constitutional violations have been remedied. This is the fourth time that this issue has come before the Court. *See* Record Documents 459, 656, and 738. In its most recent order on this issue, the Court explained that:

> [t]he jurisprudence makes it clear that the Court has discretion to establish its own discovery deadlines to promote the progression of trial. *See Brown v. Plata*, 563 U.S. 493, 523 (2011) (holding that "[o]rderly trial management may require discovery deadlines and a clean distinction between litigation of the merits and the remedy."); *see also Farmer v. Brennan*, 511 U.S. 825, 846 (1994) (holding that an inmate must provide evidence that prison officials possessed and will continue to possess a disregard for any objective risks of harm to his health and "may rely, in the district court's discretion, on developments that postdate the pleadings and pretrial motions, as the defendants may rely on such developments to establish that the inmate is not entitled to an injunction."). The Court has already permitted the parties to present evidence of current conditions, which it has interpreted as those conditions present on August 30, 2022. To allow additional evidence of "current conditions" after that date and outside the context of trial would require Plaintiffs to either accept those purported changes as true or to explore those changes for the first time in a brief submitted to the Court. This is highly prejudicial. The parties have rested their cases-in-chief, and the matter is under consideration. At some point, the endless cycle of discovery needs to

1

>have a point of cessation, and the Court finds that the August 30, 2022, discovery cutoff date was reasonable.

Record Document 742 at 2. The Court does not find any reason to depart from its previous holding. And, as the Court will articulate in greater depth in its forthcoming opinion, improvements made by Defendants since the remedy phase of trial will not be ignored by the Court but will serve as evidence of the fulfillment of the injunctive relief ordered by the Court in its remedial order.

Accordingly, Defendants' motion to supplement the record [Record Document 745] is hereby **DENIED**.[1]

**THUS DONE AND SIGNED** this 2nd day of July, 2024.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs filed a motion for leave to file a sur-reply to Defendants' motion to supplement the record. [Record Document 750]. Additionally, Defendants filed a motion for leave to file a supplemental memorandum and updated declaration regarding their motion to supplement the record. [Record Document 751]. No additional argument or evidence by either party would impact the Court's decision. As such, those motions [Record Document 750 and 751] are **DENIED**.