UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| ANTHONY TELLIS and BRUCE CHARLES, on behalf of themselves and all other similarly situated prisoners at David Wade Correctional Center, | * * * * | CIVIL ACTION NO.: 5:18-CV-00541-EEF-MLH |
| and | * * | JUDGE ELIZABETH E. FOOTE |
| The ADVOCACY CENTER | * * * | MAGISTRATE MARK L. HORNSBY |
| PLAINTIFFS, | * * | CLASS ACTION |
| VS. | * * | |
| JAMES M. LEBLANC, et al., | * * | |
| DEFENDANTS. | * | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO EXPEDITE CONSIDERATION OF DEFENDANTS' MOTION TO STAY**

Plaintiffs oppose Defendants' motion for expedited consideration of their motion to stay.[1] Defendants have asked the Court to rule on their motion to stay no later than August 7, 2024, at 5:00 pm (three business days after filing). Defendants have not established a need for the Court to resolve the motion on such an expedited timeframe. Plaintiffs request that the Court resolve the motion either through the normal time frame under the local rules or, alternatively, set a briefing schedule that provides Plaintiffs with a reasonable opportunity to prepare and submit an opposition memorandum.

---

[1] The motion for expedited consideration was not filed as a separate document and was combined with the motion to stay itself, Rec. Doc. 758. This opposition memorandum is limited to whether the Court should expedite consideration of the motion to stay. Plaintiffs intend to submit a response addressing the merits of the motion to stay within the time frames established by the Court or local rule.

First, Defendants have not offered good reason for their delay in filing their motion to stay, considering their request for such an expedited disposition. This Court's Judgment and Remedial Order were signed on July 18, 2024, and were served on the parties via CM/ECF on Friday, July 19. The Defendants did not file their motion to stay until two weeks later, until approximately 8:12 pm on Friday, August 2. Defendants offer no explanation for the delay given their request for a ruling by August 7.

Moreover, Defendants have not established an emergency necessitating such expedited consideration of the stay request. The Court has not yet appointed the Special Masters, and Defendants are not yet incurring any associated costs. According to Defendants, they "will begin to incur the significant costs and irreparable harm when the Special Masters are appointed by the Court in less than one month." Rec. Doc. 759 at 25. Even under that argument, no costs will accrue until the Court enters an order appointing the Special Masters. Assuming the parties do not reach agreement, the parties will submit alternate slates of candidates to the Court on or about August 16, 2024, per the Remedial Order[2], and the Court will necessarily need time to review and consider those submissions before it makes its selections.

Even after the Court appoints the Special Masters, the Defendants will then have another 30 days before Defendants are required to grant the Special Masters access to DWCC. Rec. Doc. 755 at 15. Thus, even if the Court were hypothetically to make selections immediately on August 16, September 15 would be the earliest possible date when Defendants would be required to give

---

[2] The Remedial Order provide that if the parties do not agree on proposed Special Masters, the parties are to submit up to three names and CVs for each position within thirty days of entry of the Remedial Order. Rec. Doc. 755 at 2. The Remedial Order is dated July 18, 2024, and 30 days from then will be Saturday, August 17.

access to the Special Masters or that the Special Masters would begin to accrue fees for gathering information about conditions at DWCC. There is no emergency that requires expedited consideration of Defendants' motion to stay within three business days.

In *Lewis v. Cain,* the Defendants similarly sought expedited consideration of a stay from the district court. The district court denied the request, finding that Defendants "failed to demonstrate an emergency that justifies denying Plaintiffs a full opportunity to respond to the Motion to Stay." *See Lewis v. Cain,* No. 15-318 (M.D. La. Nov. 27, 2023) (ECF #788 (text only entry)). Here, too, Defendants have failed to establish an emergency that would justify denying Plaintiffs a full opportunity to respond to their motion.

WHEREFORE, Plaintiffs request that the Court deny the motion to expedite and permit them to submit an opposition in accord with the timing provided by the local rules or, alternatively, set a briefing schedule that permits Plaintiffs a reasonable opportunity to brief their opposition to the motion to stay.

Date: August 5, 2024                                Respectfully submitted,

*/s/ J. Dalton Courson*
Melanie A. Bray, La. Bar No. 37049
J. Dalton Courson, La. Bar No. 28542
Disability Rights Louisiana
8325 Oak Street, New Orleans, LA 70118
504-522-2337; 504-272-2531 (fax)
mbray@disabilityrightsla.org
dcourson@disabilityrightsla.org

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August 2024, I electronically filed the foregoing *Plaintiffs' Memorandum in Opposition to Defendants' Motion to Expedite Consideration of Defendants' Motion to Stay* with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ J. Dalton Courson*