# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 16, 2024
Lyle W. Cayce
Clerk

No. 24-30484

---

BRUCE CHARLES, *on behalf of himself and all other similarly situated prisoners at David Wade Correctional Center*; ADVOCACY CENTER OF LOUISIANA,

*Plaintiffs—Appellees*,

versus

JAMES M. LEBLANC, *Secretary, Department of Public Safety and Corrections*; DEBORAH DAUZAT, *Warden of David Wade Correctional Center*; RODERICK MALCOLM, *Colonel*; GREGORY SEAL, *Doctor*; STEVE HAYDEN; AERIAL ROBINSON; LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS,

*Defendants—Appellants*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CV-541

---

## UNPUBLISHED ORDER

Before JONES, DUNCAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:

On July 18, 2024, the district court issued a Remedy Opinion, Remedial Order, and Judgment in this longstanding litigation concerning

No. 24-30484

conditions at David Wade Correctional Center. The Remedial Order is quite similar to one issued in ongoing litigation concerning Louisiana State Penitentiary, which was previously stayed by another panel of our court and is now under review. *See Parker v. Hooper*, No. 23-30825 (5th Cir. Dec. 6, 2023) (granting temporary stay and expediting appeal); *Parker v. Hooper*, 95 F.4th 231 (5th Cir. 2024) (Mem.) (granting stay of Remedial Order pending appeal). The present Remedial Order requires, *inter alia*, the parties to submit names of three proposed Special Masters within 30 days of the order.

Defendant—contending the Remedial Order violates, *inter alia*, the Prison Litigation Reform Act, *see* 42 U.S.C. § 1997e—filed a notice of appeal on August 2, 2024. That same day, Defendants moved for a stay in the district court and, given the Remedial Order's impending deadlines, also moved for expedited consideration by August 7, 2024. The district court refused to grant expedited relief, instead setting Plaintiffs' response due on August 23, 2024. On August 12, 2024, Defendants moved in our court for a temporary stay and a stay pending appeal. Our panel ordered a response to the motion by August 14, 2024, which Plaintiffs have filed.

In their response, Plaintiffs claim we lack jurisdiction over the appeal. Earlier that same day, Plaintiffs had filed in the district court an opposition to Defendants' stay request and also, "in the alternative," a "cross-motion" asking the district court to "find additional facts" or "alternatively amend the Remedial Order" in the event the district court was "persuaded" by Defendants' stay arguments. The cross-motion purported to invoke Federal Rules of Civil Procedure 52(b) and 59(e). Based on that filing, Plaintiffs argue our panel "lacks jurisdiction to hear Defendants' appeal."

Plaintiffs are mistaken. The timely filing of a notice of appeal is "an event of jurisdictional significance" which "confer[s] jurisdiction on the court of appeals and divest[s] the district court of its control over those

2

No. 24-30484

aspects of the case involved in the appeal." *United States v. Willis*, 76 F.4th 467, 471 (5th Cir. 2023) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)); *see also Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005) (same). At most, a subsequently filed motion under Rule 52(b) or Rule 59(e) "suspends" the previously filed notice of appeal until the motion is disposed of by the district court. *See, e.g.*, *Ross*, 426 F.3d at 751 (citing, *inter alia*, *Simmons v. Reliance Standard Life Ins. Co. of Tex.*, 310 F.3d 865, 868 (5th Cir. 2002)); *see also* Fed. R. App. P. 4(a)(4)(A).

In response to Plaintiffs' filing, Defendants have asked our panel to hold the appeal in abeyance pending the district court's disposition of Plaintiffs' cross-motion, while noting that Defendants may be forced to seek mandamus in the event the district court effectuates its Remedial Order in the interim. We agree with Defendants that this is the appropriate disposition at this time—without, however, expressing any view on whether the Plaintiffs' pending cross-motion qualifies as a Rule 52 or Rule 59 motion that would suspend the notice of appeal under Federal Rule of Appellate Procedure 4(a)(4)(A). *See, e.g.*, *Moody Nat'l Bank of Galveston v. GE Life & Annuity Assurance Co.*, 383 F.3d 249, 251 (5th Cir. 2004) ("As an initial matter, it is important to make clear that the fact that GE labeled its motion as a Rule 59(e) motion to alter or amend is immaterial; a motion's substance, and not its form, controls.").

Accordingly, IT IS ORDERED that the appeal is HELD IN ABEYANCE pending the district court's ruling on the Plaintiffs' pending cross-motion, which must occur within 30 days of the date of this order. This order is without prejudice to Defendants' renewing their stay motion or seeking mandamus or other appropriate relief in the event that the district court effectuates its Remedial Order without first ruling on Plaintiffs' pending cross-motion. Any subsequent stay motion or mandamus petition, if filed, will be heard by this panel.

Dana M. Douglas, *Circuit Judge*, dissenting:

This appeal is premature. Plaintiffs timely filed a motion for reconsideration and the district court has not disposed of that motion. Thus, the district court's decision is not final, and we lack jurisdiction over the appeal. *Simmons v. Reliance Standard Life Ins. Co. of Texas*, 310 F.3d 865, 867 (5th Cir. 2002). It is improper for the majority to allude to the substance of Plaintiffs' motion because it is not properly before this court. Nor is Defendants' appeal. Accordingly, the appropriate action is to dismiss for lack of jurisdiction. *Id.* Therefore, I respectfully dissent.

# United States Court of Appeals

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

August 16, 2024

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

   No. 24-30484   Charles v. LeBlanc
                    USDC No. 5:18-CV-541

Enclosed is an order entered in this case.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Lisa E. Ferrara, Deputy Clerk
504-310-7675

Mr. Jorge Benjamin Aguinaga
Mr. Andrew Blanchfield
Ms. Melanie Ann Bray
Ms. Morgan Brungard
Mr. James Dalton Courson
Mr. Daniel J. McCoy
Mr. Randal James Robert
Mrs. Elizabeth Anderson Roussel
Mr. Jonathan Ray Vining