# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| ANTHONY TELLIS ET AL | CIVIL ACTION NO. 5:18-00541 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JAMES M LEBLANC ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is Plaintiffs' Cross-Motion in the Alternative for Entry of Additional Findings Under Rule 52(b) or to Amend, Clarify, or Reconsider the Remedial Order Under Rule 59(e). Record Document 787. This motion requests that the Court modify its July 18, 2024, Opinion [Record Document 754] and Remedial Order [Record Document 755]. Together, these rulings set forth the continuing violations of the constitutional and statutory rights of inmates at David Wade Correctional Center as well as a proposed remedial process.

The procedural history and posture of this motion is relevant. On August 2, 2024, Defendants appealed the July 18, 2024, rulings. That same day, Defendants also sought a stay with this Court, requesting expedited consideration. Record Document 758. The Court denied the request for expedited consideration and ordered the Plaintiffs to respond to the Motion to Stay by August 23, 2024. Record Document 762. Plaintiffs filed the instant motion on August 14, 2024, urging this Court to enter additional factual findings and/or amend the Court's July 18, 2024, rulings in response to the Defendants' arguments in their Motion to Stay. Record Document 787 at 2. Notably, Plaintiffs have not appealed those rulings.

In the interim, on August 12, 2024, Defendants moved the United States Court of Appeals for the Fifth Circuit to stay this Court's orders pending appeal. Mot. Admin. Stay & Stay District Ct.'s Order Pending Appeal, *Charles v. LeBlanc*, No. 24-30484 (5th Cir. Aug. 12, 2024), ECF. No. 16. Plaintiffs filed their response on August 14, 2024—the same day they filed the instant motion in this Court. Opp'n to Mot. Admin. Stay & Stay District Ct.'s Order Pending Appeal, *LeBlanc*, No. 24-30484 (5th Cir. Aug. 14, 2024), ECF. No. 28. The response contended the Fifth Circuit lacked jurisdiction because the instant motion was pending in this Court. *Id*. The Fifth Circuit found it had jurisdiction. *Charles v. LeBlanc*, No. 24-30484, 2024 WL 3842581, at *1 (5th Cir. Aug. 16, 2024). However, the Fifth Circuit ordered the appeal be held in abeyance until this Court rules on Plaintiffs' pending cross-motion. *Id*. at *2. The Fifth Circuit gave this Court a 30-day deadline to rule, which it extended to 60 days at this Court's request. *Id*.

For the reasons set forth below, Plaintiffs' Motion [Record Document 787] is **DENIED**.

## I. **Plaintiff's Motion**

In the motion before the Court, Plaintiffs maintain the Court's decision is correct but alternatively move the Court, pursuant to Federal Rules of Civil Procedure 52(b) and/or 59(e) or the Court's "inherent authority," to address the concerns Defendants raised in the Motion to Stay [Record Document 758] filed in this Court. Record Document 788 at 18-22. Relevant here, Defendants contend the injunction in the Remedial Order is impermissibly vague and overbroad and violates the requirements of the Prison Litigation Reform Act ("PLRA"). Record Document 759.

2

Plaintiffs suggest seven changes this Court can make to amend its Opinion and Remedial Order. First, the Court could rephrase its injunctions against violating the laws as declaratory relief or clarify Defendants' violations of those laws are the purpose for the Remedial Order. Record Document 788 at 21. Second, the Court can clarify it has not appointed "Special Masters" *per se* but rather experts. *Id*. Third, the Court can make an explicit finding that the injunctive relief is narrowly drawn in accordance with the PLRA. *Id*. Fourth, the Court can explicitly state it considered and gave substantial weight to public safety and the operation of the criminal justice system when drafting this relief. *Id*. Fifth, the Court can clarify its experts will consider both public safety and the operation of the criminal justice system. *Id*. Sixth, the Court can attach or incorporate the Remedial Opinion to the Remedial Order. *Id*. at 22. Seventh, the Court can enter additional factual findings and/or clarify or amend the Opinion, Remedial Order, or Judgment "as appropriate to render more explicit the Court's consideration of applicable legal principles." *Id*. Thus, in the instant motion, Plaintiffs seek to modify rulings in which they prevailed, presumably to protect those rulings on appeal.

## II.     Rule 52(b) and 59(e) Motions

We begin our analysis by examining the governing procedural rules. First, Federal Rule of Appellate Procedure 4(a)(4)(A) provides that "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion … to amend or make additional factual findings under Rule 52(b) … [or] to alter or amend the judgment under Rule 59." "[T]he timely filing of a motion listed in Rule 4(a)(4)(A) suspends or renders dormant a notice of appeal until all such motions are disposed of by

the trial court." *Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005). Only if Plaintiffs filed such a motion would this Court be able to properly reconsider its judgment.[1] If Plaintiffs did not, the Notice of Appeal would not be suspended, and this Court would be divested of jurisdiction "over those aspects of the case involved in the appeal." *United States v. Willis*, 76 F.4th 467, 471 (5th Cir. 2023) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). In other words, this Court would not be able to modify those portions of the judgment, including the Opinion and Remedial Order, currently being appealed by Defendants.

The form or name of a motion is irrelevant—what matters is its substance. *Moody Nat'l Bank of Galveston v. GE Life & Annuity Assurance Co.*, 383 F.3d 249, 251 (5th Cir. 2004) ("[A] motion's substance, and not its form, controls."). Both Rules 52(b) and 59(e) serve the limited purpose of "allowing a party to correct manifest errors of laws or fact or to present newly discovered evidence."[2] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989)); *see also Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986).

---

[1] Although Plaintiffs assert this Court can modify or amend an injunction pursuant to its own inherent authority, a district court's ability to do so is limited where, as is the case here, the injunction is being appealed. Rule 62(d) provides that "[w]hile an appeal is pending from [a] … final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." In applying this rule, the Fifth Circuit has routinely held that "the powers of the district court over an injunction pending appeal should be limited to maintaining the status quo and ought not to extend to the point that the district court can divest the court of appeals from jurisdiction while the issue before us is on appeal." *Coastal Corp. v. Texas E. Corp.*, 869 F.2d 817, 820 (5th Cir. 1989). If this Court were to modify or amend the Remedial Order, it would interfere with the Fifth Circuit's ability to decide the issues currently on appeal.

[2] Plaintiffs have not introduced newly discovered evidence in this Motion. What is at issue, then, is whether Plaintiffs identified a manifest error.

4

A manifest error "is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).

Although both motions ultimately request the Court to correct a final judgment, each achieves that purpose differently. A Rule 59(e) motion allows the movant to "call[] into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002); *see also Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir. 1986) ("[A]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label."). Conversely, a Rule 52(b) motion allows the movant to correct manifest errors through "the correction of findings or the finding of additional facts." 12 James William Moore et al., Moore's Federal Practice ¶ 59.05[6] (3d ed. 1999) (adopted by the Fifth Circuit in *Keelan v. Cain*, 31 F. App'x 836, 836 (5th Cir. 2002)).

While the exact nuances of the motions slightly differ, both require a movant to identify a manifest error. Plaintiffs failed to do so here. Plaintiffs reiterate their belief that the Court's decision is "correct in all respects." Record Document 788 at 20. This statement unequivocally declines to call into question the correctness of the Court's judgment or identify a manifest error within that judgment. *See Ice Embassy, Inc. v. City of Houston*, No. CIV.A.H-97-0196, 2007 WL 963983, at *2 (S.D. Tex. Mar. 29, 2007) ("Plaintiffs do not satisfy the applicable standards for … Rule 59(e) or Rule 52(b). … Plaintiffs, rather than pointing to manifest errors of law or findings that are not supported

5

by the record, seek modifications that they believe will enhance their chances of success on appeal."); *Shenzen Synergy Digital Co. v. Mingtel, Inc.*, No. 4:19-CV-00216, 2022 WL 2252585, at *3 (E.D. Tex. June 22, 2022) ("[R]ule 52(b) and Rule 59(e) motions must clearly establish either a manifest error of law or fact or must present newly discovered evidence. … And, here, Mingtel has not identified a manifest error of law or fact in the Court's order.").

Additionally, Plaintiffs seemingly shift the burden of identifying a manifest error on Defendants, the non-movants for this Motion. Plaintiffs direct the Court to review Defendants' Motion to Stay [Record Document 758] and determine if Defendants identified any manifest errors this Court should correct. Record Document 787 at 2. However, Defendants did not move this Court to reconsider its judgment—Plaintiffs did. The Court will not allow Plaintiffs to leverage Defendants' motion to carry their burden for them.

Plaintiffs' hesitancy to identify an error in a favorable judgment is understandable, but this Court will not allow Rule 52(b) and 59(e) to be used "to preserve the Court's jurisdiction and offer the Court flexibility" to address arguments that will be raised on appeal. Record Document 787 at 2. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479. Such an extraordinary remedy should not be used to redraft a "correct" favorable judgment to circumvent a direct appeal. At a minimum, a movant must identify a manifest error when urging a court to either reconsider its judgment or make additional findings. Plaintiffs' failure to do so here is fatal to their motions.

6

Further, even assuming *arguendo* that Plaintiffs' Motion is a proper Rule 52(b) or 59(e) motion, the Court finds the issues raised therein are not manifest errors warranting additional factual findings or reconsideration of the judgment. As noted above, Plaintiffs suggest seven changes this Court can make to amend its Opinion and Remedial Order. The suggested changes assume this Court intended the Remedial Order to be its final iteration of injunctive relief. That is not the case. The Court designed the Remedial Order to set out a process for determining if Defendants continue to engage in the identified violations and for tailoring more detailed injunctive relief, if necessary, following that determination. The only portion of the injunction the Court intends to enforce at present are those provisions requiring the parties to collaborate with the Special Masters, or court-appointed experts, and with each other. Once these experts have drafted a proposed plan, the Court shall consider all the gathered information. Only then will the Court issue and enforce more detailed injunctive relief. Accordingly, the Court finds Plaintiffs' suggested errors are not manifest errors warranting additional factual findings or reconsideration of its judgment.

In sum, Plaintiffs' Motion cannot properly be considered a motion under Rule 52(b) or 59(e) because it fails to clearly establish a manifest error. Therefore, the Court shall not *sua sponte* reconsider issues currently raised on appeal. Nor will the Court disturb the finality of the appealed judgment. The Court shall instead leave the merits of its rulings to the Fifth Circuit.

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion [Record Document 787] is hereby **DENIED**. Absent a stay from the Fifth Circuit, this Court will reset the filing deadlines outlined in the Remedial Order in due course.

**THUS DONE AND SIGNED** this 20th day of September, 2024.

**ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE**