# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| BRUCE CHARLES, ET AL. | CIVIL ACTION NO. 18-0541 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JAMES M LEBLANC, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court are three motions filed by Defendants. First, Defendants filed a motion to stay pending appeal. *See* Record Document 758. Plaintiffs opposed this motion, and Defendants replied. *See* Record Documents 761 & 798. Second, Defendants filed an unopposed motion for clarification of this Court's order denying Plaintiffs' Federal Rules of Civil Procedure 52(b) and 59(e) motion. *See* Record Document 811 (seeking clarification of Record Document 809). Defendants seek clarification as to whether the Court intended to deny or otherwise comment on Defendants' original motion to stay through that order. *See id.* at 3. Third, Defendants filed a renewed motion to stay pending appeal. *See* Record Document 827. Plaintiffs opposed this motion. *See* Record Document 829.

For the following reasons, Defendants' original motion to stay [Record Document 758] and Defendants' renewed motion to stay [Record Document 827] are **DENIED**. Defendants' motion for clarification [Record Document 811] is **DENIED AS MOOT** in light of the Court's ruling on the motion to stay.

## **Background**

Inmates at David Wade Correctional Center ("DWCC") filed this class action suit for injunctive and declaratory relief, challenging the conditions of confinement and delivery of mental health services on extended lockdown. Plaintiffs alleged the policies and practices in place at DWCC violated the Eighth Amendment of the United States Constitution, Title II of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act of 1973 ("RA"). The Court certified a class of all prisoners who are or will be subject to extended lockdown at DWCC to pursue the Eighth Amendment claims (the "Class") and a subclass consisting of all individuals on extended lockdown at DWCC who have or are perceived as having a qualifying disability related to mental health—as defined by the ADA—to pursue the ADA and RA claims (the "Subclass"). *See* Record Document 462.

The Court bifurcated the trial in this matter into a liability phase and a remedy phase. For the liability phase, the Court conducted a seventeen-day bench trial beginning January 10, 2022. The Court considered evidence of prison conditions up to March 15, 2020. On November 1, 2022, the Court issued a 165-page opinion holding that (1) Defendants violated the Eighth Amendment by housing inmates—including those with a diagnosed mental illness—in inhumane conditions while on extended lockdown and by failing to provide those inmates adequate mental health care; and (2) Defendants violated the ADA and RA by failing to make reasonable accommodations for inmates with mental disabilities and by employing unlawful methods of administration. *See* Record Document 641.

2

Beginning on January 17, 2023, the Court conducted a fourteen-day bench trial for the remedy phase. During this phase, the Court heard evidence of conditions of confinement between March 15, 2020, and August 30, 2022.[1] On July 18, 2024, the Court issued an opinion [Record Document 754], Remedial Order [Record Document 755], and Judgment [Record Document 756]. In its 172-page Opinion, the Court held that Plaintiffs proved by a preponderance of the evidence that the Eighth Amendment, ADA, and RA violations for which they sought protection had continued since the liability phase of trial and would continue into the future. *See* Record Document 754. The Court enjoined Defendants from (1) continuing to violate the Eighth Amendment rights of the Class through the unconstitutional conditions of confinement and provision of deficient mental health services; and (2) continuing to violate the ADA and RA rights of the Subclass. *See id*. Finally, the Court ordered Defendants to remedy the enumerated constitutional, ADA, and RA violations. *See id*.

On August 2, 2024, Defendants appealed the July 18, 2024, rulings. That same day, Defendants also sought a stay with this Court pending appeal and requested expedited consideration. *See* Record Document 758. On August 5, 2024, the Court denied the request for expedited consideration. *See* Record Document 762. On August 12, 2024,

---

[1] Defendants repeatedly contend the cutoff date for discovery of prison conditions was in error because they could not present evidence of current conditions. However, as this Court has explained previously, "the Court has discretion to establish its own discovery deadlines to promote the progression of trial." Record Document 742 at 2. The Court selected August 30, 2022, as the discovery cutoff date to end "the endless cycle of discovery." *Id*. Nevertheless, to ameliorate the effect of those rulings, the Court incorporated a process into its Remedial Order to assess the current prison conditions.

3

before this Court ruled on the motion to stay, Defendants moved the United States Court of Appeals for the Fifth Circuit to stay this Court's orders pending appeal. *See* Mot. Admin. Stay & Stay District Ct.'s Order Pending Appeal, *Charles v. LeBlanc*, No. 24-30484 (5th Cir. Aug. 12, 2024), ECF. No. 16. On August 14, 2024, Plaintiffs filed their response to the motion to stay filed in the Fifth Circuit. *See* Opp'n to Mot. Admin. Stay & Stay District Ct.'s Order Pending Appeal, *LeBlanc*, No. 24-30484 (5th Cir. Aug. 14, 2024), ECF. No. 28. That same day, Plaintiffs also filed a motion in this Court urging it to enter additional factual findings and/or amend the Court's July 18, 2024, rulings in response to the Defendants' arguments in their Motion to Stay. *See* Record Document 787 at 2.

Thereafter, the Fifth Circuit ordered Defendants' appeal be held in abeyance until this Court denied Plaintiffs' cross-motion. *See Charles v. LeBlanc*, No. 24-30484, 2024 WL 3842581, at *2 (5th Cir. Aug. 16, 2024). On September 20, 2024, the Court denied Plaintiffs' cross-motion. *See* Record Document 809. On September 27, 2024, Defendants filed an unopposed motion for clarification of the Court's denial of Plaintiffs' cross-motion. *See* Record Document 811. Defendants seek clarification as to whether the Court intended to deny the motion to stay, take no action on that motion, or rule on that motion in a separate order.

On December 13, 2024, Defendants filed an opposed motion to stay further proceedings in the Fifth Circuit pending the Fifth Circuit's decision in *Parker v. Hooper*, No. 23-30825 (5th Cir.). *See* Mot. Stay Further Proceedings, *LeBlanc*, No. 24-30484 (5th Cir. Dec. 13, 2024), ECF. No. 74. The Fifth Circuit granted that motion. *See* Order, *LeBlanc*, No. 24-30484 (5th Cir. Dec. 27, 2024), ECF No. 91. On February 12, 2025, the

4

*Parker* Fifth Circuit panel dismissed the appeal for lack of jurisdiction and vacated the stay of that district court's remedial order. *See Parker v. Hooper*, 128 F.4th 691, 693 (5th Cir. 2025). On April 22, 2025, the Fifth Circuit granted the *Parker* Defendants' petition for rehearing en banc and vacated the previous February 12, 2025, panel decision. *See Parker v. Hooper*, 134 F.4th 867, 868 (5th Cir. 2025).

On April 23, 2025, this Court convened a status conference to discuss the procedural status of this case. *See* Record Document 826. At the end of that status conference, the Court ordered the parties to submit a proposed scheduling order by June 6, 2025, that addresses briefing deadlines for any pending motions (including the pending motion to stay) and sets forth a plan for proceeding under the Court's Remedial Order. *See id.* Following the submission of those scheduling orders, the Court intends to "determine a realistic scheduling order for the parties moving forward." *Id.* at 2. On May 14, 2025, Defendants renewed their motion to stay and additionally moved to stay this Court's April 23, 2025, Order. *See* Record Document 827.

## **Law & Analysis**

In determining whether to grant a motion to stay pending appeal, courts consider the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

5

*Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)). A balancing of these factors clearly indicates that the motion to stay must be denied.

First, Defendants are not likely to succeed on the merits. Defendants point to four alleged errors that they argue make them likely to succeed on the merits on appeal: "(1) the Remedial Order violates principles of federalism; (2) the Remedial Order is impermissibly vague and overbroad . . . ; (3) the Remedial Order violates the requirements of the PLRA . . . ; and (4) the Remedy Opinion and Remedial Order are not based upon current conditions . . . ." Record Document 759 at 12. Defendants additionally argue that the Fifth Circuit's decision to rehear *Parker* en banc supports staying this matter pending appeal. *See* Record Document 827.

Having reviewed Defendants' arguments, the Court does not find Defendants are likely to succeed on appeal. The Court conducted two trials in this matter, for a combined total of *thirty-one* days. During those trials, the Court heard extensive evidence of the conditions at DWCC. The Court subsequently issued detailed findings of law and fact in two opinions and related orders, totaling over 300 pages. Defendants' purported errors do not affect the validity and propriety of the Court's rulings. Thus, Defendants are not likely to succeed on the merits.

Nor does the third factor support a stay. Defendants argue Plaintiffs will not be substantially harmed because current prison conditions are "more than constitutional." Record Document 759 at 26. In so arguing, Defendants seek to ignore both the *extensive* evidence of constitutional violations the Court considered during the trial and this Court's

attempt to survey current conditions through the process set out in its Remedial Order. Defendants additionally point to the procedural history of this case, arguing that the length of time this case was under advisement indicates the Court does not believe Plaintiffs are being substantially injured. *See id*. This argument is wholly without merit. The time the Court spent considering this case evidences the seriousness with which the Court undertook its analysis of the conditions at DWCC. Thirty-one days of trial and over 300 pages of opinions considering the conditions and potential remedies do, of course, take time. Having found Defendants violated the constitutional and statutory rights of Plaintiffs, any further delay would be a disservice to both Plaintiffs and the public and would result in substantial, irreparable harm to Plaintiffs.

For this reason, too, the fourth factor weighs in favor of Plaintiffs because a stay does not lie in the public interest. As Defendants note, "[t]he public has a vested interest in the operation and security of prisons within the State of Louisiana." Record Document 759 at 26. Thus, the public has a vested interest in ensuring that the operation of prisons is constitutional and does not violate the law. *See Modica v. Taylor*, 465 F.3d 174, 180-81 (5th Cir. 2006) ("Public interest is near its zenith when ensuring that public organizations are being operated in accordance with the law. . . .") (quoting *Marohnic v. Walker*, 800 F.2d 613, 616 (6th Cir.1986)); *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 458 n. 9 (5th Cir. 2014) ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights."); *JXN Undivided Coal. v. Tindell*, No. 23-CV-272, 2025 WL 863640, at *4 (S.D. Miss. Mar. 19, 2025) ("The public has a strong interest in protecting constitutional rights."). In this Court's purview, that interest certainly

7

outweighs the Defendants' proffered interest of the "substantial costs to be borne by the taxpayers of the State of Louisiana." Record Document 759 at 26. Therefore, the public interest lies with Plaintiffs.

Finally, even if Defendants have shown they may be irreparably harmed by compliance costs, that factor is heavily outweighed by the remaining factors. Defendants' argument as to irreparable harm contradicts their argument that current prison conditions are "more than constitutional." *Id*. Defendants argue they will be burdened with "astronomical costs" and will be "forced to operate [this] correctional system under the purview of the federal government." *See id*. at 24, 26. But if Defendants are indeed correct that they have remedied the constitutional and statutory violations at DWCC, their costs and obligations under the Remedial Order will be relatively minimal. And the minimal cost of that compliance is, of course, justified by this Court's extensive findings of constitutional and statutory violations affecting Plaintiffs. Therefore, even to the extent that Defendants will be "irreparably harmed" by compliance costs, that factor is heavily outweighed by the remaining three factors.[2]

After extensive consideration of the merits, the Court found that the conditions at DWCC violated Plaintiffs' constitutional and statutory rights and that these violations were likely to continue. To further delay remediation of these violations, Defendants filed the instant motions. The harms and costs Defendants allege they will suffer if this Court proceeds are negligible in light of the severe harms being sustained by Plaintiffs. This is

---

[2] Notably, at present, Defendants' only obligation is to submit a proposed scheduling order to this Court for consideration.

especially so considering that the Remedial Order is not the final iteration of this Court's injunctive relief. Instead, the Remedial Order simply sets out a process for determining if Defendants continue to engage in the identified violations. If—as Defendants allege—they have remediated the identified violations, the cost and burden of complying with this process should be minimal. Because the stay factors weigh heavily in favor of Plaintiffs, the non-movant, Defendants' motion to stay must be denied.

## Conclusion

For the reasons assigned herein, **IT IS ORDERED** that Defendants' original motion to stay [Record Document 758] and Defendants' renewed motion to stay [Record Document 827] are **DENIED**. The Court's order for the parties to submit a proposed scheduling order by June 6, 2025 [Record Document 826] is still in effect.

**IT IS FURTHER ORDERED** that Defendants' motion for clarification [Record Document 811] is **DENIED AS MOOT** in light of the Court's ruling on the motion to stay.

**THUS DONE AND SIGNED** this 6th day of June, 2025.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE