UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| BRUCE CHARLES, on behalf of himself and all other similarly situated prisoners at David Wade Correctional Center, | * * * | CIVIL ACTION NO.: 5:18-CV-00541-EEF-MLH |
| | * | |
| and | * | JUDGE ELIZABETH E. FOOTE |
| | * | |
| THE ADVOCACY CENTER, | * | USMJ MARK L. HORNSBY |
| | * | |
| PLAINTIFFS, | * | CLASS ACTION |
| | * | |
| VS. | * | |
| | * | |
| JAMES M. LEBLANC, *et al.*, | * | |
| | * | |
| DEFENDANTS. | * | |

## SUPPLEMENTAL MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS

Consistent with the deadline in Plaintiffs' Proposed Scheduling Order, Rec. Doc. 834, at 2, Plaintiffs file this supplemental motion as a complement to their *Motion for an Award of Attorneys' Fees and Costs*. (Rec. Doc. 805) ("First Motion").

### A.    Plaintiffs' Fee Request and Hourly Reductions.

In addition to their request in the First Motion, Plaintiffs expended 787.30 hours, excised 228.85 hours and seek compensation for 558.45 additional hours.  This constitutes a 29.07% reduction in hours. Plaintiffs cut $76,098.70 from this supplemental fee motion and request payment of $99,847.00. This is a 76.22% reduction in fees.

Combining this with the First Motion, Plaintiffs' total request consists of 24,985.79 hours expended, a reduction of 2952.19 hours and a request for compensation for 22,033.60 hours. *See infra*, at 6 (Table F). This is a 11.37% reduction in total hours and a 13.33% ($878,404.20) reduction in fees.  Plaintiff requests $2,923.18 in additional costs while also waiving other costs.

In sum, Plaintiffs current total request, as of this motion, is $6,589,654.30 in fees and $542,630.41 in costs.

**B.    The Hours Plaintiffs Request are Reasonable.**

Plaintiffs have expended time maintaining communication with the class members, choosing able candidates for special master, opposing Defendants from staying the case altogether, *e.g.*, Rec. Doc. Nos. 827, 803, and drafting this supplemental fee motion. This motion also includes time and costs that Plaintiffs do not seek compensation for but were not included in the original motion.

Defendants moved this Court and the Fifth Circuit Court of Appeals to stay the case. Rec. Doc. Nos. 758, 806; *Charles v. LeBlanc*, No. 24-30484 (5th Cir. Aug. 16, 2024), at p.2. Defendants also moved to stay the instant fee litigation. ECF No. 803. Of course, Plaintiffs had to respond to these motions. *E.g.*, ECF No. 829. Opposing the efforts of Defendants is a necessary (and compensable) obligation of Plaintiffs' counsel.  *Perkins v. New Orleans Athletic Club*, 429 F.Supp. 661, 667 (E.D.La.1976); *Lee v. Javitch, Block & Rathbone, LLP*, 568 F.Supp.2d 870, 878 (S.D. Ohio 2008). See also Exhibit A, *Bien Declaration*, at ¶ 16.

Plaintiffs' efforts to stay in touch with class members is a vital part of representing a class of prisoners. *See* Fed. R. Civ. P. 23(g)(4); Ex. A, at ¶ 16. Plaintiffs sought approval of a class notice to formally notify the class of this fee motion. *See* Rec. Doc. 802; Fed. R. Civ. P. 23(h).[1] As is their duty, they have been diligent in maintaining communication with class members. Ex. A, at ¶ 16. Indeed, the legal assistant, Ms. Birk, spent 400 hours reading mail and answering phone calls from class members and then utilizing the mail to respond to their queries and concerns. *See* Exhibit E, Bray Declaration, at ¶¶ 6-7.

---

[1] Plaintiffs will be filing a revised class notice for approval.

Time expended towards identifying and choosing able special master candidates is important for a multitude of reasons. Ex. A, at ¶ 17 (outlining importance of special masters to class action prison cases). This is compensable.  Similarly, the work expended on this fee application is compensable. *Cruz v. Hauck*, 762 F.2d 1230, 1233-35 (5th Cir. 1985) (time spent on supplemental fee motion is compensable).

The opinion of an expert in class actions involving prisoners and persons with disabilities supports the wisdom of the attorneys' expenditure of hours. *See* Ex. A, at 9-10, 6-8. Attorney Michael Bien opines that the billing judgment exhibited in this case is consistent with the law and standard billing practices by law firms as well as plaintiff attorneys working on prisoner class action cases. Ex. A, at ¶¶ 13, 11-12, 14-17.

**C.    Plaintiffs exercised billing judgment.**

The billing records document the hours worked and the hours written off as unproductive, excessive or redundant.  *See Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (per curiam); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Plaintiffs expended 787.30 hours, excised 228.85 hours and seek compensation for 558.45 hours.  This is a 29.07% reduction in hours; well beyond the 10-15% typically required by this Court. *E.g.*, *Saizan*, 448 F.3d at 800 (ten percent reduction); *Walker*, 99 F.3d at 770 (reduced applicant's requested fees by fifteen percent "to substitute for the exercise of billing judgment" of the plaintiff's attorney). In terms of the request for fees, Plaintiffs exercised billing judgment by cutting 76.22% (or $76,098.70) from their fee request; more than two thirds of their final request.

The firm of Adams & Reese wrote off all of their hours and costs. Exhibit B, *Kyle Potts Declaration*, at ¶¶ 4, 14.  Though they expended 119.8 hours of attorney time and 9.4 hours of paralegal time, they are not seeking compensation for any of it. *Id.*, at ¶¶ 8-10, 14.  This is a

reduction of $49,461.70 from Plaintiffs request. Attorney Robert Cobbs almost wrote off all of his hours expended during the last ten months. Exhibit C, *Robert Cobbs Declaration*, at ¶ 15.

The attorneys at Disability Rights Louisiana wrote off considerable time between August and the present. See Exhibit D, *Dalton Courson Declaration*, at ¶¶ 5-6; Ex. E, at ¶¶ 5-7.  Counsel excised 77.05 hours for time that was excessive, duplicative or unproductive. Ex. D, at ¶ 5-6 (Courson reductions); Ex. E, at ¶ 5-6 (Bray and Birk reductions). This amounts to a 12.63% reduction in time. Similarly, John Adcock cut 36.1% of his fees dedicated to drafting this motion by cutting 14.35 hours from 39.75 hours. Exhibit F, *John Adcock Declaration*, at ¶ 16, 14-15.

The following table (**Table E**) exemplifies the significant reductions counsel made to their hours and fees:

| Team Member | Hours worked | Hours Reduction | Percentage Reduction (Hours) | Rate | Fees Cut |
|---|---|---|---|---|---|
| **Bray** | 73.7 | 9.15 | 12.42% | $300 | $2,745.00 |
| **Courson** | 93.3 | 25.75 | 27.6% | $400 | $10,300.00 |
| **Birk** | 443.1 | 42.15 | 9.51% | $108 | $4,552.00 |
| **Cobbs** | 8.25 | 8.25 | 100% | $400 | $3,300.00 |
| **Potts** | 84.7 | 84.7 | 100% | $400 | $33,880.00 |
| **Roussel** | 35.1 | 35.1 | 100% | $415 | $14,566.50 |
| **Schroeder** | 9.4 | 9.4 | 100% | $108 | $1,015.20 |
| **Adcock** | 39.75 | 14.35 | 38.23% | $400 | $5,740.00 |
| **Totals** | **787.30** | **228.85** | 29.07% | | $76,098.70 |

The request for fees is reasonable in light of the tasks accomplished and the obligations of plaintiffs' counsel. Ex. A, at 13-17; Exhibit H, *Howell Declaration*, at ¶¶ 7-11.

### D.    The Hourly Rates Plaintiffs Request are Reasonable.

Plaintiffs are able to establish reasonable rates through the opinion of attorneys practicing in the relevant legal market. *See Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir.1993).  Attorney Alisson Jones, who has practiced law in Shreveport since her admission to the Louisiana bar in

1985, and has extensive experience in civil rights and fee litigation, attests that the rates requested in this case are appropriately in line with the rates in the Shreveport area. Exhibit G, *Declaration of Alison A. Jones*, at ¶¶ 4-5, 11-13.  She has reviewed counsel's request rates and "consider [them] to be reasonable hourly rates within the Western District of Louisiana for similar services for attorneys of reasonably comparable skills, experience, and reputation…" *Id.*, at ¶ 12. In her opinion, "all of the applied for rates are reasonable and consistent with market rates in this district." *Id.*, at ¶ 13.

According to the local market, attorneys with approximately 20 years of experience and more are entitled to an hourly fee of $400. *See Sunbelt Rentals, Inc. v. BJ Moore Trucking, LLC*, 2021 WL 9274368 (W.D. La. Jul. 29, 2021) (awarding hourly rate of $405/hour for a commercial litigator with eighteen years' experience in the Monroe division). Attorneys with nine to 15 years of experience are entitled to rate of $300.  *Williams v. D'Argent*, 20-cv-01501-JPM, R. Doc. 208 (W.D. La. March 7, 2024) (awarding $350 per hour to an attorney with about 13 years of experience); *Green v. White*, 19-cv-607, R. Doc. 80 (W.D. La., Oct. 19, 2020) (awarding ninth-year attorney fees at $275 per hour); *Olive v. Tubbs*, No. 3:22-cv-5205, 2023 WL 6420794, at *8 n.29 (W.D.La. Sept. 29, 2023) (relying on *Montgomery v. Comenity Bank*, No. CV 20-235-SDD-RLB, 2022 WL 17830926, at *3 (rates of upwards of $300 an hour were appropriate for attorneys with over 10 years of experience). Finally,  attorneys who have not been members of the bar for the longest time are entitled to a reasonable rate of $250 or $225. *See Williams v. D'Argent*, 20-cv-01501-JPM, R. Doc. 208 (W.D. La. March 7, 2024) (awarding sixth-year attorney reasonable attorneys fees at a rate of $250 per hour).

The request for a rate of $108 per hour for legal assistant time is consistent with the rates in this area. *Stonewater Roofing LTD Co LLC v. Merrytown Bossier LLC*, Civil Action No. 22-

5

1048 (W.D.La. April 25, 2025) (paralegal given $120 an hour in fee for motion to enforce settlement); *Migdon v. 171 Holdings LLC*, No. 2:18-CV-160, 2022 WL 4110956, at *3 (W.D.La. Sept. 8, 2022) ($125 hourly rate for law clerks and paralegals is "reasonable based on the customary fee in this community.").

When considering what rate to award the attorneys in this case, the Court should be mindful of the context in which this case was litigated. In the words of Mary Howell, a civil rights attorney in Louisiana for almost 50 years:

> In deciding what kinds of hourly rates to award attorneys doing class action prisoner work, the difficulty of doing prisoner cases should be included. There are not many lawyers in Louisiana who would have taken on this case, a number which is further reduced by the fact that the case took place in north Louisiana. Given the relative scarcity of plaintiffs' civil rights attorneys in north Louisiana, it is often incumbent upon attorneys from New Orleans to step up. And unfortunately, there are only a few of those who are able to do so, given the time and effort involved in travel.

Ex. H, at ¶ 10. *See also id*., at ¶¶ 8, 9, 11; Ex. A, at ¶¶ 10-14. The below table collects the information in the time logs and declarations to illustrate the total hourly reductions and total time requested:

**Table F: Total Hours Reduction, Requested.**

| Motion | Hours expended | Reductions | Percentage reduction | Time Requested |
|---|---|---|---|---|
| First Motion (Aug.2024) | 24,198.49 | 2723.34 | 11.25% | 21475.15 |
| Suppl. (June 2025) | 787.3 | 228.85 | 29.07% | 558.45 |
| **Totals** | **24,985.79** | **2,952.19** | **11.82%** | **22,033.60** |

### E.    Plaintiffs' Request for Costs is Reasonable.

The request for costs in the original motion is unchanged except for two considerations. One, due to the generosity of private counsel, Plaintiffs were able to keep costs down without sacrificing resources. Adams & Reese donated the use of its conference rooms as well as audio

and video technology for both phases of trial, both conducted via Zoom. Ex. B, Potts Decl., at ¶¶ 11, 14. It provided free parking to Plaintiffs' counsel and staff during both trials. *Id.*, at ¶ 12.

Postage costs are recoverable when they are reasonable. *Miller v. Carson*, 628 F.2d 346, 349 (5th Cir.1980) (citing cases).  The postage costs assigned here reflect efforts to maintain communication with class members; a duty imposed by Rule 23. See Ex. A, at ¶ 16. The costs for postage were $2,850.48. Ex. E, at ¶ 7.

Fees for PACER use are typically allowed when they are necessary for the representation of a client. *See Revell v. Prince Preferred Hotels Shreveport, LLC*, et al, No. 21-882, 2024 WL 3625214, at *6 (W.D.La. Aug. 1, 2024); *Bear Ranch, LLC v. HeartBrand Beef, Inc.,* 2018 WL 3388766, at *2 n.2 (S.D. Tex. July 12, 2018) (Costa, J.).This is the case here where counsel used PACER to find materials that were necessary for the representation of the clients rather than for legal research. *See* Ex. F, at ¶ 17. The sum of the PACER fees is $72.70. *Id*.

### F.      Plaintiffs are entitled to a multiplier.

Plaintiffs present two pieces of evidence to buttress their multiplier argument.  *See* Rec. Doc. 805-1, at 31 (§ III.13). Both come from attorneys with vast experience in this field and point directly to the circumstances of this case:

> I believe that it is essential, in order to protect our most fundamental constitutional and civil rights and liberties, that we have local attorneys in private practice who are willing, able and competent to undertake these cases. And in order for an attorney to be able to do so, it is essential that those attorneys who are willing to take these cases are compensated at reasonable rates which are comparable, (and, in appropriate situations, enhanced), to those of attorneys in other practice areas which are traditionally more remunerative and less fraught.
>
> ***
>
> The plaintiffs' counsel in this case are to be commended for their willingness to undertake this representation and the skill and commitment with which they have pursued this case. Hopefully their success will serve to protect the rights of their clients as well as the

important constitutional and civil rights which are at stake and will also encourage other Louisiana attorneys to step up and take on these important cases in the future.

Ex. H, at ¶¶ 9, 11.  From an attorney with experience in multiple prisoner class actions:

It is my opinion that a fee enhancement over the lodestar is warranted in this case under *Perdue v. Kenny A.*, 130 S.Ct. 1662 (2010), given the extraordinary results obtained by Plaintiffs' counsel, along with the delay in the payment of fees, for which Defendants are partially responsible.  As noted above, Plaintiff's counsel in this case navigated through many factual and legal hurdles over a period of eight difficult years.  Defendants could have resolved through mediation by agreeing to provide constitutional medical care to prisoners including accommodations to prisoners with mental illness, but instead took this case through two trials comprising weeks of testimony with dozens of witnesses.  Such an enhancement will ensure that prisoners with meritorious cases in the future will be able to attract competent counsel, as is the goal of the fee shifting statutes in the first place.

Ex. A, at , at ¶ 18.  *See also id*., at ¶ 6 (listing cases involving prisoner class actions)

WHEREFORE, Plaintiffs respectfully request an award of fees and costs.

Respectfully submitted this 27th day of June, 2025,


/s/ Melanie Bray
Melanie Bray, La. Bar No. 37049
J. Dalton Courson, La. Bar. No. 28542
Disability Rights Louisiana
8325 Oak Street
New Orleans, LA 70118
504-208-4151
504-272-2531 (fax)
mbray@disabilityrightsla.org

/s/ John Adcock
John Adcock, La. Bar No. 30372
Adcock Law, LLC
3110 Canal Street
New Orleans, LA 70119
504-233-3125
504-308-1266 (fax)
jnadcock@gmail.com

8