# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| BRUCE CHARLES, ET AL. | CIVIL ACTION NO. 18-0541 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JAMES M LEBLANC, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is Plaintiffs' motion to conduct cell-front interviews of class members. *See* Record Document 837. Plaintiffs' counsel seeks to "conduct an in-person visit to David Wade Correction Center ["DWCC"], to meet with class members at cell-front on the South Compound in buildings N1, N2, N3, and N4, and observe conditions directly." *Id.* at 1. Plaintiffs' counsel wants to "obtain information from class members regarding current conditions" and "ensure that current members of the class . . . are identified, receive notice about the class, and have an opportunity to speak directly with counsel." Record Document 837-1 at 2-3. Plaintiffs' counsel maintains that they have "not been physically present on the tiers since July 2022 . . . ." *Id.*

Defendants do not oppose Plaintiffs' counsel conducting in-person visits at DWCC in a confidential setting. *See* Record Document 839. However, Defendants assert the requested cell-front interviews will be "disruptive to operations and security" and are "merely an attempt to conduct a discovery site visit, and an attempt to get ahead of the Court's process for such discovery." *Id.* at 1. Defendants maintain their "offer to facilitate in-person confidential client meetings, in addition to previous facilitation of numerous

video and phone conferences, is more than sufficient for Plaintiffs' counsel to meet with their clients." *Id.* at 1.

Ultimately, the Court finds Plaintiffs' request for counsel to conduct cell-front interviews is reasonable and should be accommodated by Defendants. Cell-front interviews will allow Plaintiffs' counsel to "fairly and adequately represent the interests of the class," Federal Rule of Civil Procedure 23(g)(4), in a practicable and reasonable manner. While the Court appreciates Defendants' concerns, the Court nevertheless finds the cell-front interviews will not be unreasonably disruptive to DWCC's operations and security. Additionally, to assuage Defendants' concerns regarding discovery, the Court notes any observations of current conditions by Plaintiffs' counsel will neither supplement nor circumvent this Court's mandated discovery process.

For the reasons assigned herein, **IT IS ORDERED** that Plaintiffs' motion to conduct cell-front interviews [Record Document 837] is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties must meet and confer by **Friday, September 12, 2025,** to determine mutually acceptable dates for the cell-front interviews.

**THUS DONE AND SIGNED** this 12th day of August, 2025.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE