# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| BRUCE CHARLES, ET AL. | CIVIL ACTION NO. 18-0541 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JAMES M LEBLANC, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion for attorney fees and a supplemental motion for attorney fees filed by Plaintiffs. *See* Record Documents 805 & 842. As of the filing of this memorandum ruling, Plaintiffs request $6,357,996.10 in fees and $542,630.41 in costs. *See* Record Documents 842 at 2 & 855-1 at 3. Defendants oppose Plaintiffs' motion, arguing Plaintiffs do not qualify as "prevailing parties," the motion is premature, and the "fee request is unreasonable and seeks payment for hours that were excessive, redundant, or unnecessary." Record Document 845 at 6-7. Defendants alternatively maintain $3,542,503.00 is a reasonable fee award for Plaintiffs. *See id.* at 29.

For the following reasons, **IT IS ORDERED** that Plaintiffs' motions for attorney fees [Record Documents 805 & 842] are **GRANTED**. In the interest of judicial efficiency and in light of the unusual procedural posture of this case as described *infra,* the Court makes a binding calculation of the attorneys' fees and costs. The Court finds fees of $6,313,505.20 and costs of $540,010.98 are reasonable for Plaintiffs' work from January 19, 2016, to June 24, 2025.[1]

---

[1] The Court notes that Plaintiffs seek compensation for hours expended after this cut-off point. *See* Record Document 855-4 at 2, 9 (requesting 45.9 hours for John Adcock

**IT IS FURTHER ORDERED** that the award of attorneys' fees and costs is **STAYED** until the resolution of Defendants' pending appeal. The award shall remain stayed until such time as the Court deems appropriate and upon motion of a party.

## Background

Inmates at David Wade Correctional Center ("DWCC") filed this class action suit for injunctive and declaratory relief, challenging the conditions of confinement and delivery of mental health services on extended lockdown. Plaintiffs alleged the policies and practices in place at DWCC violated the Eighth Amendment of the United States Constitution, Title II of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act of 1973 ("RA").

On November 1, 2022, following a seventeen-day bench trial, the Court held that (1) Defendants violated the Eighth Amendment by housing inmates—including those with a diagnosed mental illness—in inhumane conditions while on extended lockdown and by failing to provide those inmates adequate mental health care; and (2) Defendants violated the ADA and RA by failing to make reasonable accommodations for inmates with mental disabilities and by employing unlawful methods of administration. *See* Record Document 641. On July 18, 2024, following a fourteen-day bench trial, the Court held that Plaintiffs proved by a preponderance of the evidence that the Eighth Amendment, ADA, and RA violations for which they sought protection had continued since the liability phase of trial

---

("Adcock")). Because this portion of the fee request was raised in the reply, Defendants did not have an opportunity to object. Accordingly, the Court did not consider these hours in its assessment. Instead, the Court considered only those hours reflected in the time sheets submitted for Plaintiffs' original motion [Record Document 805] and supplemental motion [Record Document 842].

and would continue. *See* Record Document 754. The Court enjoined Defendants from (1) continuing to violate the Eighth Amendment rights of the Class through the unconstitutional conditions of confinement and provision of deficient mental health services; and (2) continuing to violate the ADA and RA rights of the Subclass. *See id*. Finally, the Court ordered Defendants to remedy the enumerated constitutional, ADA, and RA violations. *See id*. The Court issued a Remedial Order setting forth a process for determining if Defendants continue to engage in the identified violations. *See* Record Document 755.

On August 2, 2024, Defendants appealed the July 2024 rulings. That same day, Defendants also sought a stay with this Court pending appeal and requested expedited consideration. *See* Record Document 758. On August 5, 2024, the Court denied the request for expedited consideration. *See* Record Document 762. On August 12, 2024, before this Court ruled on the motion to stay, Defendants moved the United States Court of Appeals for the Fifth Circuit ("the Fifth Circuit") to stay this Court's orders pending appeal. *See* Mot. Admin. Stay & Stay District Ct.'s Order Pending Appeal, *Charles v. LeBlanc*, No. 24-30484 (5th Cir. Aug. 12, 2024), ECF. No. 16. On August 14, 2024, Plaintiffs filed their response to the motion to stay filed in the Fifth Circuit. *See* Opp'n to Mot. Admin. Stay & Stay District Ct.'s Order Pending Appeal, *LeBlanc*, No. 24-30484 (5th Cir. Aug. 14, 2024), ECF. No. 28. That same day, Plaintiffs also filed a motion in this Court urging it to enter additional factual findings and/or amend the Court's July 2024 rulings in response to the Defendants' arguments in their motion to stay. *See* Record Document 787 at 2.

Thereafter, the Fifth Circuit ordered Defendants' appeal be held in abeyance until this Court ruled on Plaintiffs' cross-motion. *See Charles v. LeBlanc*, No. 24-30484, 2024 WL 3842581, at *2 (5th Cir. Aug. 16, 2024). On August 27, 2024, Defendants filed a motion to hold in abeyance Plaintiffs' motion for attorneys' fees and costs. *See* Record Document 803. On August 30, 2024, Plaintiffs filed their first motion for attorneys' fees and costs.[2] *See* Record Document 805. On September 5, 2024, the Court denied Defendants' motion to hold Plaintiffs' motion for attorneys' fees in abeyance, noting it would not do so "absent a stay by the United States Court of Appeals for the Fifth Circuit." Record Document 807.

On September 20, 2024, the Court denied Plaintiffs' cross-motion. *See* Record Document 809. On December 13, 2024, Defendants filed an opposed motion to stay further proceedings in the Fifth Circuit pending the Fifth Circuit's decision in *Parker v. Hooper*, No. 23-30825 (5th Cir.). *See* Mot. Stay Further Proceedings, *LeBlanc*, No. 24-30484 (5th Cir. Dec. 13, 2024), ECF. No. 74. The Fifth Circuit granted that motion. *See* Order, *LeBlanc*, No. 24-30484 (5th Cir. Dec. 27, 2024), ECF No. 91. Left pending in the Fifth Circuit is Defendants' previously filed motion to stay this Court. On February 12, 2025, the *Parker* Fifth Circuit panel dismissed the appeal for lack of jurisdiction and vacated the stay of that district court's remedial order. *See Parker v. Hooper*, 128 F.4th 691, 693 (5th Cir. 2025), *reh'g en banc granted, opinion vacated*, 134 F.4th 867 (5th Cir.

---

[2] Plaintiffs had previously filed a motion for leave to file excess pages on August 17, 2024, in which they sought permission from this Court to file this motion for attorneys' fees. *See* Record Document 790. Also on August 17, 2024, Plaintiffs filed a bill of costs. Because Plaintiffs incorporated the bill of costs into their motion for attorneys' fees, *see* Record Document 805-1 at 36, the Court addresses those costs in this memorandum ruling.

2025). On April 22, 2025, the Fifth Circuit granted the *Parker* Defendants' petition for rehearing en banc and vacated the previous February 12, 2025, panel decision. *See Parker v. Hooper*, 134 F.4th 867, 868 (5th Cir. 2025).

On May 14, 2025, Defendants renewed the motion to stay they had previously filed in this Court and additionally moved this Court to stay its April 23, 2025, Order. *See* Record Document 827. On June 6, 2025, the Court denied Defendants' motions to stay. *See* Record Document 836. On June 30, 2025, Plaintiffs filed a supplemental motion for attorneys' fees. *See* Record Document 842. As of the filing of this memorandum ruling, Defendants' motion in the Fifth Circuit to stay this Court remains pending, and this Court has not been stayed by the Fifth Circuit.

## **Law & Analysis**

Plaintiffs seek attorneys' fees and costs pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, 29 U.S.C. § 794a(b), and Federal Rules of Civil Procedure 23(h) and 54(d), which provide for an award of attorneys' fees and costs to the prevailing party. *See* Record Document 805. Plaintiffs are the prevailing party in this matter.[3] *See* Record Document 755 at 18 ("As the prevailing parties, Plaintiffs are directed to file a motion to award attorneys' fees and costs . . . ."). Where an appeal is pending, "the court may rule on the

---

[3] Defendants contend Plaintiffs do not qualify as prevailing parties in light of *Lackey v. Stinnie*, 145 S. Ct. 659, 221 L. Ed. 2d 63 (2025). *See* Record Document 845 at 6, 8-11. The Court disagrees. In *Lackey*, the Supreme Court held "[a] preliminary injunction . . . does not render a plaintiff a 'prevailing party.'" 145 S. Ct. at 671. This Court does not find persuasive Defendants' arguments to extend *Lackey* outside of the preliminary injunction context. Therefore, the Court holds Plaintiffs are prevailing parties for purposes of deciding these attorneys' fee motions.

5

claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice." Fed. R. Civ. P. 54 advisory committee's note to 1993 amendment ¶ 2.

Here, the Court finds that judicial efficiency and this case's unusual posture demand a binding calculation of Plaintiffs' reasonable fee request. Seven years have passed since Plaintiffs first filed this case. One year has passed since Defendants appealed this Court's July 2024 Judgments and moved the Fifth Circuit to stay this Court. Eight months have passed since Defendants filed a motion to stay its own appeal in the Fifth Circuit. With this passage of time, lawyers have come and gone, lawyers have changed firms, and memories have faded.

Additionally, this case presents an unusual procedural posture. Defendants' appeal has been stayed in the Fifth Circuit pending a decision in *Parker*. The *Parker* panel previously dismissed that appeal for lack of appellate jurisdiction. As such, the Fifth Circuit panel did not consider the merits of the *Parker* defendants' appeal. *See Parker*, 128 F.4th at 693. If the Fifth Circuit ultimately decides it has jurisdiction to hear *Parker*, the Fifth Circuit would then need to decide the merits. Only once a decision has been rendered in *Parker* will the Fifth Circuit turn to the merits of Defendants' appeal in this case. *See* Order, *LeBlanc*, No. 24-30484 (5th Cir. Dec. 27, 2024), ECF No. 91 ("Appellants' opposed motion to stay further proceedings in this court pending a decision in case no. 23-30825, *Parker v. Hooper*, is GRANTED"). Consequently, it may take months or even years for the appeal to be settled in this case. During that time, Plaintiffs' fees and costs will continue to accrue. If Plaintiffs are successful on appeal, this Court would be faced with a lengthier

and more complex fee motion. Deciding this portion of Plaintiffs' fee request now will expedite the Court's future determinations.

For these reasons, judicial efficiency and this case's unusual posture demand that this Court make the factual determinations for a binding award. The Court will now make that binding calculation.

## I.    Attorneys' Fees

Courts engage in a two-step process to calculate attorneys' fees. *See Combs v. City of Huntington, Tex.*, 829 F.3d 388, 391 (5th Cir. 2016). First, the Court must calculate the lodestar, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* at 392 (quotation marks omitted). "In calculating the lodestar, the court should exclude all time that is excessive, duplicative, or inadequately documented." *Id.* (alterations and quotation marks omitted). The calculated lodestar is presumed to be reasonable. *See id.* "After the lodestar method is applied, courts use a twelve-factor test[4] to determine whether counsel's performance requires an upward or downward adjustment from the lodestar." *Cruz v. Maverick Cnty.*, 957 F.3d 563, 574 (5th Cir. 2020). Therefore, the Court will first calculate the lodestar and will then determine whether an upward or downward adjustment is warranted.

### A.  Lodestar Calculation

"The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "A party

---

[4] These factors, set forth in *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989), will be discussed *infra*.

objecting to a motion for attorneys' fees is required to 'present specific objections to the allowance sought and advance the reasons for a denial or reduction. . . . It is not the duty of the Court to go through the record line-by-line to determine which fees a party objects to.'" *Krawietz v. Galveston Indep. Sch. Dist.*, No. 15-CV-0203, 2019 WL 1112666, at *3 (S.D. Tex. Mar. 11, 2019) (internal marks omitted) (quoting both *McClure v. Mexia Indep. Sch. Dist.*, 750 F.2d 396, 405 (5th Cir. 1985), and *Melanie B. v. Georgetown Indep. Sch. Dist.*, No. 17-CV-438, 2018 WL 2027745, at *13-14 (W.D. Tex. Apr. 27, 2018)).

### i. Reasonable Rate

The Court begins with the calculation of a reasonable rate. "Hourly rates are to be computed according to the prevailing market rates in the relevant legal market." *Hopwood v. State of Tex.*, 236 F.3d 256, 281 (5th Cir. 2000). "The relevant legal market is the community where the district court sits." *Carr v. Kijakazi*, No. 21-CV-04454, 2023 WL 3168676, at *2 (W.D. La. Apr. 13, 2023) (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)), *report and recommendation adopted*, No. 21-CV-04454, 2023 WL 3168343 (W.D. La. Apr. 28, 2023). "An attorney's requested hourly rate is prima facie reasonable when he requests that the lodestar be computed at his or her 'customary billing rate,' the rate is within the range of prevailing market rates, and the rate is not contested." *Sade v. S. Univ. Sys.*, No. 2-CV-1164, 2005 WL 8155807, at *4 (M.D. La. Sept. 28, 2005) (quoting *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995)).

Here, Plaintiffs request hourly rates ranging from $225 to $400 for attorneys and $108 for paralegals and other interns. *See* Record Document 805-1 at 27. Plaintiffs submit

affidavits from practicing attorneys to support the requested rates. *See* Record Documents 805-11, 805-12, 805-13, 842-8, & 842-9. Defendants do not contest those rates,[5] and jurisprudence supports the requested hourly rates. *See e.g.*, *Sunbelt Rentals, Inc. v. BJ Moore Trucking, LLC*, No. 21-CV-0981, 2021 WL 9274368, at *2 (W.D. La. Jul. 29, 2021) (awarding hourly rates between $235 and $405 depending on the attorney's experience and discussing hourly rates awarded in other cases); *Migdon v. 171 Holdings LLC*, No. 18-CV-0160, 2022 WL 4110956, at *3 (W.D. La. Sept. 8, 2022) (awarding hourly rate of $125 for law clerks and paralegals). Therefore, the Court finds Plaintiffs' hourly rates are reasonable.[6]

### ii. Reasonable Hours

The Court turns now to Plaintiffs' requested hours. In their supplemental motion, Plaintiffs sought compensation for 22,033.60 hours. *See* Record Document 842 at 1.

---

[5] Defendants seemingly contest the rate only to the extent Plaintiffs request "full attorney rates for clerical work." Record Document 845 at 23. As will be discussed *infra*, the Court excluded all entries for clerical work and thus redressed this objection.

[6] The Prison Litigation Reform Act ("PLRA") imposes a statutory cap on an attorney's hourly rate. *See* 42 U.S.C. §§ 1997e(d)(1), (3). Defendants have not raised this issue, but they previously argued the PLRA's requirements apply. *See e.g.* Record Document 803. The Court does not intend to opine on the applicability of the PLRA. However, out of an abundance of caution, the Court finds persuasive those cases holding that the PLRA's rate cap does not apply where the prisoner-plaintiffs are joined by a non-prisoner entity and the work performed for those entities is not logically severable. *See Trueblood v. Wash. State Dep't of Soc. & Health Servs.*, No. 14-CV-1178, 2015 WL 12030114, at *1 (W.D. Wash. June 22, 2015); *Turner v. Wilkinson*, 92 F. Supp. 2d 697, 704 (S.D. Ohio 1999); *Hunter v. Cnty. of Sacramento*, No. 6-CV-0457, 2013 WL 5597134, at *10-11 (E.D. Cal. Oct. 11, 2013); *Young v. Ky. Dep't of Corr.*, No. 11-CV-0396, 2015 WL 4756529, at *1 (E.D. Ky. Aug. 11, 2015). Because Disability Rights Louisiana is a plaintiff in this matter and the work performed is not logically severable, the PLRA rate cap does not apply.

Defendants object to that fee request on several grounds.[7] *See* Record Document 845. Namely, Defendants maintain reductions are necessary to address (1) duplicative and excessive work, (2) block billed entries, (3) clerical entries, (4) vague entries, and (5) incomplete entries.[8] *See id.* Plaintiffs reduced their requested hours to 21,525.99 to redress some of Defendants' objections, but Plaintiffs maintain the rest of Defendants' objections are meritless. *See* Record Documents 855 & 855-1 at 3. The Court discusses each objection in turn.

### 1. Duplicative and Excessive Work

Defendants contend Plaintiffs' time sheets include duplicative and excessive work. *See* Record Document 845 at 18-22. To begin, Defendants' motion outlines specific entries they consider duplicative. *See id.* at 19-20. In response, Plaintiffs purportedly reduced the identified hours from 44.1 hours to 8 hours. *See* Record Document 855 at 9-10. The Court notes two issues with this reduction. First, Defendants' motion incorrectly sums the hours for an August 19, 2021, meeting as 8.3 hours instead of 8 hours. *See* Record Document 845 at 19-20. Thus, while Plaintiffs state Defendants sought a reduction of 44.1 hours, *see* Record Document 855 at 10, Defendants actually sought a

---

[7] Defendants provide the Court with an "expert" report prepared by Michele Avery ("Avery"), CPA/ABV, CVA, MAFF, to supplement their objections. *See* Record Document 845-1. The Court's consideration of this report is not intended to opine on whether Avery is qualified as an expert.

[8] Defendants also object based on mathematical errors in Plaintiffs' calculations and the lack of date on one attorney's time sheet. *See* Record Documents 845 at 23-24, 28 & 845-1 at 6-7, 9, 86. Plaintiffs submitted a corrected time sheet for that attorney, and mathematical errors were either corrected by Plaintiffs in their reply or by this Court *infra*. *See* Record Documents 855 at 4 n.1, 855-1, & 855-2. As such, the Court will not further reduce Plaintiffs' fee request on these bases.

reduction of 43.8 hours. Second, Plaintiffs do not identify which entries were reduced and to what extent. *See id.* at 9-10. Without that information, the Court cannot determine whether Plaintiffs' final calculated hours for each attorney, as seen in Record Document 855-1 at 3, accurately reflect and/or account for this reduction.

As such, the Court finds excluding all but one entry for each of the identified meetings is a sufficient reduction. For each identified meeting, the Court included only the entry with the lowest number of hours. This procedure reduced the identified 43.8 hours to 8.1 hours, which was an overall reduction of 35.7 hours from the Plaintiffs' fee request (8.5 hours for Melanie Bray ("Bray"), 8.2 for Jonathan Trunnell ("Trunnell"), 4 for Sarah Voigt ("Voigt"), 11 for Katie Schwartzmann ("Schwartzmann"), and 4 for Emma Douglas ("Douglas")).

Defendants also point to the number of attorneys who worked on specific pleadings or during a specific trial phase.[9] *See* Record Documents 845 at 18 & 845-1 at 10-12, 88-92. Defendants argue their proffered tables demonstrate "duplication of efforts of attorneys" and that "the hours devoted . . . are excessive to the point of unreasonableness." Record Document 845 at 20. The Court does not agree. Defendants ignore crucial context explaining both the hours expended and the number of attorneys. For example, Defendants note seven Plaintiffs' attorneys expended over 500 hours researching, preparing, drafting, filing, and reviewing motions in limine and preparing for oral arguments regarding those motions. *See* Record Document 845-1 at 12, 89. But

---

[9] Defendants' tables do not include specific entries. *See* Record Documents 845 at 18 & 845-1 at 10-12, 88-92.

Defendants do not acknowledge that approximately eleven motions in limine were filed in this case. *See* Record Document 855 at 14-15. This is but one example of the complexity and numerosity of the documents filed in this case. Indeed, as of the filing of this memorandum ruling, the docket contains 858 entries.

Certainly, where "more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized." *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). Here, however, the time and resources Plaintiffs devoted in this case are eminently reasonable given the case's complexity and length. Therefore, the Court finds Defendants' general objection based on duplicative and excessive work is meritless, and no further reductions to Plaintiffs' fee award are warranted.

Defendants make two additional arguments seemingly related to the excessive time objection. First, Defendants contend Plaintiffs likely "inflate[d] the time" by frequently "bill[ing] in half-hour time increments." Record Document 845 at 24. Defendants' motion does not clearly articulate whether Defendants are arguing Plaintiffs only or primarily used half-hour increments to bill or if the selected half-hour interval entries are for an excessive or inflated amount of time. Regardless of how the Court interprets Defendants' argument, it has no merit. A review of the selected entries in context demonstrates the attorneys did not bill in half-hour increments.[10] Further, that

---

[10] For example, Defendants select multiple entries from Bray ending in ".5" to presumably establish Bray billed in half-hour increments. *See* Record Document 845-1 at 15.

Plaintiffs may have worked for half an hour, an hour, etc. on certain tasks does not mean the Court should exclude that entry simply by virtue of it being in a half-hour interval. So long as Plaintiffs' time is reasonable, the expended time deserves compensation. Such is the case here. Therefore, this excessiveness objection has no merit.

Second, Defendants contend this Court should reduce all entries that exceed ten hours. *See* Record Document 845-1 at 8-9, 83-84. These entries charge for tasks such as site visits with experts, client interviews, drafting, mediations, deposition preparation, and hearing preparation. *See id.* at 83-84. The Court reviewed these entries and does not find them to be unreasonable or excessive. Given the length and complexity of this case, the distance between Plaintiffs' counsel and DWCC, and the exorbitant amount of discovery involved, this excessiveness objection likewise has no merit.

## 2. Block Billed Entries

"Block billing is a time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Glass v. U.S.*, 335 F. Supp. 2d 736, 739 (N.D. Tex. 2004) (quotation marks omitted), *amended in part on other grounds*, No. 00-CV-1543, 2004 WL 2189634 (N.D. Tex. Aug. 26, 2004). "Courts disfavor the practice of block billing because it impairs the required reasonableness evaluation [. . . because] the court cannot accurately determine the number of hours spent on any particular task. . . ." *U.S., ex rel., Cook-Reska v. Cmty. Health Sys., Inc.*, 641 F. App'x 396, 399 n.7 (5th Cir. 2016)

---

However, Bray's detailed time sheets do not solely include entries in half-hour increments. *See e.g.* Record Document 805-2 at 15 (including entries for .5, 2.1, .2, etc.).

(alterations in original) (quoting *Jane Roe/Rachel V. Rose v. BCE Tech. Corp.*, No. 12-CV-1621, 2014 WL 1322979, at *6 (S.D.Tex. Mar. 28, 2014)). Defendants contend Plaintiffs improperly block billed. *See* Record Document 845 at 25-26. In response, Plaintiffs excluded four entries but maintain further reductions are not warranted. *See* Record Document 855 at 7-8.

The block billing in this case prevents the Court from ascertaining the reasonableness of the identified entries. Some of these entries include a wide range of tasks, which makes it impossible for the Court to accurately determine how the time was allotted between those tasks and whether such allotment was reasonable. As such, this objection has merit, and the Court shall exclude the identified entries. *See* Record Document 845-1 at 8, 70-71. This exclusion results in an overall reduction of 107.91 hours (30.4 hours for Bray, 4.2 hours for Trunnell, 21.9 hours for Douglas, 13.6 hours for Emily Mueller ("Mueller"), .8 hours for Kellie "Plum" Birk ("Birk"), 1 hour for J. Dalton Courson ("Courson"), 7.33 hours for Bruce Hamilton ("Hamilton"), and 28.68 hours for Schwartzmann).

### 3. Clerical Entries

"A finding that some of the hours claimed were for clerical work may justify compensating those hours at a lower rate, and, in some circumstances, might justify a reduction in the number [of] compensable hours." *Cruz v. Hauck*, 762 F.2d 1230, 1235 (5th Cir. 1985). "Tasks that are purely clerical in nature include faxing, mailing, filing, and delivering legal documents." *Moore v. MW Servicing, L.L.C.*, No. 20-CV-217, 2024 WL 4986059, at *7 (E.D. La. Nov. 12, 2024), *report and recommendation adopted*, No. 20-

14

CV-217, 2024 WL 4979751 (E.D. La. Dec. 4, 2024). Additionally, courts have found that clerical tasks include "calendaring, organizing documents, . . . copying documents, [and] loading and organizing computer databases. . . ." *Jones v. Portfolio Recovery Assocs. LLC*, No. 16-CV-0572, 2020 WL 6480917, at *5 (W.D. Tex. Oct. 26, 2020) (quoting *Kimberly-Clark Corp. v. Factory Mut. Ins. Co.*, No. 305-CV-2097, 2008 WL 1958998, at *7 (N.D. Tex. Apr. 30, 2008)).

Defendants contend Plaintiffs improperly included entries for clerical work. *See* Record Document 845 at 22-23. While Defendants identify some specific entries, Defendants primarily direct the Court to a page number in Plaintiffs' time sheets and a corresponding category of clerical entries that may be found on that page. *See id.* The Court reminds Defendants it is not the Court's duty "to go through the record line-by-line to determine which fees a party objects to." *Krawietz*, 2019 WL 1112666, at *3 (internal marks omitted) (quoting *Melanie B.*, 2018 WL 2027745, at *13–14). Nevertheless, the Court has done its best to identify the pertinent entries. The identified entries charge for tasks such as downloading and saving documents, hardware setup and testing, "issues related to computer equipment,"[11] filing pleadings, calling the Court or "ECF help desk" about filing pleadings, organizing files for an expert, and marking items in a program referred to as Filemaker. Record Document 845 at 23 and 23 n.101.

The Court agrees entries for downloading and/or saving files, hardware setup and testing, "issues related to computer equipment," filing pleadings, and calling the Court or

---

[11] These entries primarily consist of preparing computers and setting up programs on those computers for volunteers to organize documents.

"ECF help desk" about filing pleadings are clerical tasks. *See e.g.*, *Casas v. Anthony Mech. Servs., Inc.*, No. 22-CV-037, 2023 WL 2727550, at *8 (N.D. Tex. Mar. 7, 2023) (excluding work for "filing, saving, and printing documents"), *aff'd sub nom. Casas v. Lickity Split Expediting, L.L.C.*, No. 23-10311, 2023 WL 8434174 (5th Cir. Dec. 5, 2023); *Ramirez v. Lewis Energy Grp., L.P.*, 197 F. Supp. 3d 952, 958 (S.D. Tex. 2016) (finding that "printing and saving documents" was clerical work); *Jones*, 2020 WL 6480917, at *5 (noting courts have excluded as clerical work entries for loading and organizing computer databases). Removing these clerical entries results in an overall reduction of 26.3 hours (19.4 hours for Bray,[12] 6.1 hours for Trunnell,[13] .3 hours for Ronald Lospennato ("Lospennato"),[14] and .5 hours for Douglas).[15]

Further, in reviewing the pages cited by Defendants, the Court identified entries that combine multiple discrete tasks, some of which were clerical.[16] *See e.g.* Record Document 805-2 at 75 ("Downloaded, saved, and broke out discovery productions . . ."),

---

[12] *See* Record Document 805-2 at 26 (.8 hours), 37 (.4 hours), 51 (.7 hours), 56 (1, .6, .8, and .3 hours), 60 (.2 hours), 62 (.4 hours), 72 (2.2 hours), 73 (.2 hours), 74 (.5, .5, .1, and .4 hours), 75 (.3 and .5 hours), 85 (.2 hours), 99 (.1, .3, and .2 hours), 100 (1.5 hours), 101 (.4 hours), 103 (.3 hours), 108 (.5 hours), 125 (1.5 hours), 131 (3.7 hours), 151 (.5 and .3 hours).

[13] *See id.* at 156 (.4 and .3 hours), 157 (.4 hours), 158 (.3 hours), 163 (.5 and 1.2 hours), 188 (.3 hours), 190 (.5 hours), 196 (.3 hours), 200 (1.3 hours), 201 (.4 hours), 211 (.2 hours).

[14] *See id.* at 255 (.1 hours), 264 (.2 hours).

[15] *See id.* at 230 (.5 hours).

[16] The Court confirmed none of these entries were included in the reduction for block billing completed *supra*.

99 ("Revising reply to MSJ 8th Amend for DWCC, pulling documents and cites. Made several attempts to file the MSJ, got the main pleading and 10 exhibits filed. . . . "), 201 ("Finalizing and filing reply brief re MtC"), 248 ("Start scanning and reviewing documents"). Because the Court cannot discern how much time was spent on each clerical task, the Court excluded these entries from Plaintiffs' fee request. *See MGMTL, LLC v. Strategic Tech. Inst., Inc.*, 776 F. Supp. 3d 419, 487 (E.D. La. 2025) ("Reduction is appropriate in the case of entries that mix legal and clerical work, such as 'finalize and file'. . . but leave the court 'without any way to disentangle legal from administrative work in these mixed time entries . . .'") (quoting *Richard v. St. Tammany Par. Sheriff's Dep't*, No. 17-CV-9703, 2022 WL 4534728, at *8 (E.D. La. Sept. 28, 2022)). This exclusion results in an overall reduction of 59.3 hours (23.6 hours for Bray,[17] 32.2 hours for Trunnell,[18] and 3.5 hours for Lospennato).[19]

The remaining "clerical" tasks identified by Defendants are legal in nature. Specifically, the entries related to organizing files for an expert and marking items in a computer program are not clerical in this case. The Court agrees with Plaintiffs that the identified work is "actually legal work appropriately conducted by an attorney since [Bray] spent considerable time determining which documents . . . were responsive . . . or relevant." Record Document 855 at 8 n.6. While organizing files may traditionally be

---

[17] *See* Record Document 805-2 at 73 (1.6 hours), 74 (1.8 hours), 75 (1.3 hours), 76 (1.4 hours), 99 (17.5 hours).

[18] *See id.* at 155 (6.9 hours), 158 (5.9 and 6.2 hours), 163 (1.7 hours), 169 (2.1 hours), 188 (2.7 and .8 hours), 190 (.9 hours), 201 (4.2 and .8 hours).

[19] *See id.* at 248 (1 and 2.5 hours).

considered clerical, here, the organization requires legal knowledge. Because these tasks are not clerical, reductions are not warranted on this basis.

### 4. Vague Entries

Defendants contend Plaintiffs improperly included vague entries. *See* Record Document 845 at 26-28. In response, Plaintiffs removed the identified entries. *See* Record Document 855 at 9 n.7. Because Plaintiffs redressed this objection, the Court finds no further reductions warranted. These entries account for 166.40 hours overall (32 hours for Bray, 43.4 hours for Trunnell, 8.1 hours for Douglas, .5 hours for Lospennato, 2.1 hours for Mueller, 6.3 hours for Birk, 1.8 hours for Courson, 10.46 hours for Hamilton, 53.74 hours for Schwartzmann, 1.5 hours for Elena Malik ("Malik"), and 6.5 hours for Nishi Kumar ("Kumar")).

### 5. Incomplete Entries

Defendants contend Plaintiffs improperly included incomplete entries. *See* Record Document 845-1 at 8. In response, Plaintiffs removed the identified entries. *See* Record Document 855 at 9 n.7. Because Plaintiffs redressed this objection, the Court finds no further reductions warranted. These entries account for 169.44 hours overall (.7 hours for Bray, .3 hours for Courson, and 168.44 hours for Hamilton).

### 6. Summary of Court Findings

In sum, Plaintiffs seek compensation for 21,969.42 hours.[20] The Court reduced that fee request by 565.05 hours by removing duplicative entries (35.7 hours), block

---

[20] The Court reached this total by adding the hours in the corrected table to the hours requested in the supplemental motion. *See* Record Documents 855-1 at 1 & 842 at 6. The Court notes a small discrepancy in Plaintiffs' corrected table in Record Document

billed entries (107.91 hours), clerical entries (26.3 hours), mixed clerical and legal entries (59.3 hours), vague entries (166.40 hours), and incomplete entries (169.44 hours). This reduction results in a fee request for 21,404.37 hours. These hours are reasonable and reasonably expended.

### iii. Lodestar

As explained *supra*, the lodestar is "equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Combs*, 829 F.3d at 392 (quotation marks omitted). Here, the Court has found Plaintiffs' requested rates are reasonable. The Court has further reduced Plaintiffs' requested hours to 21,404.37 hours to account for duplicative and excessive entries, blocked billed entries, clerical entries, mixed clerical and legal entries, vague entries, and incomplete entries. Those findings result in a lodestar of $6,313,505.20. The calculation is broken down as follows:

| TIMEKEEPER | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Melanie Bray | 5,690.60[21] | $300 | $1,707,180 |
| J. Dalton Courson | 1,236.95[22] | $400 | $494,780 |

---

855-1 at 1. This table sums the total hours sought in the original motion as 21,410.78. *See id.* However, when the numbers in that column are added together, the total is 21,410.97 hours. Adding those hours (21,410.97) to the supplemental hours (558.45) sums 21,969.42 hours.

[21] Plaintiffs originally requested 5,805.20 hours for Bray. *See* Record Documents 855-1 at 3 (5,740.65 hours) & 842-6 at 4 (64.55 hours). The Court reduced 114.60 hours from that request.

[22] Plaintiffs requested 1,240.05 hours for Courson. *See* Record Documents 855-1 at 3 (1,172.50) & 842-5 at 4 (67.55 hours). The Court reduced 3.1 hours from that request.

| | | | |
|---|---|---|---|
| Jonathan Trunnell | 4,929.70[23] | $300 | $1,478,910 |
| Emma Douglas | 2,013.15[24] | $250 | $503,287.50 |
| Sarah Voigt | 248.38[25] | $400 | $99,352 |
| Emily Mueller | 893.30[26] | $225 | $200,992.50 |
| Ronald Lospennato | 546.65[27] | $400 | $218,660 |
| Katie Schwartzmann | 2,528.58[28] | $400 | $1,011,432 |
| Bruce Hamilton | 247.79[29] | $400 | $99,116 |
| Robert Cobbs | 162.25[30] | $400 | $64,900 |
| Jamila Johnson | 102.44[31] | $400 | $40,976 |
| Elena Malik | 120.68[32] | $250 | $30,170 |
| Rebecca Ramaswamy | 26.80[33] | $300 | $8,040 |

---

[23] Plaintiffs requested 5,023.80 hours for Trunnell. *See id.* The Court reduced 94.1 hours from that request.

[24] Plaintiffs requested 2,047.65 hours for Douglas. *See id.* The Court reduced 34.5 hours from that request.

[25] Plaintiffs requested 252.38 hours for Voigt. *See id.* The Court reduced 4 hours from that request.

[26] Plaintiffs requested 909 hours for Mueller. *See id.* The Court reduced 15.7 hours from that request.

[27] Plaintiffs requested 550.95 hours for Lospennato. *See id.* The Court reduced 4.3 hours from that request.

[28] Plaintiffs requested 2,622 hours for Schwartzmann. *See id.* The Court reduced 93.42 hours from that request.

[29] Plaintiffs requested 434.02 hours for Hamilton. *See id.* The Court reduced 186.23 hours from that request.

[30] Plaintiffs requested 162.25 hours for Robert Cobbs. *See id.* The Court made no reductions to that request.

[31] Plaintiffs requested 102.44 hours for Jamila Johnson. *See* Record Document 855-1 at 3. The Court made no reductions to that request.

[32] Plaintiffs requested 122.18 hours for Malik. *See id.* The Court reduced 1.5 hours from that request.

[33] Plaintiffs requested 26.8 hours for Rebecca Ramaswamy. *See id.* The Court made no reductions to that request.

| Nishi Kumar | 220.30[34] | $300 | $66,090 |
| Samantha Balsalavage | 134.00[35] | $250 | $33,500 |
| John Adcock | 25.40[36] | $400 | $10,160 |
| Others | 2,277.40[37] | $108 | $245,959.20 |
| **TOTALS** | 21,404.37 | | $6,313,505.20 |

### B. *Johnson* **Factors**

The calculated lodestar is presumed to be reasonable. *See Combs*, 829 F.3d at 392. Having calculated the lodestar, the Court must now determine whether an adjustment to the lodestar is warranted. *Johnson* sets forth twelve factors that may warrant a departure: (1) "[t]he time and labor required," (2) "[t]he novelty and difficulty of the questions," (3) "[t]he skill requisite to perform the legal service properly," (4) "[t]he preclusion of other employment by the attorney due to acceptance of the case," (5) "[t]he customary fee," (6) "[w]hether the fee is fixed or contingent," (7) "[t]ime limitations imposed by the client or the circumstances," (8) "[t]he amount involved and the results obtained," (9) "[t]he experience, reputation, and ability of the attorneys," (10) "[t]he

---

[34] Plaintiffs requested 226.8 hours for Kumar. *See id.* The Court reduced 6.5 hours from that request for vague entries.

[35] Plaintiffs requested 134 hours for Samantha Balsalavage. *See id.* The Court made no reductions to that request.

[36] As explained *supra*, the Court did not consider the additional 45.9 hours sought by Adcock in the reply. The Court made no reductions to Adcock's original request for 25.40 hours. *See* Record Document 842-7 at 5.

[37] Plaintiffs requested 2,284.50 hours for other team members, including Birk. *See* Record Documents 855-1 at 3 (1,883.55 hours) & 842-6 at 23 (400.95 hours). The Court reduced 7.1 hours from that request.

'undesirability' of the case," (11) "[t]he nature and length of the professional relationship with the client," and (12) "[a]wards in similar cases." *Johnson*, 488 F.2d at 717-19.

Plaintiffs seek an upward adjustment based on the *Johnson* factors. *See* Record Document 842 at 27-35. Defendants seek a downward adjustment based on the *Johnson* factors. *See* Record Document 845 at 28-29. The Court has considered the parties' arguments and ultimately finds no adjustment warranted. An attorneys' fee award of $6,313,505.20 in this case is reasonable.

## II.   Costs

Finally, the Court turns to Plaintiffs' request for costs pursuant to 42 U.S.C. § 1988(b), 42 U.S.C. § 12205, and Federal Rules of Civil Procedure 23(h)(1) and 54(d)(1). *See* Record Document 805-1 at 35-36. "Rule 54(d) of the Federal Rules of Civil Procedure provides for an award of costs to the prevailing party unless the court otherwise directs. . . . 28 U.S.C. § 1920 defines recoverable costs." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) (quotation marks omitted), *opinion reinstated in part on reh'g*, 61 F.3d 1113 (5th Cir. 1995). "A court may award only those costs specified in [§] 1920 unless there is explicit statutory or contractual authority to the contrary." *Gilmore v. Elmwood S., L.L.C.*, No. 13-CV-37, 2015 WL 1245770, at *6 (E.D. La. Mar. 18, 2015). 42 U.S.C. § 1988(b) provides for the recovery of "[a]ll reasonable out-of-pocket expenses . . . because they are part of the costs normally charged to a fee-paying client." *Associated Builders & Contractors of La., Inc. v. Orleans Par. Sch. Bd.*, 919 F.2d 374, 380 (5th Cir. 1990). 42 U.S.C. § 12205 "allows for possible recovery of both costs, which the courts generally interpret to mean only those costs permitted by 28 U.S.C. § 1920, and litigation

expenses." *Gilmore v. Audubon Nature Inst., Inc.*, 353 F. Supp. 3d 499, 516 (E.D. La. 2018) (internal marks omitted).

In the instant motion, Plaintiffs request $540,010.98 in costs.[38] These costs include (1) $44,361.23 for transcripts and deposition fees; (2) $419,495.02 for expert costs; (3) $33,644.24 for hotels, per diem, meals, fuel, and car rentals; (4) $1,995.92 for postage and document delivery to the court; (5) $26,496.10 for data processing and data entry services for discovery review; (6) $10,598.59 for copies necessarily obtained for the case; (7) $2,850.48 for postage costs to maintain communication with class members; and (8) $72.70 for PACER fees to "access documents necessary to drafting the motion for fees." Record Documents 805-1 at 36, 842 at 7, & 842-7 at 5. Additionally, Plaintiffs request compensation for necessary costs incurred by the Promise of Justice Initiative ("PJI"): $469.00 for fuel, lodging, per diem costs, parking, and travel costs; $20.00 for research and records retrieval and review; and $7.70 for postage and printing. *See* Record

---

[38] In Plaintiffs' supplemental motion, they state they are requesting $542,630.41 in costs. *See* Record Document 842 at 2. This sum appears to result from a discrepancy in Plaintiffs' original motion. In the motion itself, Plaintiffs request $539,707.23. *See* Record Document 805 at 1. However, in the memorandum in support, Plaintiffs request $537,087.80. *See* Record Document 805-1 at 5, 36-37. Bray's accompanying declaration also calculates the costs to be $537,087.80. *See* Record Document 805-2 at 12. The itemized costs added together total $537,087.80, so the Court used this total. When the additional $2,923.18 sought in the supplemental motion, *see* Record Document 842 at 7, is added to the correct total of $537,087.80, the total sought overall is actually $540,010.98.

Documents 805-1 at 36 & 805-10 at 2. Defendants have not opposed Plaintiffs' request for costs.[39] The Court ultimately finds Plaintiffs' costs are recoverable.

To begin, Plaintiffs include transcripts, deposition fees, and copies in their bill of costs under 28 U.S.C. § 1920. *See* Record Document 805-1 at 36. 28 U.S.C. § 1920 defines as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. §§ 1920(2), (4). Bray attests these costs "were necessarily incurred in the case." Record Document 805-2 at 12. The Court has independently reviewed the records and agrees the transcripts, deposition fees, and copies were necessarily obtained for use in the case and thus may properly be taxed as costs under 28 U.S.C. § 1920.

Plaintiffs' remaining costs are compensable under 42 U.S.C. § 1988 or 42 U.S.C. § 12205. Expert fees are compensable under 42 U.S.C. § 12205.[40] *See Jones v. White*, No. 3-CV-2286, 2007 WL 2427976, at *8 (S.D. Tex. Aug. 22, 2007 (awarding expert witness fees under 42 U.S.C. § 12205); *Audubon Nature Inst., Inc.*, 353 F. Supp. 3d at 517 (awarding only necessarily incurred, reasonable expert fees under 42 U.S.C. § 12205); *Elmwood S., L.L.C.*, 2015 WL 1245770, at *7 (awarding expert fees under 42 U.S.C. § 12205).

---

[39] Defendants maintain Plaintiffs are not prevailing parties, the motion is premature, and the fees are objectionable on multiple grounds. *See* Record Document 842. However, Defendants lodge no specific objections to Plaintiffs' costs request.

[40] The Court finds the ADA claim is so intertwined with Plaintiffs' remaining claims that the expert fees are not separable.

Further, the requested compensation for postage, document delivery, data processing and data entry for discovery review, research, records retrieval and review, printing, and PACER fees are compensable under 42 U.S.C. § 1988. Such costs are akin to "reasonable out-of-pocket expenses" that are "part of the costs normally charged to a fee-paying client." *Associated Builders & Contractors of La., Inc.*, 919 F.2d at 380. *See e.g. Gros v. New Orleans City*, No. 12-CV-2322, 2014 WL 3894371, at *5 (E.D. La. Aug. 8, 2014) (awarding costs for travel under 42 U.S.C. § 1988); *Miller v. Carson*, 628 F.2d 346, 349 (5th Cir. 1980) (finding no abuse of discretion in the district court's decision to award postage costs under 42 U.S.C. § 1988); *Hernandez v. Poveda*, No. 18-CV-2856, 2024 WL 4370975, *3, *6-7 (S.D. Tex. Sept. 30, 2024), *aff'd*, No. 24-20492, 2025 WL 2206973 (5th Cir. Aug. 4, 2025) (awarding costs for "research expenses, court costs, and service fees" under 42 U.S.C. § 1920 and 42 U.S.C. § 1988); *Hannon v. Nevitt*, No. 9-CV-66, 2013 WL 12290978, at *14-15 (N.D. Tex. Mar. 14, 2013) (finding that "submitted costs for legal research" and costs for "courier and delivery" were compensable under 42 U.S.C. § 1988).

Plaintiffs have properly supported their request for costs. *See* Record Documents 805-2 at 12, 805-10 at 2, 805-15, 805-16, 842-6, & 842-7. Defendants do not object to those costs. The Court, having conducted an independent review of Plaintiffs' cost request, finds these costs were reasonable and necessarily incurred. This is especially so given the complexity, length, and nature of this case. As such, an award of costs of $540,010.98 is proper.

## **Conclusion**

For the reasons assigned herein, **IT IS ORDERED** that Plaintiffs' motions for attorney fees [Record Documents 805 & 842] are **GRANTED**. In the interest of judicial efficiency and in light of the unusual procedural posture of this case as described *supra*, the Court makes a binding calculation of the attorneys' fees and costs. The Court finds fees of $6,313,505.20 and costs of $540,010.98 are reasonable for Plaintiffs' work from January 19, 2016, to June 24, 2025.

**IT IS FURTHER ORDERED** that the award of attorneys' fees and costs is **STAYED** until the resolution of Defendants' pending appeal. The award shall remain stayed until such time as the Court deems appropriate and upon motion of a party.

**THUS DONE AND SIGNED** this 11th day of September, 2025.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE